SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
THOMAS FOWLER (*pro hac vice* forthcoming)
(tfowler@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:     (617) 994-5801

*Attorneys for Plaintiff Eitan Adler on behalf of himself and all others similarly situated*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| EITAN ADLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC. and X CORP.,<br><br>Defendants. | Case No. 3:23-cv-01788<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND**<br><br>1. VIOLATION OF WARN ACT (29 U.S.C. §§ 2101 *ET SEQ.*)<br>2. VIOLATION OF CALIFORNIA WARN ACT (CAL. LAB. CODE §§ 1400 *ET SEQ.*)<br>3. FAILURE TO PAY ALL WAGES AND BENEFITS IMMEDIATELY UPON TERMINATION (CAL. LAB. CODE §§ 201, 203 AND 227.3)<br>4. PRIVATE ATTORNEYS GENERAL ACT (PAGA) CLAIM FOR CIVIL PENALTIES (CAL. LAB. CODE §§ 2698 *ET SEQ.*) |

## I. INTRODUCTION

1. Plaintiff Eitan Adler files this Class Action Complaint against Defendant Twitter, Inc. ("Twitter"), on his own behalf and on behalf of other Twitter employees, challenging the company's violation of the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act"), and the California WARN Act, Cal. Lab. Code § 1400 *et seq.* (the "California WARN Act"), as well as failure to provide employees' final pay and benefits on the same day that they were terminated, in violation of the California Labor Code §§ 201, 203, and 227.3. Additionally, Plaintiff brings a claim pursuant to the Private Attorneys General Act ("PAGA"), Cal. Lab. Code §§ 2698 *et seq.*, on behalf of the state of California and all other similarly situated aggrieved employees in California.

2. Multi-billionaire Elon Musk purchased Twitter in late October 2022 and immediately began laying off more than half its workforce. As of today, more than 75% of Twitter employees have been laid off. While Twitter provided the required notice under the federal and California WARN Acts to many of the employees it was laying off, it did not provide notice to numerous others, including Plaintiff (who was laid off in November 2022). Those employees who did not receive the required advance notice of their layoffs also did not receive their full final pay, benefits, and expense reimbursement the same day that they were terminated, as required by California law.

## II. PARTIES

3. Plaintiff Eitan Adler is an adult resident of San Francisco, California, where he worked for Twitter from June 2015 until his layoff in November 2022.

4. Plaintiff brings this lawsuit as a Rule 23 class action on behalf of all affected Twitter employees across the United States who have lost their jobs as a result of Twitter's mass layoffs and did not receive notice as required by the federal WARN Act.

5. Plaintiff also brings this lawsuit as a Rule 23 class action on behalf of all affected Twitter employees in California who have lost their jobs as a result of Twitter's mass layoffs and did not receive notice as required by the California WARN Act and/or who did not receive their full final pay, benefits, and expense reimbursement the same day that they were terminated.

6. Defendant Twitter, Inc. ("Twitter") is a Delaware corporation, headquartered in San Francisco, California.

7. Defendant X Corp. is a Nevada corporation, headquartered in San Francisco, California.

8. In or about March 2023, Twitter merged with X Corp., and as a result Twitter and X Corp. are a single entity. X Corp. has successor liability for Twitter's unlawful acts. Defendants are collectively referred to herein as "Twitter".

### III. JURISDICTION

9. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

10. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims, because those claims derive from a common nucleus of operative facts with Plaintiff's federal claims.

11. This Court has personal jurisdiction over Defendants, as they are headquartered in this District and conduct substantial business operations in this District.

### IV. STATEMENT OF FACTS

12. Twitter is a social media company that previously employed thousands of people across the United States.

13. In April 2022, it was announced that multi-billionaire Elon Musk would be purchasing the company.

14. Following Elon Musk's purchase of Twitter in late October 2022, Musk immediately began a mass layoff that has affected well more than half of Twitter's workforce. See Kate Conger, Ryan Mac, and Mike Isaac, Confusion and Frustration Reign as Elon Musk Cuts Half of Twitter's Staff, NEW YORK TIMES (November 4, 2022), https://www.nytimes.com/2022/11/04/technology/elon-musk-twitter-layoffs.html; Kate Conger, Ryan Mac, and Mike Isaac, In Latest Round of Job Cuts, Twitter is said to Layoff at Least 200 Employees, NEW YORK TIMES (February 26, 2023), https://www.nytimes.com/2023/02/26/technology/twitter-layoffs.html; Ryan Morrison, Twitter 'lays off 10% of its global workforce' in Elon Musk's latest job cuts, TECHMONITOR (February 27, 2023, updated March 9, 2023) ("The Company's headcount is down 75%."), https://techmonitor.ai/policy/digital-economy/twitter-job-cuts-elon-musk.

