MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:     +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:     +1.650.843.4000
Fax:     +1.650.843.4001

Attorneys for Defendants
TWITTER, INC. and X CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EITAN ADLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TWITTER, INC. and X CORP.,<br><br>Defendants. | Case No. 3:23-CV-01788-JD<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant X Corp., on its own behalf and as successor in interest to Defendant Twitter, Inc. (hereinafter "Defendants") hereby answer the allegations in the numbered Paragraphs in Plaintiff Eitan Adler's ("Plaintiff") unverified Complaint ("Complaint") as follows:

**<u>INTRODUCTION</u>**

1.      Defendants admit that the Complaint purports to allege putative class action claims against Defendants for alleged violations of the federal Worker Adjustment and Retraining

1 | Notification ("WARN") Act, the California WARN Act, and California Labor Code §§ 201, 203,

2 | and 227.3, as well as a claim under the Private Attorneys General Act ("PAGA").  Defendants

3 | deny all remaining allegations contained in Paragraph 1 of the Complaint.

4 | 2. Defendants admit that Twitter was acquired in late October 2022.  Defendants

5 | admit that following the acquisition Twitter conducted reductions in force.  Defendants admit that

6 | Twitter provided timely and compliant notice in accord with the federal WARN Act and

7 | California WARN Act to all employees laid off as a result of the reductions in force. Defendants

8 | contend that the remaining allegations contained in Paragraph 2 of the Complaint constitute

9 | conclusions of law and/or legal arguments and that no admission or denial is therefore necessary.

10 | To the extent that a response is required, Defendants deny all remaining allegations contained in

11 | Paragraph 2 of the Complaint.

12 | **PARTIES**

13 | 3. Defendants lack sufficient information to admit or deny whether Plaintiff is

14 | currently an adult resident of San Francisco, California.  Defendants admit that Plaintiff was

15 | employed by Twitter from approximately June 2015 until November 2022.  Defendants deny all

16 | remaining allegations contained in Paragraph 3 of the Complaint.

17 | 4. Defendants contend that the allegations contained in Paragraph 4 of the Complaint

18 | constitute conclusions of law and/or legal arguments and that no admission or denial is therefore

19 | necessary.  To the extent that a response is required, Defendants deny all allegations contained in

20 | Paragraph 4 of the Complaint.

21 | 5. Defendants contend that the allegations contained in Paragraph 5 of the Complaint

22 | constitute conclusions of law and/or legal arguments and that no admission or denial is therefore

23 | necessary.  To the extent that a response is required, Defendants deny all allegations contained in

24 | Paragraph 5 of the Complaint.

25 | 6. Defendants admit that Twitter is headquartered in San Francisco, California.

26 | Defendants deny all allegations contained in Paragraph 6 of the Complaint.

27 | 7. Defendants admit that X Corp. is a Nevada corporation. Defendants deny all

28 | allegations contained in Paragraph 7 of the Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:23-CV-01788-JD

8.      Defendants contend that the allegations contained in Paragraph 8 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary.  To the extent a response is required, Defendants deny all allegations contained in Paragraph 8 of the Complaint.

## JURISDICTION

9.      Defendants admit that this Court has jurisdiction over this proceeding.

10.     Defendants contend that the allegations contained in Paragraph 10 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary.  To the extent a response is required, Defendants deny all allegations contained in Paragraph 10 of the Complaint.

11.     Defendants admit that this Court has personal jurisdiction over Defendants.

## STATEMENT OF FACTS

12.     Defendants admit that Twitter is a social media company. Defendants admit that at certain time periods Twitter has employed thousands of employees in the United States. Defendants deny all remaining allegations contained in Paragraph 12 of the Complaint.

13.     Defendants admit that in April 2022 Twitter announced that it had entered into an agreement to be acquired. Defendants deny all remaining allegations contained in Paragraph 13 of the Complaint.

14.     Defendants admit that Twitter was acquired in late October 2022.  Defendants admit that following the acquisition Twitter conducted reductions in force.  Defendants deny all remaining allegations contained in Paragraph 14 of the Complaint.

