SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
THOMAS FOWLER
(*pro hac vice* forthcoming)
(tfowler@llrlaw.com)

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

*Attorneys for Plaintiff Eitan Adler,
on behalf of himself and all others
similarly situated*

ERIC MECKLEY (SBN 168181)
(eric.meckley@morganlewis.com)
BRIAN D. BERRY (SBN 229893)
(brian.berry@morganlewis.com)
KASSIA STEPHENSON (SBN 336175)
(kassia.stephenson@morganlewis.cm)

MORGAN, LEWIS, & BOCKIUS, LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone:    (415) 442-1000
Fax:          (415) 442-1001

*Attorneys for Defendants Twitter, Inc. and
X Corp.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EITAN ADLER, on behalf of himself and all others similarly situated,<br>,<br>Plaintiff,<br>v.<br>TWITTER, INC., and X CORP.<br>Defendants. | Case No. 3:23-cv-01788-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>BEFORE THE HON. JAMES DONATO<br><br>Case Management Conference Date:<br><br>Date:   August 24, 2023<br><br>Time:   10:00 AM, PST<br><br>Place:  Courtroom 11 |

Plaintiff Eitan Adler ("Plaintiff") and Defendant X Corp. as successor in interest to Defendant Twitter, Inc. (collectively "Defendant") (hereinafter, Plaintiff and Defendant shall collectively be referred to as the "Parties"), by and through their respective counsel of record, hereby submit the following Joint Case Management Statement pursuant to Local Rule 16-9 and the Court's order at Dkt. 24, in advance of the Case Management Conference scheduled in this matter for August 24, 2023.

## I. JURISDICTION AND SERVICE

The Parties do not intend to raise any issues regarding personal or subject matter jurisdiction or venue at this time.

## II. FACTS

### A. Plaintiff's Statement

Multi-billionaire Elon Musk purchased Twitter in October 2022 and immediately began laying off half its workforce in the first week of November 2022. Plaintiff alleges that Twitter used a number of means to lay off its workers, including traditional acknowledged layoffs, pretextual terminations that were fashioned as "for cause", and constructive discharges. For example, Plaintiff was terminated on November 15, 2022, for "violating company policy." However, Twitter did not inform Plaintiff what policy he allegedly violated. Plaintiff alleges that Twitter did not provide 60 days advance written notice to all employees who were laid off, including himself, in violation of the federal Worker Adjustment and Retraining Notification Act (the "WARN Act") and, for employees who worked out of California, the California WARN Act, Cal. Lab. Code § 1400 *et seq.* (the "California WARN Act."). Plaintiff also alleges that Twitter did not provide all terminated employees with their full final pay, accrued benefits, and expense reimbursement immediately upon termination, as required by Cal. Lab. Code §§ 201, 203, and 227.3.

**B.  Defendant's Statement**

On April 13, 2023, Plaintiff filed a putative class action complaint alleging the following claims: (1) violation of the federal WARN Act; (2) violation of the California WARN Act; and (3) failure to pay all wages and benefits immediately upon terminate in violation of the California Labor Code. ECF No. 1. Plaintiff's complaint also alleges a claim for civil penalties pursuant to the California Private Attorneys General Act ("PAGA"). *Id.* Plaintiff filed an amended complaint alleging these same four claims that same day. ECF No. 3. Plaintiff alleges his federal WARN Act claim "on behalf of all affected Twitter employees across the United States who have lost their jobs as a result of Twitter's mass layoffs and did not receive notice as required by the federal WARN Act." *Id.*, ¶ 4. He alleges his California WARN Act and Labor Code claims "on behalf of all affected Twitter employees in California who have lost their jobs as a result of Twitter's mass layoffs and did not receive notice as required by the California WARN Act and/or who did not receive their full final pay, benefits, and expense reimbursement the same day that they were terminated." *Id.*, ¶ 5. Twitter timely filed an answer to Plaintiff's complaint on June 30, 2023. *See* ECF No. 25.

Plaintiff's claims are without merit. Plaintiff was not laid off as part of Twitter's November 4, 2022 reduction in force and, in fact, was not part of any mass layoff. Rather, on November 15, 2022, Plaintiff was lawfully terminated for misconduct. Under federal WARN, an employee is entitled to WARN notice only when their employment is terminated for a reason other than discharge for cause, voluntary departure, or retirement. Because Adler was terminated for cause, he was not entitled to federal WARN notice and lacks standing to represent any putative class, and his claims are not common or typical to any other putative class members. Similarly, under California WARN, an employee is entitled to WARN notice only when their employment is terminated as a result of a layoff. Because Adler was not laid off, he was not entitled to federal WARN notice and lacks standing to represent any putative California class.

