April 12, 2024

**VIA ECF FILING**

The Honorable James Donato
United States District Court
Courtroom 11 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Adler v. Twitter, Inc., et al.*, Case No. 3:23-cv-01788-JD

Dear Judge Donato:

      Plaintiff Eitan Adler submits this discovery letter under the Civil Local Rules and the Court's standing order on discovery. The parties have reached impasse on Plaintiff's request to for information and documents related to putative class members and the scope of Defendants' search for electronically stored information ("ESI"). The parties have had multiple meet and confer conferences regarding a number of discovery disputes. Most recently, on April 5, 2024, counsel conferred via Zoom. (Counsel are located across the United States, making an in-person meeting impractical.) While the parties resolved many of their discovery disputes, these two issues remain unresolved.[1] Discovery is currently scheduled to close on April 12, 2024.[2]

## I.    Introduction

      Multi-billionaire Elon Musk purchased Twitter in October 2022. He was immediately focused on cutting the Company's expenses and ultimately reduced the company's headcount by more than 75%. Twitter used several means to lay off its workers, including traditional acknowledged layoffs and what Plaintiff contends were pretextual terminations (including his own) that Twitter contends were "for cause." A number of those pretextual terminations were the result of Mr. Musk ordering the dismissal of all employees who were deemed to be "disloyal" to him. Plaintiff contends that Mr. Musk ordered these terminations as part of the mass layoffs that he implemented at Twitter shortly after purchasing the company – and thus those employees should have received WARN Act notice.[3]

      Plaintiff himself was terminated on November 15, 2022, for "violating company policy", although he was never told what policy he allegedly violated. Twitter did not provide Plaintiff,

---

[1]     An additional dispute regarding Defendants being required to search its entire Google Drive remains. Plaintiff is not raising this issue with the Court now because he believes additional meet and confer discussions may be productive. However, Plaintiff reserves the right to raise the issue about Defendants' refusal to search and produce documents from its Google Drive in the future.

[2]     The parties recently filed a joint stipulation requesting that the Court extend the discovery deadline to June 10, 2024, so that they can complete several agreed upon depositions, which have required coordinating the schedules of several witnesses and attorneys. (Dkt. 50.)

[3]     The federal Worker Adjustment and Retraining Notification Act (the "WARN Act") and, for employees who worked out of California, the California WARN Act, require 60 days advance written notice of mass layoffs.

and many others who were likewise terminated allegedly for cause or performance issues, with 60 days advance written notice as required by the WARN Act.

Plaintiff also alleges that Twitter did not provide him and other terminated employees with their full final pay, accrued benefits, and expense reimbursement immediately upon termination, as required by Cal. Lab. Code §§ 201, 203, and 227.3.

## II. Defendants' Objections to Producing Information and Documents About the Putative Class

Twitter has refused to produce a broad swath of critical documents and information because class certification has not yet been granted in this matter. However, discovery in this matter has not been bifurcated to pre- and post-class certification. (Dkt. 44.)

Moreover, Twitter's argument puts the cart before the horse. Twitter is denying Plaintiff's access to discovery that Plaintiff will need to demonstrate that he meets the Rule 23 requirements for class certification. The Ninth Circuit has made clear that pre-certification discovery involving the identification of class members must be granted. Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1313 (9th Cir. 1977) ("The propriety of a class action cannot be determined in some cases without discovery, as for example, where discovery is necessary to determine the existence of a class or set of subclasses. To deny discovery in a case of that nature would be an abuse of discretion."). "[T]o obtain pre-certification discovery," Plaintiff needs only "show that such discovery would be relevant to [his] future motion for class certification." Ramos v. Walmart, Inc., 2023 WL 3477217, at *4 (D.N.J. May 16, 2023) (internal citation omitted). "The discovery which is permitted should be sufficiently broad that the plaintiffs have a fair and realistic opportunity to obtain evidence which will meet the requirements of Rule 23 . . . ." Noye v. Yale Associates, Inc., 2017 WL 2813293, at *3 (M.D. Pa. June 29, 2017) (quoting NEWBERG ON CLASS ACTIONS § 7:17 (5th ed.)). See also Aidone v. Nationwide Auto Guard, LLC, 985 F. Supp. 2d 1346, 1350 (S.D. Fla. 2013) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351-52 (1978)) ("The Court agrees with the Plaintiff that discovery concerning similarly situated individuals who worked for the Defendant may lead to the discovery of admissible evidence and is potentially relevant as broadly defined by the federal rules of civil procedure.") Twitter's broad refusal to provide practically *any* discovery regarding the putative class is untenable.

**First**, Twitter has refused to produce information and documents identifying potential class members. This information and documents are responsive to the following requests: (1) Interrog. No. 6; (2) Interrog. No. 8; (3) RFP No. 13; and (4) RFP No. 16. (See Ex. A – Defs' Interrog. Answers.; Ex. B – Defs' RFP Resps.) Twitter should be compelled to produce a full potential class list, including contact information. See Salgado v. O'Lakes, 2014 WL 7272784, at *10 (E.D. Cal. Dec. 18, 2014) ("Courts in this circuit have made it clear that precertification disclosure of class members' contact information, . . ., is routine practice."); Artis v. Deere & Co., 276 F.R.D. 348, 352 (N.D. Cal. 2011) (collecting cases). Moreover, putative class members undoubtedly possess relevant discoverable information concerning these claims that may be relevant to Plaintiff's request for class certification.

**Second**, for the Federal WARN Act and California WARN Act, to the extent Twitter has agreed to identify the number of putative class members, it has artificially limited the time frame to November 2022. Specifically, this information would be in response to Interrogatory Nos. 5 and 7. (See Ex. A – Defs' Interrog. Ans.) However, in determining whether the WARN Act applies, an employer must "look ahead 90 days and behind 90 days to determine whether employment actions both taken and planned each of which separately is not of sufficient size to trigger WARN coverage, will, in the aggregate for any 90-day period, reach the minimum numbers . . . [to] trigger the notice requirement." 20 C.F.R. § 639.5(a)(1)(ii). Twitter continued laying off employees past November 2022. For example, employees were laid off as part of a "coding" exercise in February 2023, and other employees were exited from the company in the 90 days following the initial layoffs in November 2022.

**Third**, Twitter has refused to produce documents and internal communications regarding its decisions with respect to the WARN Act, California WARN Act, reimbursement of expenses, and payment of employees' final wages. These documents are responsive to the following requests: (1) RFP No. 5; (2) RFP No. 6; (3) RFP No. 7; (4) RFP No. 10; (5) RFP No. 11; (6) RFP No. 12; and (7) RFP No. 14. (See Ex. A – Defs' Interrog. Answers.; Ex. B – Defs' RFP Responses.) These documents are relevant to determining why Twitter made the decisions it did (and the scope of those decisions) with respect to WARN notice, employee expense reimbursements, and the payment of final wages, as well as the calculation of potential class damages, including whether it knew of its legal requirements and was purposely evading the law. As such, they should be produced.

### III.    The Scope of Defendants' Searches for ESI

The parties agreed to search terms for Defendants to run ESI searches. (See Ex. C – Redlined ESI Proposal.) However, Defendants objected to: (1) including Elon Musk and Jared Birchall as custodians; (2) searching custodians' personal devices (for those custodians who remain employed and/or under the control of Defendants); and (3) conducting searches beyond November 30, 2022. None of Twitter's objections have merit.

**First**, with respect to Musk and Birchall as custodians, discovery to date has shown that both were involved in decisions related to Twitter's layoffs and reducing costs (which may be relevant to why WARN notice was not provided to some employees, as well as the payment of final wages). For example, Mr. Musk personally sent a text message stating that all employees who were "disloyal" should be exited. Likewise, Musk and Birchall were included on emails discussing changes to the expense reimbursement policy. Thus, they are appropriate custodians.

**Second**, during the depositions taken to date, Twitter's witnesses have admitted to sending text messages, Signal messages, and emails related to their work for Twitter from their personal cellphones and non-Twitter email accounts. These witnesses have also produced copies of their text messages, albeit on the eve of their depositions. Thus, it is clear that potentially relevant ESI is stored on custodians' personal devices. Twitter should be required to search for and produce such ESI.

**Third**, for the reason stated above in Section II, the temporal scope of the searches should not be limited to November 2022.

Respectfully submitted,

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan, Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

      I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of this document was served on counsel for Defendants via the CM/ECF system on April 12, 2024.

                                      /s/ Shannon Liss-Riordan
                                      Shannon Liss-Riordan