April 24, 2024

**VIA ECF**

The Honorable James Donato
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:     *Adler v. Twitter, Inc. & X Corp.*, No. 3:23-cv-1788-JD

Dear Judge Donato:

Defendant X Corp. (successor in interest to Twitter, Inc.) ("X") submits this letter pursuant to the Court's Standing Order for Discovery in Civil Cases (the "Standing Order"), regarding Plaintiff Eitan Adler's ("Adler") improper assertion of an "NLRA privilege" in response to X's Requests for Production of Documents ("RFPs").  On April 23, 2024, the Parties met and conferred via videoconference, as counsel are located more than 50 miles apart, in accordance with the Local Rules and your Standing Order.  For the reasons identified below, X moves to compel production of all documents and communications responsive to X's RFP Nos. 3, 13-15, and 17-18, including those that Adler is withholding on the basis of a purported "NLRA privilege" that no federal court has ever recognized.

**I.      Background of the dispute regarding Adler's novel assertion of "NLRA" privilege.**

X employed Adler as a software engineer in a role with broad access to X's computer infrastructure.  X terminated Adler for openly discussing on an internal chat forum the initiation of a computer command that would disable X's back-end computer system and shut down operations.  Despite this indisputable fact, Adler is now challenging the reason for his separation, claiming that X did not fire him but instead laid him off without proper WARN notice.

X served RFPs on Adler seeking, among other things, his communications with others about his termination and his underlying causes of action—all of which are unquestionably relevant to Adler's claims and X's defenses to the same.[1]  On February 26, 2024, Adler served responses, which included a purported "NLRA privilege" objection to seven requests, as well as a general objection stating that "Plaintiff's communications with other Twitter employees are privileged under the NLRA, and Defendants' attempt to obtain such communications violates the NLRA."

On April 2, 2024, the Parties met and conferred regarding Adler's deficient discovery responses and objections.  At that meeting, X's counsel specifically asked Adler's counsel if Adler was withholding any documents or communications based on his asserted "NLRA privilege."  Adler's counsel affirmatively stated that Adler was *not* withholding any documents based on that privilege.

On April 17, 2024, however, Adler supplemented his discovery responses and, for the first time,

---

[1] Adler asserts three causes of action: alleged violations of the federal and California WARN Acts and failure to pay wages upon termination in violation of the Cal. Labor Code.  ECF No. 1.

provided a purported "privilege log" and informed X that he was in fact withholding responsive communications with "Other Former Twitter Employees" based on a "NLRA privilege." *See* **Exhibit 1**.

## II.      <u>X Seeks highly relevant information about Adler's termination and causes of action.</u>

As a threshold matter, Adler does not assert that any of the requested communications X seeks to compel are non-responsive or irrelevant—nor could he, as the communications go to very heart of the issues in this proceeding:

**Request Nos. 3 & 13** seek documents and communications between Adler and others regarding his termination from X, which are relevant to Adler's claim that he was laid off and entitled to WARN Notice as opposed to being terminated for cause for proposing on an open, internal chat forum initiation of a program that would shut down X. This information also goes to Adler's credibility, which applies equally to the remaining RFPs at issue.

**Request Nos. 17 & 18** seek documents and communications between Adler and others regarding the allegations in Adler's complaint, which are relevant to, among other things, his understanding of the basis for his discharge, and his alleged entitlement to reimbursements and related payments.

**Request Nos. 14 & 15** seek documents and communications between Adler and others regarding reimbursement of expenses from X or the use of vacation and/or paid-time off by X employees which are relevant to, among other things, his claims seeking recovery of PTO and reimbursement.

## III.     <u>No federal court has ever recognized a categorical "NLRA" privilege.</u>

Adler seeks to withhold relevant and responsive documents and communications between him and any other person, including his current and former X co-workers, based on the assertion of a blanket "NLRA privilege" that no federal court has ever recognized. In fact, federal courts have uniformly *rejected* the adoption of the broad "NLRA privilege" Adler asserts. *See, e.g., Aldapa v. Fowler Packing Co. Inc.*, No. 1:15-cv-00420, 2016 WL 8738176, at *7 (E.D. Cal. Mar. 18, 2016) (explaining that "the Court has the ability to regulate the discovery before it" and noting an absence of any authority that "requires a federal court to adhere to decisions by the NLRB . . . in ascertaining privileges for use in federal court actions"). As another example, in *Degrandis v. Children's Hospital Boston*, the court rejected an invitation to create a "labor relations" privilege, reasoning that "Congress has never acted to establish a labor relations privilege, and no federal court has ever recognized it." 203 F. Supp. 3d 193, 199 (D. Mass. 2016). Similarly, in *Chicago Bridge & Iron Co. v. Fairbanks Joint Crafts Council*, the court ordered the union to produce "union materials related to bargaining strategy," reasoning that "in light of the court's obligation to construe privileges narrowly and in the absence of binding precedent recognizing the existence of a labor relations privilege[,] IBEW's basis for nondisclosure is rejected." No. 3:18-cv-100-JWS, 2019 WL 2579627, at *4 (D. Alaska June 23, 2019).

Consistent with these decisions, another federal court recently reaffirmed this principle in a highly analogous case. *Kinzer v. Whole Foods Market, Inc.*, No. 1:20-cv-11358-ADB (D. Mass. Dec. 17, 2021) (ECF No. 97). In *Kinzer*, a group of plaintiffs – represented by Adler's same attorneys in

this case – sought to withhold production of group chat messages on so-called "litigation updates," which contained relevant information about plaintiffs' purposeful violation of workplace uniform rules. *Id*. The *Kinzer* plaintiffs' stated basis for avoiding production of those messages was that they were subject to a categorical "NLRA" privilege. *Id*. Defendant sought production of these messages to undercut plaintiffs' allegations of retaliation and otherwise undermine plaintiffs' credibility. *Id*. The *Kinzer* court agreed with Defendant, ordering plaintiffs to produce the messages. *Id*. The court reasoned that "Plaintiffs do not dispute the relevance of the group text messages," and it "is well documented that federal courts have not recognized" a "concerted activity" privilege. *Id*.

Adler's privilege argument is rooted solely in NLRB decisions finding a qualified confidentiality interest in certain information associated with union organizing activities, such that employers may violate labor law by using discovery in separate proceedings to obtain that information depending on the NLRB's "balancing" of relevant interests. *See Guess?, Inc.*, 339 NLRB 432 (2003). As an initial matter, the NLRB's decisions are inapplicable here, because the communications at issue have nothing to do with union organizing. In any event, the NLRB's standard is for deciding if an unfair labor practice has occurred, *not* whether a privilege exists. And regardless, the NLRB's standard is satisfied here, because the information in question is highly relevant to this litigation, no illegal motive exists or is alleged, and X is amenable to the documents being produced subject to the existing protective order limiting any use to this action.

## IV.    **Even if an "NLRA privilege" applied in federal court, Adler has waived it in this case.**

Adler has waived the alleged subject privilege by serving an egregiously deficient log on April 17, 2024, along with his supplemental discovery responses. *See* **Exhibit 1**. Pursuant to the Court's Standing Order, Adler must provide a privilege log that is "sufficiently detailed and informative to justify the privilege." *Id*. Specifically, "[w]ith respect to *each communication* for which a claim of privilege or work product is made, the asserting party must, at the time of assertion, identify: a. all persons, by name, title and/or job position, making or receiving the privileged or protected communication; b. the date of the communication; and c. the subject matter of the communication." *Id.* (emphasis).

Here, Adler's privilege log fails to satisfy *any* of the Standing Order requirements because it: (i) fails to identify *each communication* that is being withheld, instead merely stating two broad date ranges and two methods of communication (i.e., "Direct Messages" and "Slack Messages"); (ii) fails to identify the persons who made or received the communications, much less identify them by "name, title and/or job position"; and (iii) fails to state the subject matter to which the withheld communications relate. Because Adler has failed to comply with the Standing Order by submitting a plainly deficient log, he has waived any alleged "NLRA privilege" that he purports to exist.

Respectfully submitted,

*/s/ Eric Meckley*
Eric Meckley
Counsel for Defendant X CORP., as successor
in interest to TWITTER, INC.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on April 24, 2024, a true and accurate copy of this document was served on counsel for Plaintiff via the CM/ECF system.

<u>*/s/ Eric Meckley*</u>
Eric Meckley

# EXHIBIT 1

SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
BRADLEY MANEWITH (*pro hac vice* forthcoming)
(bmanewith@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

*Attorneys for Plaintiff Eitan Adler,*
*on behalf of himself and all others similarly situated*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| EITAN ADLER, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>   v.<br><br>TWITTER, INC., and X CORP.<br><br>     Defendants. | Case No. 3:23-cv-01788-JD<br><br>**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF EITAN ADLER, SET ONE** |

Plaintiff, Eitan Adler by and through his attorneys, Lichten & Liss-Riordan, P.C., hereby answers the requests for production of documents propounded by Defendants Twitter, Inc. and X Corp. (collectively, "Defendants"). Plaintiff reserves the right to supplement their answers as necessary.

## GENERAL OBJECTIONS

Plaintiff's responses to the requests are subject to the General Objections set forth below. These objections are incorporated into the response to each and every request and are set forth in this manner to avoid duplication and restatement.  For the purpose of clarity, the responses to certain requests may refer specifically to one or more General Objections.  The failure to incorporate specifically a General Objection into a response, however, is not a waiver of the General Objection.

Plaintiff objects to Defendants' requests to the extent they seek documents that constitute attorney work product or are subject to attorney/client or other applicable privilege or are otherwise not subject to discovery pursuant to the Federal Rules of Civil Procedure.

Plaintiff objects to Defendants' requests to the extent they contain vague, ambiguous, conclusory and/or undefined terms.

Plaintiff objects to Defendants' requests to the extent they are overly broad, unreasonable in scope, are unduly burdensome, are not proportional to the needs of the case, seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and/or seek documents that are already in Defendants' possession.

Plaintiff objects to Defendants' requests to the extent that they seek documents that pre-date or post-date the claims at issue in this matter on the grounds that requests seeking such documents are unduly burdensome, not proportional to the needs of the case, and seek

documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to Defendants' requests to the extent Defendants seek communications among Twitter employees. Plaintiff's communications with other Twitter employees are privileged under the NLRA, and Defendants' attempt to obtain such communications violates the NLRA.

Subject to and without waiving these general objections, Plaintiff responds to each of Defendants' requests as set forth below.

## OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS that support YOUR contention that YOU were "laid off on November 15, 2022" as alleged in paragraph 14 of the COMPLAINT.

**RESPONSE:**        Plaintiff objects to this Request as vague, overly broad, and unduly burdensome. Plaintiff also objects to this Request to the extent it seeks information that is attorney work product. Subject to and without waiving these objections, Plaintiff has produced all responsive non-privileged documents in his possession.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS reflecting the reason(s) why YOUR employment from Twitter ended.

**RESPONSE:**        Plaintiff objects to this Request as vague, overly broad, and unduly burdensome. Subject to and without waiving these objections, Plaintiff has produced responsive non-privileged documents in his possession.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS reflecting COMMUNICATIONS that YOU had with any person at any time RELATING TO the termination of YOUR employment from Twitter.

3

1
2
3
4
5
6
7
8
9
10

**RESPONSE:**        Plaintiff objects to this Request as vague, overly broad, and unduly burdensome. Plaintiff also objects to this Request to the extent it seeks documents that are covered by the attorney client privilege and/or are attorney work product. Additionally, Plaintiff objects to this request to the extent it seeks documents that are in the possession of Defendants. Plaintiff's communications with other Twitter employees are also privileged under the NLRA, and Defendants' attempt to obtain such communications violates the NLRA, to the extent Defendants seek communications among Twitter employees. Subject to and without waiving these objections, Plaintiff has produced all non-privileged responsive documents in his possession.

**REQUEST FOR PRODUCTION NO. 4:**

11
12
13

All DOCUMENTS that support YOUR contention that "Twitter…did not provide full final pay, benefits, and expense reimbursement on [YOUR] last day of employment" as alleged in paragraph 17 of the COMPLAINT.

14
15
16

**RESPONSE:**        Plaintiff objects to this Request as vague, overly broad, and unduly burdensome. Subject to and without waiving these objections, Plaintiff has produced all responsive non-privileged documents in his possession.

17

**REQUEST FOR PRODUCTION NO. 5:**

18
19
20

All DOCUMENTS RELATING TO any request for reimbursement that YOU submitted to DEFENDANT that YOU contend was not paid.

21
22
23

**RESPONSE:**        Plaintiff objects to this Request as vague, overly broad, and unduly burdensome. Subject to and without waiving these objections, Plaintiff has produced all responsive non-privileged documents in his possession.

24

**REQUEST FOR PRODUCTION NO. 6:**

25
26

All DOCUMENTS RELATING TO any payments that YOU received from DEFENDANT in response to a request for reimbursement that YOU had submitted.

27
28

4

**RESPONSE:** Plaintiff objects to this Request as vague, overly broad, and unduly burdensome. Subject to and without waiving these objections, Plaintiff has produced all responsive non-privileged documents in his possession.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that support YOUR contention that YOU were not paid for accrued but unused vacation and/or paid time off when YOU were terminated.

**RESPONSE:** Plaintiff objects to this Request as vague, overly broad, and unduly burdensome. Plaintiff also objects to this Request to the extent it seeks information that is attorney work product. Subject to and without waiving these objections, Plaintiff has produced all responsive non-privileged documents in his possession.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS RELATING TO YOUR calculations for any "final pay, benefits, and expense reimbursement" that YOU contend DEFENDANT owes to YOU.

**RESPONSE:** Plaintiff objects to this Request as vague, overly broad, and unduly burdensome. Plaintiff also objects to this Request to the extent it seeks documents that are covered by the attorney client privilege and/or are attorney work product. Subject to and without waiving these objections, Plaintiff has produced all responsive non-privileged documents in his possession.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS reflecting any vacation and/or paid time off that YOU took at any time from beginning of YOUR employment with Twitter until the termination of YOUR employment from Twitter, including but not limited to calendars (paper or electronic), cell phone records, travel records, financial records, and cell phone records.

**RESPONSE:** Plaintiff objects to this Request on the basis that it is overbroad, it seeks documents that are not relevant to the claims and affirmative defenses in this matter, it is harassing, not proportional to the needs of the case, and an unnecessary invasion of privacy.

5

Subject to and without waiving these objections, Plaintiff has produced responsive non-privileged documents in his possession reflecting vacation / paid time off he took in 2021 and 2022.

**REQUEST FOR PRODUCTION NO. 10:**

All online postings by YOU (for example, on Twitter, LinkedIn, Reddit, Instagram, Facebook, Mastodon, etc.) during the period of October 25, 2022 through the date of YOUR termination that reference or RELATE TO DEFENDANT.

**RESPONSE:** Plaintiff objects to this Request on the basis that it is overbroad, it seeks documents that are not relevant to the claims and affirmative defenses in this matter, it is harassing, not proportional to the needs of the case, and an unnecessary invasion of privacy. Subject to and without waiving these objections, Plaintiff has produced all responsive non-privileged documents in his possession.

**REQUEST FOR PRODUCTION NO. 11:**

All internet posts (including but not limited to on Facebook, Twitter, LinkedIn, Reddit, Mastodon, or other social media sites) that YOU, or anyone else acting on YOUR behalf, have created or published to others RELATING TO YOUR lawsuit against DEFENDANT or the claims alleged in the COMPLAINT.

**RESPONSE:** Plaintiff objects to this Request as vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to this Request to the extent it seeks documents that are covered by the attorney client privilege. Plaintiff also objects to this Request to the extent it seeks documents that are publicly available. Subject to and without waiving these objections, Plaintiff has produced all responsive non-privileged documents in his possession.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS RELATING TO any COMMUNICATIONS that YOU, YOUR attorneys, or anyone else acting on YOUR behalf, have sent to any current or former employees of DEFENDANT RELATING TO this action.

1
2
3
4
5

**RESPONSE:**       Plaintiff objects to this Request as vague, overly broad, and unduly burdensome. Plaintiff also objects to this Request to the extent it seeks documents that are covered by the attorney client privilege and/or attorney work product. Subject to and without waiving these objections, Plaintiff has produced all responsive non-privileged documents in his possession.

6

**REQUEST FOR PRODUCTION NO. 13:**

7
8

YOUR COMMUNICATIONS with any current or former employee of DEFENDANT RELATING TO the termination of YOUR employment from Twitter.

9
10
11
12
13
14
15
16

**RESPONSE:**       Plaintiff objects to this request as vague, overly broad, and unduly burdensome. Plaintiff objects to this request to the extent it seeks documents that are in the possession of Defendants. Plaintiff's communications with other Twitter employees are also privileged under the NLRA, and Defendants' attempt to obtain such communications violates the NLRA, to the extent Defendants seek communications among Twitter employees. Subject to and without waiving these objections, Plaintiff has produced all responsive non-privileged documents in his possession.

**REQUEST FOR PRODUCTION NO. 14:**

17
18
19

YOUR COMMUNICATIONS with any current or former employee of DEFENDANT RELATING TO the reimbursement of expenses from Twitter.

20
21
22
23
24
25
26

**RESPONSE:**       Plaintiff objects to this request as vague, overly broad, and unduly burdensome. Plaintiff objects to this request to the extent it seeks documents that are in the possession of Defendants. Plaintiff's communications with other Twitter employees are also privileged under the NLRA, and Defendants' attempt to obtain such communications violates the NLRA, to the extent Defendants seek communications among Twitter employees. Subject to and without waiving these objections, Plaintiff has produced all responsive non-privileged documents in his possession.

27

**REQUEST FOR PRODUCTION NO. 15:**

28

YOUR COMMUNICATIONS with any current or former employee of DEFENDANT RELATING TO the use of vacation and/or paid time off by employees at Twitter.

**RESPONSE:**       Plaintiff objects to this request as vague, overly broad, and unduly burdensome. Plaintiff objects to this request to the extent it seeks documents that are in the possession of Defendants. Plaintiff's communications with other Twitter employees are also privileged under the NLRA, and Defendants' attempt to obtain such communications violates the NLRA, to the extent Defendants seek communications among Twitter employees. Subject to and without waiving these objections, Plaintiff has produced all responsive non-privileged documents in his possession.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS RELATING TO any COMMUNICATIONS (written or oral) between YOU and any current or former employee of DEFENDANT RELATING TO such person participating in, serving as a witness in, or otherwise becoming involved in any way in this action.

**RESPONSE:**       Plaintiff objects to this request as vague, overly broad, and unduly burdensome. Plaintiff objects to this request to the extent it seeks documents that are in the possession of Defendants. Plaintiff's communications with other Twitter employees are also privileged under the NLRA, and Defendants' attempt to obtain such communications violates the NLRA, to the extent Defendants seek communications among Twitter employees. Subject to and without waiving these objections, Plaintiff has produced all responsive non-privileged documents in his possession.

**REQUEST FOR PRODUCTION NO. 17:**

All COMMUNICATIONS, including cell phone text messages, messaging app messages, social media chats, emails, etc., between YOU and any person (other than YOUR attorneys of record) that RELATE TO any of allegations in the COMPLAINT.

**RESPONSE:**       Plaintiff objects to this Request on the basis that it is overbroad, it seeks documents that are not relevant to the claims and affirmative defenses in this matter, it is

8

harassing, not proportional to the needs of the case, and an unnecessary invasion of privacy. Plaintiff's communications with other Twitter employees are also privileged under the NLRA, and Defendants' attempt to obtain such communications violates the NLRA, to the extent Defendants seek communications among Twitter employees. Subject to and without waiving these objections, Plaintiff has produced all responsive non-privileged documents in his possession.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that YOU have obtained from any current or former employee of DEFENDANT that relate in any way the allegations in the COMPLAINT.

**RESPONSE:** Plaintiff objects to this request as vague, overly broad, and unduly burdensome. Plaintiff objects to this request to the extent it seeks documents that are in the possession of Defendants. Plaintiff's communications with other Twitter employees are also privileged under the NLRA, and Defendants' attempt to obtain such communications violates the NLRA, to the extent Defendants seek communications among Twitter employees. Subject to and without waiving these objections, Plaintiff has produced all responsive non-privileged documents in his possession.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS created by or belonging to DEFENDANT that YOU obtained during YOUR employment with DEFENDANT that YOU still have in your possession, custody, or control.

**RESPONSE:** Plaintiff objects to this Request as vague, overly broad, and unduly burdensome. Subject to and without waiving these objections, Plaintiff has produced all responsive non-privileged documents in his possession.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that reflect or support any damages YOU claim to have suffered as a result of DEFENDANT'S unlawful conduct as alleged in the COMPLAINT.

9

**RESPONSE:**          Plaintiff objects to this Request as vague, overly broad, and unduly burdensome. Plaintiff also objects to this Request to the extent it seeks documents that are covered by the attorney client privilege and/or attorney work product. Subject to and without waiving these objections, Plaintiff has produced all responsive non-privileged documents in his possession.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that reflect or RELATE TO any efforts YOU have undertaken to "compl[y] with the notice requirement" of the California Private Attorneys General Act, including but not limited to all DOCUMENTS submitted to the California Labor Workforce Development Agency.

**RESPONSE:**          Plaintiff objects to this Request as vague, overly broad, and unduly burdensome. Plaintiff also objects to this Request to the extent it seeks documents that are covered by the attorney client privilege and/or attorney work product. Subject to and without waiving these objections, Plaintiff has produced all responsive non-privileged documents in his possession.


Respectfully submitted,

EITAN ADLER, on behalf of himself and all others similarly situated,

By his attorneys,


 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
Bradley Manewith (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com; bmanewith@llrlaw.com

Dated:          April 17, 2024

10

1

## <u>CERTIFICATE OF SERVICE</u>

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of the foregoing document was served on counsel of record for Defendants in this matter by electronic mail on April 17, 2024.


                                        /s/ Shannon Liss-Riordan
                                        Shannon Liss-Riordan

11

PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS' REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET ONE

**PRIVILEGE LOG**

| DATE | SENDER / RECIPIENT | DESCRIPTION | PRIVILEGE |
|---|---|---|---|
| Oct. 31, 2022 – Dec. 8, 2022 | Plaintiff / Other Former Twitter Employees | Direct Messages | NLRA |
| Feb. 2024 – Mar. 2024 | Plaintiff / Other Former Twitter Employees | Slack Messages | NLRA |

12

PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS' REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET ONE