a

May 6, 2024

**VIA ECF**

The Honorable James Donato
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Adler v. Twitter, Inc. & X Corp.*, No. 3:23-cv-01788-JD

Dear Judge Donato:

Defendant X. Corp. (successor in interest to Twitter, Inc.) ("Defendant") submits this letter brief in response to Plaintiff's April 12, 2024 discovery letter brief pursuant to the Court's Order. *See* ECF No. 54.

### I. Plaintiff Has Not Made a *Prima Facie* Showing that Pre-Certification Discovery of Putative Class Members' Names and Contact Information Is Likely to Substantiate His Class Allegations.

In determining whether discovery on a class-wide basis is appropriate, "the plaintiff bears the burden of advancing a *prima facie* showing that the class action requirements of Fed.R.Civ.P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985), *as amended* (Aug. 27, 1985). "Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion." *Id.*

Here, Plaintiff Eitan Adler ("Plaintiff") has not made, and cannot make, the requisite *prima facie* showing to justify his overbroad requests for class-wide discovery prior to class certification. Plaintiff alleges two putative class claims for: (1) the alleged failure to provide federal and California WARN Act notice to Plaintiff and other employees who Twitter fired for cause/performance; and (2) the alleged failure to pay Plaintiff and other employees their final pay, including purported accrued vacation/PTO and expense reimbursements, on the date of termination. ECF No. 3 at 5-6.

Unlike Plaintiff, who was fired for cause, Twitter laid off several thousand employees. Plaintiff does not dispute that Twitter *did* provide WARN notice to those laid off employees. As Plaintiff's counsel made clear at the August 24, 2023 case management conference with the Court, the several thousand laid off employees who received WARN notice are *not part of the putative class*; rather, the putative class consists only of those employees that Twitter fired for different types of cause and performance reasons and who did not receive WARN notice. *See* ECF No. 37, Transcript from August 24, 2023 Case Management Conference at 10:20-11:8. As this Court recognized at the CMC, adjudicating liability will require highly individualized inquiries. *See Id* at 6:5-9 ("The Court: So I'm just – class cert is way down the road. I'm not going to prejudge anything. But, you know, **typically claims of being fired for cause are quite unique and highly individualized**. I mean, how are you – what are you thinking about why this might be a class?") (emphasis added).

1

Since the August 24 status conference, Plaintiff has done nothing to respond to the Court's concerns. Plaintiff's letter brief seeking putative class contact information fails even to address, let alone demonstrate a *prima facie* showing, as to how a class action could adjudicate liability when the core question is whether any individual person was fired for cause/performance issues. Both the federal and the California WARN Acts apply *only* to mass layoffs, not individual terminations. *See* 29 U.S.C. § 2102(a); 20 C.F.R. § 639.2; Cal. Lab. Code § 1400 et seq. Plaintiff's termination for cause is expressly exempted from both federal and California WARN. *See* 29 U.S.C. § 2101(a)(6) (defining "employment loss" as "an employment termination, other than a discharge for cause…") (emphasis added); *see also Collins v. Gee West Seattle, LLC*, 631 F.3d 1001, 1006 (9th Cir. 2011) ("The [federal WARN] Act, however, also excludes those who retire, are discharged for cause, or voluntarily depart from the definition of those experiencing employment loss."); *see also* Cal. Lab. Code § 1400.5(f) (defining "termination" as "the cessation or substantial cessation of industrial or commercial operations in a covered establishment"); *see also Gunderson v. Alta Devices, Inc.*, 2021 WL 4461569, at *3 (N.D. Cal. Sept. 29, 2021) ("The California WARN Act is similar to the federal WARN Act in most respects."). Plaintiff has not shown that the disclosure of the names and contact information of employees that Twitter fired for cause/performance "is likely to produce substantiation of the class allegations." *Mantolete*, 767 F.2d at 1424. This Court should deny his request to compel Twitter to produce such information.

Plaintiff likewise has not demonstrated a *prima facie* showing that the sought-after discovery will substantiate class claims for the alleged failure to pay vacation/PTO or expenses upon termination. Plaintiff has not explained any unifying theory as to this claim nor offered evidentiary examples of employees not receiving such payments upon termination. Notably, in his own deposition, Plaintiff testified that *he was not sure* whether or not he had been reimbursed for all of his expenses and would rely on Twitter's records (which show he had been fully reimbursed). With respect to timing, the failure to reimburse expenses immediately upon termination is not unlawful in California because expense reimbursements are not "wages." *See* Cal. Lab. Code § 200 ("Wages includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."); *see also* DIR - DLSE Licensing, Registration, and Certification ("Wages does not include expenses."); Cal. DLSE, Waiting Time Penalty FAQs ("[T]he reimbursement for business expenses is not wages, [and] the waiting time penalty does not apply to your situation"); DLSE Enforcement Manual § 4.3.4 (revised Dec. 2019) ("'Any wages' includes any amount due as wages . . . but does not include expenses."); *Paycom Payroll, LLC v. Read*, No. 3:18-CV-2638-WQH-MDD, 2020 WL 13505041, at *14 (S.D. Cal. Feb. 12, 2020) ("Read is not entitled to waiting time penalties for reimbursements paid after her termination."); *Drumm v. Morningstar, Inc.*, 695 F. Supp. 2d 1014, 1021 (N.D. Cal. 2010) (noting that "expense reimbursements are not 'amounts for labor performed,' […] and are not appropriately part of the calculation" for wages for waiting time penalties).

Plaintiff also testified in his deposition that his claim for unpaid vacation/PTO was based upon the fact that he wanted to take a vacation *in the future*, but Twitter fired him before his planned vacation and thus he could not take it. That is simply not unlawful and certainly does not support any type of common theory for a class claim.

In short, Plaintiff has not made a *prima facie* showing that producing contact information for employees that Twitter fired for cause/performance will substantiate his class claims.

**II.     Defendant's Temporal Limitations on Its Interrogatory Responses Are Proper.**

Plaintiff argues that Defendant "limited the time frame to November 2022" for its responses to Interrogatory Nos. 5 and 7. While Defendant maintains that such a time period is appropriate because Adler was terminated in November 2022, in the spirit of compromise, Defendant has agreed to supplement its responses to state the total number of employees who Twitter fired for cause/performance during the period from November 2022 through the present.

**III.    Defendant's Limitations on the Scope of ESI Are Proper.**

The Parties had already agreed that Defendant would conduct an ESI search using 15 custodians and 72 focused searches. That process resulted in Defendant producing approximately 2,200 pages of documents in the *Adler* matter. In addition, the Parties have a discovery sharing agreement allowing them to utilize discovery served in any matter that Plaintiff's counsel is prosecuting against Defendant. In those other matters, Defendant has conducted additional ESI searches and produced another 70,000 pages of documents to Plaintiff's counsel. Despite receiving almost 75,000 pages of documents, Plaintiff wants more -- but has failed to justify the need for further ESI. As Plaintiff concedes in his letter brief, Defendant has already produced relevant and responsive communications involving Elon Musk and Jared Birchall. Given that fact, Plaintiff fails to explain why Musk or Birchall should be designated as additional custodians in yet another ESI search. As Plaintiff is also aware, Birchall is not and has never been employed by Defendant, and Plaintiff has not shown how either Musk or Birchall has any connection to specific decisions at issue here, *i.e.*, why any individual employee was fired for cause/performance. Given the volume of ESI already produced, Plaintiff's demand to include Musk and Birchall as custodians constitutes harassment.

Plaintiff's request that Defendant also search the personal devices of each custodian is unjustified given his failure to make a *prima facie* showing of any unifying class theory of liability as to the various different employees that Twitter fired for cause/performance. In addition, such searches improperly invade these individual's privacy rights as guaranteed by California Constitution Article I, Section 1. Many of these persons are not Defendant's employees and, in any event, their personally owned devices are not within Defendant's possession, custody, or control. Nonetheless, on each occasion when Plaintiff deposed a witness, Defendant worked with the witness and performed attorney-conducted searches to ensure that Plaintiff received all relevant and responsive information stored on an individual's cell phone prior to a deposition. That process has worked and there is no basis to deviate from it or do more.

Plaintiff has failed to meet his burden to show that further, unduly expansive pre-certification discovery is warranted based on the claims alleged in this case. The Court should deny his motion.

Respectfully submitted,

*/s/ Eric Meckley*
Eric Meckley
Counsel for Defendant X CORP., as successor
in interest to TWITTER, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 6, 2024, a true and accurate copy of this document was served on counsel for Plaintiff via the CM/ECF system.

*/s/ Eric Meckley*
Eric Meckley