May 25, 2024

**VIA ECF FILING**

The Honorable James Donato
United States District Court, Courtroom 11
450 Golden Gate Avenue
San Francisco, CA 94102

      **Re:**    *Adler v. Twitter, Inc., et al.*, **Case No. 3:23-cv-01788-JD**

Dear Judge Donato:

Plaintiff Eitan Adler submits this discovery letter related to a recent deposition his counsel took pursuant to Fed. R. Civ. P. 30(b)(6). Counsel are located across the United States, making an in-person meeting impractical, but the parties conferred on this issue by telephone (on April 23, 2024) pursuant to this Court's standing order. Plaintiff has since followed up on these discussions (on May 2, 2024), reiterating his requests and seeking resolution and stating that he planned to move to compel if Defendants did not respond by the following week, but has still not received any response from Defendants.

On February 26, 2024, Plaintiff noticed a Rule 30(b)(6) deposition (Exhibit A). Twitter designated Lauren Wegman as its designee to testify on all topics (other than a portion of topic 3, for which Twitter ultimately designated Elon Musk). However, at the deposition, which took place on April 17, 2024, Ms. Wegman barely answered any questions, and Twitter's counsel obstructed Plaintiff from obtaining much, if any, testimony. For many if not most questions asked of Ms. Wegman, one of the following occurred: (1) Ms. Wegman professed not to know the answer (despite having been designated as the person most knowledgeable on the designated topics); (2) Twitter's counsel instructed Ms. Wegman not to answer (based on alleged privilege, despite the fact that the questions did not seek privileged information); (3) Twitter's counsel objected, based on the question purportedly being outside the designated topics (an objection Twitter's counsel overused – virtually whenever the question was not verbatim the same language as the topic listed in the deposition notice); (4) Twitter's counsel made improper objections (which severely interfered with Plaintiff's counsel's questioning of the witness – to the point to which Ms. Wegman turned to Twitter's counsel after each question, clearly seeking guidance as to whether or not she should answer the question); or (5) Twitter's counsel improperly coached the witness, both through objections and stating (in violation of this Court's standing order): "You can answer, if you know." *See* Standing Order for Discovery in Civil Cases Before Judge Donato ¶ 13 (Apr. 25, 2014) ("Under no circumstances should any counsel interject, 'if you know,' 'if you understand,' or otherwise coach a deponent or comment on a question.").

In short, Twitter's counsel's conduct during this deposition was entirely inappropriate. Plaintiff seeks an order: (1) requiring Twitter to produce a witness who will answer questions properly (and has knowledge of the listed topics); (2) requiring Twitter to pay Plaintiff's fees and costs incurred in taking the original Rule 30(b)(6) deposition, as well as engaging in this dispute and preparing this briefing; (3) ordering Twitter's counsel not to engage in further similar

obstruction of witness questioning at future depositions (Twitter's counsel Ms. Parker has engaged in similar conduct at other depositions related to cases Plaintiff's counsel have brought against Twitter, but the conduct reached a new level of egregiousness at this Rule 30(b)(6) deposition); (4) prohibiting Defendants from relying on Ms. Wegman's testimony, unless and until she is re-designated as their Rule 30(b)(6) witness and provides responsive testimony in an appropriate deposition in which Defendants do not improperly obstruct Plaintiff from obtaining responsive testimony; and (5) including any other relief the Court deems appropriate.

Given this Court's rule prohibiting counsel from including exhibits to discovery letters other than the discovery request and response (and given Plaintiff's uncertainty as to whether that rule would allow the attaching of a deposition transcript), Plaintiff has refrained from attaching the transcript as an exhibit to this letter.  Plaintiff would be happy to provide the transcript, or excerpts of it, should the Court wish to review it.

Pursuant to Rule 30(b)(6), a party "may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity." The Rule goes on to state that "[t]he named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf," and that "[t]he persons designated must testify about information known or reasonably available to the organization."

Case law in this district is well settled as to the meaning and operation of this rule. Namely, once a party has issued notice on the topics for examination, "the corporation must 'not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give ***complete, knowledgeable and binding answers on behalf of the corporation***.'" *Guifu Li v. A Perfect Day Franchise, Inc.*, 2011 WL 3895118, at \*2 (N.D. Cal. Aug. 29, 2011) (quoting *Marker v. Union Fidelity Life Insurance Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989)) (emphasis added). Further, and crucially, "[t]he 30(b)(6) notice ***establishes the minimum about which the witness must be prepared to testify, not the maximum***." *UniRAM Tech., Inc. v. Monolithic Sys. Tech., Inc.*, 2007 WL 915225, at \*2 (N.D. Cal. Mar. 23, 2007) (emphasis added). Courts in this district have further emphasized that "[t]he party being deposed may not instruct its designated witness not to answer except when ***necessary*** to preserve a privilege," *Postx Corp. v. Secure Data Motion, Inc.*, 2005 WL 767593, at \*2 (N.D. Cal. Apr. 1, 2005), and where the party has objections, "counsel shall state the objection on the record and the witness shall answer the question, to the best of the witness's ability." *Detoy v. City & Cnty. of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000).

Defendants ran afoul of these parameters time and time again in the Rule 30(b)(6) deposition of Ms. Wegman. The first two of eight topics Plaintiff designated in the deposition notice centered on the WARN Act, namely how the company approached decisions surrounding whether employees would or would not be provided notice under the federal and California WARN Acts.  When asked if there were discussions about whether employees would receive WARN Act notice as a result of the layoffs made after Elon Musk purchased Twitter, Ms. Wegman said she did not know. Wegman Dep. 21:24–22:4. When asked simply *whether* employees who were part of a set of layoffs that occurred on November 18, 2022, received WARN Act notice, Ms. Wegman said she did not know. Wegman Dep. 24:5–25:3. Ms. Wegman

also said she did not know when the decision was made whether employees laid off on November 4, 2022, would receive WARN Act notice, Wegman Dep. 50:18; she did not know if there were any notes or emails regarding that decision, Wegman Dep. 51:1–51:6; nor she did know if the company conducted any sort of analysis to determine the cost of providing WARN Act notice in making that decision, Wegman Dep. 60:24–61:2. These examples are just a sample of the questions Ms. Wegman stated she did not know the answers to, regarding the provision of WARN Act notice to employees, the central aspect of the first two topics listed in the Rule 30(b)(6) notice.

And these were not the only way in which Plaintiff's most basic questions surrounding the WARN Act were stonewalled.  Immediately after Ms. Wegman affirmed that she had indeed been designated to testify on behalf of Twitter on the topic of the WARN Act, when asked if there were any discussions at Twitter about the layoff decisions and whether employees would be provided WARN Act notice, counsel interjected to invoke privilege and instructed the witness not to answer. Wegman Dep. 30:11–31:10.  Questions, however, regarding the mere fact of such discussions, as well as who was involved in them, would clearly not be privileged.  The instruction not to answer such a basic introductory question stymied Plaintiff from obtaining any relevant information on this topic.

The other topics that Plaintiff designated in the Rule 30(b)(6) notice fared no better. Ms. Wegman could not answer how many employees were terminated allegedly for cause following Musk's acquisition of the company (even an approximation), Wegman Dep. 121:8–121:19, and she said she did not know how many reductions in force there were at the company or when the last one was, Wegman Dep. 102:8–103:19. Wegman Dep. 58:10–59:24.  When asked if there was anyone at Twitter who was looking for employees who engaged in conduct that could warrant termination following Musk's acquisition of the company, counsel instructed Ms. Wegman to answer in her *personal* capacity, not as a company representative, despite the fact that this question was pertinent to the necessity or not of WARN Act notice, a topic for which she had been designated as a Rule 30(b)(6) witness.  In her personal capacity, Ms. Wegman answered that she did not know. Wegman Dep. 70:6–70:7.

This Court has stated unequivocally that for a Rule 30(b)(6) deposition, "[t]he corporation has a duty to educate its witnesses so they are prepared to fully answer the questions posed at the deposition." *Bowoto v. ChevronTexaco Corp.*, 2006 WL 294799, at *1 (N.D. Cal. Feb. 7, 2006), *on reconsideration sub nom. Bowoto v. Chevron Corp.*, No. C 99-02506 SI, 2006 WL 2455740 (N.D. Cal. Aug. 22, 2006).  Defendants clearly failed to fulfill that duty, as Ms. Wegman was utterly unprepared to answer even the most basic questions related to the topics contained in the Rule 30(b)(6) notice, topics that are core to Plaintiff's claims. And, despite this Court making clear that the "party being deposed may not instruct its designated witness not to answer except when necessary to preserve a privilege," *Postx Corp.*, 2005 WL 767593, at *2, that is precisely what Defendants did over and over again.

These examples are just a sampling of the inappropriate obstruction that occurred at the Rule 30(b)(6) deposition of Ms. Wegman.  Again, Plaintiff would be happy to provide the Court with a copy of the transcript of the deposition if it desires to review it.  Plaintiff asks that the Court grant this motion to compel and for sanctions, as described above.

Respectfully submitted,

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan
Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I, Shannon Liss-Riordan, hereby certify that I filed the foregoing document via the CM/ECF system on May 25, 2024, which serves a true and accurate copy on all counsel.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan