# EXHIBIT A

SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
THOMAS FOWLER (*pro hac vice* forthcoming)
(tfowler@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:      (617) 994-5801

*Attorneys for Plaintiff Eitan Adler,
on behalf of himself and all others similarly situated*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| EITAN ADLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC., and X CORP.<br><br>Defendants. | Case No. 3:23-cv-01788-JD<br><br>**NOTICE OF DEPOSITION** |

1
NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(B)(6)

Please take notice that, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff's counsel will take the deposition upon oral examination of Defendant X Corp., as successor in interest to Defendant Twitter, Inc. This deposition will take place before an officer authorized by law to administer oaths at 9:00 AM Pacific Time on March 13, 2024, at the address below. The deponent will be examined on the subjects identified in the attached "Schedule A." You are invited to attend and participate.

    Magna Legal Services,
    One Sansome Street, Suite 3500
    San Francisco, CA 94104

Respectfully submitted,

EITAN ADLER, on behalf of himself and all others similarly situated,

By his attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
Thomas Fowler (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com; tfowler@llrlaw.com

Dated:        February 26, 2024

**CERTIFICATE OF SERVICE**

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of the foregoing document was served on counsel of record for Defendants in this matter by electronic mail on February 26, 2024.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan

# SCHEDULE A

(1) Defendants' decisions regarding which Twitter employees would be provided notice (or pay in lieu of notice) under the WARN Act and/or California WARN Act.

(2) Defendants' decisions regarding which Twitter employees would not be provided notice (or pay in lieu of notice) under the WARN Act and/or California WARN Act.

(3) Defendants' intention and efforts to reduce the size and cost of Twitter's workforce following Elon Musk's acquisition of Twitter.

(4) Defendants' expense reimbursement policy before and after Elon Musk acquired Twitter.

(5) Requests for expense reimbursement made by employees who Defendants laid off or terminated, and by employees who resigned, after Elon Musk acquired Twitter.

(6) Payments made by Defendants to employees who Defendants laid off or terminated, and by employees who resigned, after Elon Musk acquired Twitter for expense reimbursements.

(7) Defendants' paid time off policy before and after Elon Musk acquired Twitter.

(8) Defendants' payout of any accrued, but unused, paid time off to employees who were laid off or terminated by Defendants, or who resigned, during the period of October 2022 through October 2023.