15. Twitter did not give 60 days' advance written notice to all employees who were being laid off, as required by the federal WARN Act, and for employees in California, the California WARN Act. Nor were all affected employees given pay in substitution for federal or California or WARN Act notice.

16. For example, Plaintiff was laid off on November 15, 2022. He did not receive 60 days' advance written notice required by the federal WARN Act and the California WARN Act. Nor did he receive pay in lieu of notice.

17. For employees who were not given advance notice of their layoff, including Plaintiff, Twitter also did not provide full final pay, benefits, and expense reimbursement on their last day of employment, as required by the California Labor Code.

## COUNT I
### Federal WARN Act

Plaintiff and other employees have been entitled to the rights, protections, and benefits provided under the federal WARN Act, 29 U.S.C. § 2101 et. seq. 24. Twitter was, and is, subject to the notice and back pay requirements of the federal WARN Act because Twitter is a business enterprise that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(1)(A) and(B).  Since Elon Musk's purchase of the company, Twitter has engaged in conducting mass layoffs but has not provided all affected employees with the required notice under the federal WARN Act.

## COUNT II
### California WARN Act

Plaintiff and other employees who have worked for Twitter out of California have been entitled to the rights, protections, and benefits provided under the California WARN Act, Cal. Lab. Code § 1400 *et seq.* Twitter was, and is, subject to the notice and back pay requirements of the California WARN Act because Twitter is a business enterprise that employed 75 or more employees, as defined in the California WARN Act, Cal. Lab. Code § 1400(a). Since Elon Musk's purchase of the company, Twitter has engaged in conducting mass layoffs but has not provided all affected employees in California with the required notice under the California WARN Act.

## COUNT III
### Failure to Provide All Final Pay and Accrued Benefits Immediately Upon Termination
### California Labor Code §§ 201, 203, 227.3

Plaintiff and other employees who have worked for Twitter out of California and who were laid off or otherwise terminated were entitled to immediate receipt of their full final pay, accrued benefits, and expense reimbursement, pursuant to Cal. Lab. Code §§ 201, 203, and 227.3. Twitter did not provide all terminated employees with their full final pay, accrued benefits, and expense reimbursement immediately upon termination as required by California law.

## COUNT IV
### Penalties Pursuant to Private Attorneys General Act of 2004
### Cal. Lab. Code §§ 2698 *et seq.*

Plaintiff is an aggrieved employee as defined by Cal. Lab. Code § 2699(c) as he was employed by Twitter during the applicable statutory period and suffered injury as a result of Twitter's Labor Code violations alleged in Counts II and III above. Accordingly, Plaintiff seeks to recover on behalf of the State of California, as well as himself and other current and former aggrieved employees who have worked for Twitter out of California, the civil penalties provided by PAGA, plus reasonable attorneys' fees and costs.

Plaintiff complied with the notice requirement of Cal. Lab. Code § 2699.3 and served a written notice to the LWDA through its website's online filing portal and on Twitter via certified mail on February 2, 2022. It has been sixty-five (65) days or more since the LWDA was notified of the Labor Code violations asserted in this complaint, and the LWDA has not provided any notice that it will or will not investigate the alleged violations.

## JURY DEMAND

Plaintiff requests a trial by jury on these claims.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

a. Declare and find that the Defendants have violated the federal WARN Act, 29 U.S.C. § 2101 *et seq.* and the California WARN Act, Cal. Lab. Code §§ 1400 *et seq.*;

b. Declare and find that the Defendants have violated the California Labor code §§ 201, 203, and 227.3;

c. Enter Judgment in Plaintiff's favor on the PAGA claim pursuant to Cal. Lab. Code § 2699(c);

d. Certify this case as a class action;

e. Award compensatory damages and applicable penalties, in an amount according to proof;

f. Award pre- and post-judgment interest;

g. Award reasonable attorneys' fees, costs, and expenses; and

h. Award any other relief to which the Plaintiff and other Twitter employees may be entitled.

Respectfully submitted,

EITAN ADLER, on behalf of himself and all others similarly situated,

By his attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
Thomas Fowler (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com; tfowler@llrlaw.com

Dated:           April 13, 2023