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint.

## COUNT I
### Federal WARN Act

Defendants contend that the allegations contained in Count I of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:23-CV-01788-JD

To the extent a response is required, Defendants deny all allegations contained in Count I of the Complaint

## COUNT II
### California WARN Act

Defendants contend that the allegations contained in Count II of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Defendants deny all allegations contained in Count II of the Complaint

## COUNT III
### Failure to Provide All Final Pay and Accrued Benefits Immediately Upon Termination
### California Labor Code §§ 201, 203, 227.3

Defendants contend that the allegations contained in Count III of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Defendants deny all allegations contained in Count III of the Complaint

## COUNT IV
### Penalties Pursuant to Private Attorneys General Act of 2004
### Cal. Lab. Code §§ 2698 *et seq.*

Defendants contend that the allegations contained in Count IV of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Defendants deny all allegations contained in Count IV of the Complaint

## DEMAND FOR A JURY TRIAL

Defendants contend that Plaintiff's demand for a jury trial constitutes a conclusion of law and/or legal argument and that no admission or denial is therefore necessary with regard to any conclusions of law and/or legal arguments. To the extent that a response is required, Defendants deny that Plaintiff is entitled to a jury trial on some or all of his claims.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff and the putative class are entitled to any relief whatsoever, and further deny each and every one of the allegations and statements contained in the Prayer For Relief section of the Complaint. Defendants deny all allegations in the Complaint not specifically admitted in this Answer.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:23-CV-01788-JD

**DEFENSES**

Defendants have not completed their investigation of the facts of this case, have not completed discovery, and have not completed their preparation for trial.  The defenses asserted herein are based on Defendants' present knowledge, information, and belief, and Defendants specifically reserve the right to modify, amend, or supplement any defense contained herein at any time.  In addition, Defendants presently have insufficient knowledge or information as to whether they may have additional, yet unasserted, defenses.  Defendants therefore expressly reserve the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.  Without conceding that Defendants bear the burden of proof or persuasion as to any one of these defenses, Defendants assert the following separate and independent defenses to the claims in the Complaint:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.      The Complaint and each alleged claim therein fails to state a claim upon which relief can be granted against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

2.      Plaintiff's claims and the claims of some or all of the putative class members are barred in whole or in part by all applicable statutes of limitations, including, but not limited to California Code of Civil Procedure Sections 338(a), and 340, California Labor Code § 203(b), and California Civil Code § 340(a).

**THIRD AFFIRMATIVE DEFENSE**

**(*De Minimis*)**

3.      Plaintiff's claims and the claims of putative class members are barred, in whole or in part, by the *de minimis* doctrine.

**FOURTH AFFIRMATIVE DEFENSE**

**(Substantial Compliance)**

4.      Plaintiff's claims and the claims of putative class members are barred, in whole or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:23-CV-01788-JD

1  in part, because Defendants complied in full with their statutory obligations, if any, and to the

2  extent it is determined that there was non-compliance, Defendants substantially complied with

3  their obligations.

### FIFTH AFFIRMATIVE DEFENSE

**(Collateral Estoppel / Res Judicata)**

5.     Plaintiff's claims and the claims of putative class members may be barred, in

whole or in part, by the doctrine of collateral estoppel and/or *res judicata*.

### SIXTH AFFIRMATIVE DEFENSE

**(One Satisfaction)**

6.     Plaintiff and the putative class members cannot properly recover damages under

multiple or different theories or causes of action for the same or similar alleged

acts/conduct/omissions.

### SEVENTH AFFIRMATIVE DEFENSE

**(Unforeseeable Business Circumstances)**

7.     Defendants' conduct did not violate the WARN Act or the California WARN Act

because any layoffs were caused by business circumstances that were not reasonably foreseeable

as of the time that any notice would have been required.

### EIGHTH AFFIRMATIVE DEFENSE

**(Privileged Conduct)**

8.     Defendants are not responsible for Plaintiff's or any putative class member's

alleged harm and damages, if any, because Defendants' conduct was permissible and privileged.

### NINTH AFFIRMATIVE DEFENSE

**(Failure to Exhaust Statutory / Administrative / Contractual Requirements)**

9.     Plaintiff's claims and the claims of putative class members are barred, in whole or

in part, to the extent Plaintiff failed to satisfy the statutory prerequisites to suit, and/or failed to

timely and/or properly exhaust administrative and/or contractual remedies including with the

appropriate administrative agencies of the State of California and of the United States, as required

by the California Labor Code.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:23-CV-01788-JD

**TENTH AFFIRMATIVE DEFENSE**

**(No Damages or Injury)**

10.     Plaintiff and the putative class members' claims are barred, in whole or in part, because they have not suffered any damage or injury by any acts, events or occurrences alleged in the Complaint, whether or not attributable to Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Setoff and Recoupment)**

11.     Defendants deny that they acted unlawfully or improperly toward Plaintiff or any putative class member sought to be represented.  However, with regard to any potential award to Plaintiff or to any putative class member sought to be represented for alleged unpaid wages, expenses, or penalties based thereon, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all payments to Plaintiffs and/or any putative class member sought to be represented, and/or all obligations of Plaintiff or any putative class member sought to be represented, owed to Defendants against any judgment that may be entered against Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

12.     Plaintiff's claims and the claims of the putative class members are barred in whole or in part by the doctrine of estoppel.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

13.     Plaintiff's claims and the claims of the putative class members are barred in whole or in part by the doctrine of laches.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

14.     Plaintiff's equitable claims and the claims of the putative class members are barred, in whole or in part, by the doctrine of unclean hands.

/ / /

/ / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:23-CV-01788-JD

1

### FIFTEENTH AFFIRMATIVE DEFENSE

2

**(Accord and Satisfaction)**

3

  15. Plaintiff's claims and the claims of putative class members are barred in whole or in

4

part by the doctrine of accord and satisfaction, and payment.

5

### SIXTEENTH AFFIRMATIVE DEFENSE

6

**(Release and/or Waiver)**

7

  16. Plaintiff's claims and the claims of some or all of the putative class members are

8

barred, in whole or in part, to the extent that such claims have been waived, released, discharged,

9

and/or abandoned.

10

### SEVENTEENTH AFFIRMATIVE DEFENSE

11

**(Lack of Standing)**

12

  17. The Complaint, and each purported claim for relief alleged, is barred for lack of

13

subject matter jurisdiction to the extent Plaintiff and/or alleged members of the putative class

14

action lack standing to bring claims, either in an individual or class capacity.

15

### EIGHTEENTH AFFIRMATIVE DEFENSE

16

**(Uncertainty)**

17

  18. Plaintiff's claims and the claims of the putative class members are barred in whole

18

or in part, because the Complaint is uncertain in that the purported class definition(s) are vague

19

and ambiguous and conclusory and uncertain.

20

### NINETEENTH AFFIRMATIVE DEFENSE

21

**(No Ascertainable Class)**

22

  19. The purported class action that Plaintiff purports to represent, the existence of

23

which are expressly denied, are not ascertainable and, thus, no well-defined community of

24

interest exists among the purported members.

25

### TWENTIETH AFFIRMATIVE DEFENSE

26

**(Class Action Not Superior Method of Adjudication)**

27

  20. The alleged claims are barred, in whole or in part, from proceeding as a class

28

action, because a class action is not a superior method for adjudicating this dispute.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:23-CV-01788-JD

1

## **TWENTY-FIRST AFFIRMATIVE DEFENSE**

2

### **(Excessive Fines)**

3     21.     Defendants deny that Plaintiff or any putative class member can recover penalties in

4 this lawsuit, if and to the extent any penalties can be recovered, such penalties would be

5 unconstitutional under the excessive fines clause of the Eight Amendment of the United States

6 Constitution and the excessive fines clause of Section 17 of Article 1 of the California Constitution.

7

## **TWENTY-SECOND AFFIRMATIVE DEFENSE**

8

### **(No Willful Violation – Reasonable, *Bona Fide* and Good Faith Belief)**

9     22.     If Defendants are found to have failed to pay Plaintiff and/or any putative member of

10 the purported class any amount due, which allegations Defendants expressly deny, then Defendants

11 acted, at all relevant times, on the basis of an objectively and subjectively *bona fide*, good faith and

12 reasonable belief that they had complied fully with all applicable California wage and hour laws.

13 Consequently, Defendants' conduct was not willful within the meaning of the California Labor Code,

14 and Defendants cannot be held liable for purported statutory and/or civil penalties.

15

## **TWENTY-THIRD AFFIRMATIVE DEFENSE**

16

### **(Fault of Others/Comparative Fault)**

17     23.     Plaintiff's claims and the claims of putative class action members are barred because

18 any damages, losses or liability that Plaintiff has alleged, if they exist at all, were proximately caused

19 or contributed to by the conduct of or attributable to others, not Defendants.

20

## **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

21

### **(Not Appropriate for Class Action)**

22     24.     The Complaint, and each purported claim for relief alleged, is not proper for

23 treatment as a class action because, among other reasons:  (a) Plaintiff is an inadequate

24 representative of the purported class; (b) Plaintiff cannot establish commonality of claims;

25 (c) Plaintiff cannot establish typicality of claims; (d) Plaintiff cannot establish the requisite

26 numerosity; and(d) the individualized nature of Plaintiff's claims predominate and thus makes

27 class action treatment inappropriate under Rule 23.

28 / / /

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

9

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:23-CV-01788-JD

1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

2

### (Good Faith Defense to Violation of WARN Acts)

3   25.   Defendants' conduct did not violate the WARN Act or the California WARN Act

4   because Defendants had an honest intention to ascertain and follow the requirements of the

5   WARN Act and California WARN Act, and Defendants had reasonable grounds for believing

6   that their conduct fully complied with the statutes, and Defendants acted in good faith at all times.

7

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

8

### (Good Faith Reliance)

9   26.   Plaintiff's claims and the claims of the putative class members are barred to the

10  extent Defendants acted in good faith reliance on an administrative regulation, order, ruling

11  and/or interpretation of a state or federal government agency, including but not limited to the

12  United States Department of Labor and the California Industrial Welfare Commission and/or

13  Division of Labor Standards Enforcement.

14

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

15

### (Failure to Mitigate Damages/Avoidable Consequences)

16  27.   Plaintiff's claims and the claims of some or all of the putative class members are

17  barred, in whole or in part, because Plaintiff and/or the others he seeks to represent have not

18  appropriately or adequately mitigated their alleged damages, if any.  The damages and the sought-

19  after penalties of Plaintiff and the others he seeks to represent, if any, must be reduced because

20  Plaintiff and the others they seek to represent failed to take advantage of any preventative or

21  corrective safeguards or otherwise to avoid harm.

22

## RESERVATION OF RIGHTS

23   Defendants expressly reserve the right to assert such additional defenses that may prove

24  applicable during the course of this litigation.

25

## PRAYER FOR RELIEF

26   WHEREFORE, Defendants pray for judgment as follows:

27   1.   That the Court denies Plaintiff's request to certify this action as a class action;

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:23-CV-01788-JD

1    2.    That Plaintiff takes nothing by reason of the Complaint and that the Complaint be

2    dismissed in its entirety with prejudice;

3    3.    That judgment be entered in favor of Defendants and against Plaintiff on all claims

4    alleged in the Complaint;

5    4.    That Defendant be awarded its reasonable costs of suit incurred herein;

6    5.    That Defendant be awarded its reasonable attorneys' fees incurred in defending

7    this action to the extent permitted under applicable law; and

8    6.    That the Court award Defendant such other and further relief as the Court deems

9    just and proper.

10   Dated: June 30, 2023                          MORGAN, LEWIS & BOCKIUS LLP

11

12                                                By    */s/ Eric Meckley*

13                                                Eric Meckley
                                                  Brian D. Berry
14                                                Ashlee N. Cherry
                                                  Kassia Stephenson

15                                                Attorneys for Defendants
16                                                TWITTER, INC. and X CORP.

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT
CASE NO. 3:23-CV-01788-JD