Adler's California Labor Code claims are equally without merit because he timely received all final wages that were due to him upon his termination.

## III.   LEGAL ISSUES

*Plaintiff's Statement*:

Plaintiff contends that the primary legal issues presented by Plaintiffs' lawsuit are: (1) whether Twitter failed to provide 60 days' advance written notice to all employees who were laid off (or pay in substitution for that notice), as required by the federal WARN Act, and for employees in California, the California WARN Act; (2) whether Twitter provided all terminated employees with their full final pay, accrued benefits, and expense reimbursement immediately upon termination as required by Cal. Lab. Code §§ 201, 203, and 227.3; and (3) whether Plaintiff is an aggrieved employee as defined by Cal. Lab. Code § 2699(c) entitling him to recover under the PAGA on behalf of the State of California, as well as himself and other current and former aggrieved employees who have worked for Twitter out of California.

*Defendants' Statement*:

At the present time, Twitter contends that this case involves the following legal issues:

(1)   Whether Plaintiff suffered an "employment loss" under the federal WARN Act;

(2)   Whether Plaintiff suffered a "layoff" under the California WARN Act;

(3)   Whether Plaintiff was entitled to receive 60 days' advance written notice (or pay in substitution for that notice), as required by the federal WARN Act;

(4)   Whether Plaintiff was entitled to receive 60 days' advance written notice (or pay in substitution for that notice), as required by the California WARN Act;

(5)   Whether Plaintiff lacks standing to represent any putative class(es) under the federal WARN Act or California WARN Act;

(6)   Whether Plaintiff timely received all wages owed to him upon his termination for cause/misconduct

(7) Whether Defendant had a good faith belief, based in fact and/or law, that Plaintiff was not owed wages upon termination, which would preclude imposition of waiting time penalties under California Labor Code section 203;

(8) Whether Plaintiff qualifies as an "aggrieved employee" under California Labor Code section 2699;

(9) Whether Plaintiff's federal WARN Act claim may be certified as a class action under FRCP 23;

(10) Whether Plaintiff's California WARN Act claim may be certified as a class action under FRCP 23; and

(11) Whether Plaintiff's Labor Code claims may be certified as a class action under FRCP 23.

## IV.   MOTIONS

There are no motions currently pending. The motions previously filed in this case include:

Defendant's Motion to Compel Arbitration (Dkt. 14), filed on May 12, 2023. Defendant voluntarily withdrew its Motion to Compel Arbitration (Dkt. 21) on June 15, 2023.

Plaintiff intends to file a motion for class certification. Plaintiff may also file a motion for summary judgment or partial summary judgment after conducting written discovery and deposing Defendant's witnesses.

Defendant intends to file a motion for summary judgment or partial summary judgment after conducting written discovery and deposing Plaintiff.

## V.   AMENDMENT OF PLEADINGS

Plaintiff filed an amended complaint (Dkt. 3) on April 13, 2023. Plaintiff reserves the right to seek leave to further amend his complaint should the circumstances warrant it.

Twitter requests that the Court set a deadline of September 23, 2023 (approximately 30 days from the initial status conference) for the Parties to amend their pleadings.

## VI. EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have complied with their evidence preservation obligations.

## VII. DISCLOSURES

The Parties have not yet exchanged their initial disclosures. Pursuant to Fed. R. Civ. P. 26(a)(1)(C), the Parties have agreed to exchange their initial disclosures by September 8, 2023.

## VIII. DISCOVERY

The Parties intend to conduct written discovery and depositions. The Parties intend to meet and confer regarding a protective order and ESI protocol to facilitate discovery. They will submit the protective order to the Court when it is finalized.

Plaintiff believes that the fact discovery period should continue until 60 days after the close of the class action opt-out period, should the Court certify this case as a class action. Defendant believes that the fact discovery period should continue until 150 days after the close of the class action opt-out period, should the Court certify this case as a class action. If the Court declines to certify this case as a class action, the Parties agree that the fact discovery period shall close 60 days after the Court's denial of Plaintiff's motion for class certification.

## IX. CLASS ACTIONS

All attorneys of record have reviewed the Procedural Guidance for Class Action Settlements for the Northern District of California.

Plaintiff intends to move for class certification, following some initial discovery. Plaintiff may move for class certification up to January 1, 2024.

As required by Civil L.R. 16-9(a), Plaintiff states that a class is maintainable under Fed. R. Civ. P. 23(a) and 23(b)(3). He will seek to certify classes consisting of all Twitter who have lost their jobs since November 2022 who (1) did not receive WARN Act notice (or 60 days' pay in lieu of notice); and (2) worked in California and did not receive California WARN Act notice

(or 60 days' pay in lieu of notice); and (3) worked in California and did not receive their full final pay, accrued benefits, and expense reimbursement immediately upon termination.

The pertinent facts are set forth in the current complaint. Plaintiff expects to develop and support these facts through discovery. Briefly, Plaintiff states that he expects to satisfy Rule 23(a) based on numerosity (there are many employees who have lost their jobs with Twitter and did not receive WARN Act notice or final pay, benefits, and expense reimbursement upon termination since Elon Musk acquired the company); commonality (the claims of these employees will raise numerous common questions of fact and law); typicality (the named Plaintiff will have claims typical of the class); and adequacy (the named Plaintiff and his counsel will fairly and adequately represent the class).

Plaintiff expects to satisfy the requirements under Rule 23(b) based on similar facts, since it will clearly be superior to maintain a class action, for efficiency purposes, rather than require each of these class members to bring their own individual action, and the common questions of law and fact will predominate over any individual questions.

Twitter intends to oppose class certification.

**X.    RELATED CASES**

Plaintiff filed this as a related case to *Cornet v. Twitter, Inc.*, Case No. 3:22-cv-06857-JD, as the original lead plaintiff in *Cornet* had a WARN Act claim. However, that plaintiff (Emmanuel Cornet) had his claims compelled to arbitration, and so the *Cornet* case no longer contains the claims raised in this case. The *Cornet* case also has been transferred to the District of Delaware.

**XI.    RELIEF**

As set forth in the Amended Complaint (Dkt. 3), Plaintiffs seek damages for Twitter's violations of the federal WARN Act and (for the employees who worked out of California) the California WARN Act; damages and penalties incurred through Twitter's failure to pay all

wages and benefits immediately upon termination, in violation of the California Labor Code §§ 201, 203, and 227.3; and civil penalties under PAGA.

Defendant denies that Plaintiff or any putative class member is entitled to any relief, denies Plaintiff's claimed damages, and further denies that any claims may be maintained on a class action basis.

## XII. SETTLEMENT AND ADR

The Parties have complied with ADR L.R. 3.5. The Parties have not engaged in mediation or settlement discussions.

## XIII. OTHER REFERENCES

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

## XIV. NARROWING OF ISSUES

The Parties do not believe any issues can be narrowed by agreement at this time.

## XV. EXPEDITED TRIAL PROCEDURE

The Parties do not believe that this case can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

## XVI. SCHEDULING

The Parties will cooperate in good faith and attempt to stipulate to any further deadlines that are appropriate.

## XVII. TRIAL

Plaintiff requests that trial be set for mid-2024.

Defendant believes that it would be premature to schedule any trial date prior to resolution of Plaintiff's anticipated motion for class certification because the length and complexity of any trial will depend upon whether the case is tried as an individual action or class action.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

### A. Plaintiff's Statement

Plaintiffs will file his Certification of Interested Entities shortly. Other than the named parties, there is no such interest to report.

### B. Defendants' Statement

Twitter will file its Certification of Interested Entities or Persons prior to the conference with the Court.

## XIX. PROFESSIONAL CONDUCT

The Parties submit that their attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XX. MISCELLANEOUS

The Parties do not believe that there are any other matters to raise at this time that would facilitate the just, speedy, and inexpensive disposition of this matter.

9
JOINT CASE MANAGEMENT STATEMENT

Respectfully submitted,

EITAN ADLER, on behalf of himself and all others similarly situated,

By his attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
Thomas Fowler (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com; tfowler@llrlaw.com
*Attorneys for Plaintiff*

TWITTER, INC., and X CORP.

By its attorneys,

/s/ Eric Meckley
Eric Meckley, SBN 168181
Brian D. Berry, SBN 229893
Kassia Stephenson, SBN 336175
MORGAN, LEWIS, & BOCKIUS, LLP
One Market, Spear Street Tower
San Francisco, CA 94105
(415) 442-1000
Email: eric.meckley@morganlewis.com;
brian.berry@morganlewis.com;
kassia.stephenson@morganlewis.com
*Attorneys for Defendants*

Dated:        August 17, 2023

**CERTIFICATE OF SERVICE**

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of this document was served on counsel for Defendants via the CM/ECF system on August 17, 2023.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan