MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000
Fax: +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendant
X CORP. as Successor in
Interest to TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EITAN ADLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TWITTER, INC. and X CORP.,<br><br>Defendants. | Case No. 3:23-CV-01788-JD<br><br>**DEFENDANT'S STATEMENT OF RECENT DECISIONS IN SUPPORT OF DEFENDANT'S DISCOVERY LETTER BRIEF (ECF NO. 56)** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S STATEMENT
OF RECENT DECISIONS
CASE NO. 3:23-CV-01788-JD

Defendant X Corp. as successor in interest to Twitter, Inc., ("Defendant") submits this Statement of Recent Decisions in support of Defendant's Discovery Letter Brief that seeks to compel production of responsive documents and information that Plaintiff has withheld from discovery based on a purported "NLRA privilege." *See* ECF No 56.

Under the Northern District's rules, when a motion is pending before the Court, Civil Local Rule 7-3(d)(2) allows counsel to "bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by filing and serving a Statement of Recent Decision." The Rule further provides that "[s]uch Statement shall contain a citation to and provide a copy of the new opinion without argument." Civ. L.R. 7-3(d)(2).[1]

Defendant hereby provides notice of three recent decisions by three different arbitrators in arbitrations involving the same dispute and the same counsel.[2]

1. *De Caires v. Twitter, Inc.* (JAMS Ref. No. 1100115268). On June 17, 2024, the arbitrator found no "NLRA privilege" existed and ordered Plaintiff's counsel to produce documents that had been withheld upon that basis. A copy of that decision is attached as **Exhibit A**.

2. *Gonzalez v. Twitter, Inc.* (JAMS Ref. No. 1601002267) (July 6, 2024, ruling; similarly ruling no NLRA privilege existed and ordering production of documents). A copy of that decision is attached as **Exhibit B**.

3. *Hu v. Twitter, Inc.* and *Stahle v. Twitter, Inc.* (JAMS Ref Nos. 1601002316 & 16012278) (July 7, 2024, tentative ruling that no NLRA privilege existed and ordering production of documents). A copy of that decision is attached as **Exhibit C**.[3]

---

[1] Defendant acknowledges that, per this Judge's Standing Order on Civil Discovery, Defendant's Discovery Letter Brief was not filed as a motion under Local Rule 7 and the Standing Order is silent as to whether a party may file a Statement of Recent Decision in support of a pending discovery letter brief. However, Civil Local Rule 7-3(d)(2) appears intended to provide the Court with an opportunity to review relevant rulings issued following the close of normal briefing so that such rulings may inform the Court's analysis and resolution of the pending dispute.

[2] Plaintiff's counsel currently represents numerous claimants in individual arbitrations against Defendant and has asserted the same "NLRA privilege" objection in these arbitrations.

[3] The Hu and Stahle demands are before the same arbitrator and the attached decision resolved the dispute for both matters. The portions of the decision unrelated to the NLRA privilege issue have been redacted.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANT'S STATEMENT
OF RECENT DECISIONS
CASE NO. 3:23-CV-01788-JD

| | |
|---|---|
| 1  Dated: July 10, 2024 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | |
| 3 | By  */s/ Eric Meckley*<br>Eric Meckley<br>Ashlee N. Cherry<br>Kassia Stephenson |
| 4 | |
| 5 | Attorneys for Defendant<br>X CORP. as Successor in Interest to<br>TWITTER, INC. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT'S STATEMENT
OF RECENT DECISIONS
CASE NO. 3:23-CV-01788-JD

EXHIBIT A

JAMS ARBITRATION
NO. 1100115268

JUSTINE DE CAIRES,
    Claimant,
v.
TWITTER, INC. and X CORP.,
    Respondents.

DISCOVERY ORDER

On June 10, 2024, counsel for the parties seek a discovery conference to address the production of documents from Claimant said to be relevant to Claimant's deposition set for June 21, in preparation for the Hearing set for August 1-5, 2024. On June 12, Thomas Fowler appears for Claimant Justine De Caires and Kaiser Chowdry and David Braderdorf appear for Respondents Twitter, Inc. and X Corp. (hereafter collectively referred to as "Twitter or Respondents"). After the discovery telephone conference, counsel submit additional materials. Having considered arguments of counsel and the written submissions, Respondents' motion to compel production of the requested documents is granted.

Counsel offer only a general description of the requested documents said to consist of communications between Claimant and other Twitter employees regarding the circumstances of their employment after the acquisition of Twitter. Claimant's counsel describes Respondents' request as overly broad with a focus on present and prospective employment prospects and related benefits in the event of layoffs. Claimant's objection centers on what is described as the employee communications privilege under Section 7 of the National Labor Relations Board ("NLRB"). Claimant contends that employee communications regarding their employment status and planned and/or ongoing litigation against a current or former employer is protected matter. As such, protection from disclosure in this arbitration is warranted.

Claimant relies on a recent decision by an NLRB Administrative Law Judge in Whole Foods Market, Inc., Case 01-CA-288032 (April 11, 2024) and the Second Circuit decision in Leslie v. Starbucks Corp. 2024 WL 2186232 as the basis for the

1

privilege. Claimant believes the three-prong balancing test established in In re Guess ?, 339 NLRB 432 (2003) should apply weighing the employees' privacy interest and Respondents need to know. In so arguing, Claimant argues disclosing former employees' confidential communications to Respondents counsel and company management would be prejudicial and have a chilling effect on concerted activity referencing critical public statements by Elon Musk.

Respondents point to the relevance of the requested documents to address the claim of promissory estoppel, dispute the risk of retaliation as speculative and note in at least one other arbitration the documents have been produced with redactions and/or for counsels' eyes only.

The central issue is whether the documents are privileged. This arbitration is governed by the Federal Arbitration Act and California law. (Initial Case Conference Order) In California, all privileges are statutory. People v. Barefield (2021) 68 Cal.App.5th 890, 899; McNair v. NCAA (2015) 234 Cal.App.4th 25, 36; California Judges Benchbook: Civil Proceedings – Discovery § 4.1. The claim of privilege asserted by Claimant is not recognized by statute in California.

Turning to federal law, Federal Rule of Evidence § 501 provides:

The common law--as interpreted by United States courts in the light of reason and experience--governs a claim of privilege unless any of the following provides otherwise:
- the United States Constitution;
- a federal statute; or
- rules prescribed by the Supreme Court.

But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

The Advisory Committee notes to Rule § 501 state in part: "The rationale underlying the proviso is that federal law should not supersede that of the States in substantive areas such as privilege absent a compelling reason."

Respondents cite a series of federal court decisions that they contend have declined to adopt a NLRA privilege for communications between employees regarding work-related issues. See Epic Systems Corporation v. Lewis (2018) 584

2

U.S. 497, 517-519; Degrandis v. Children's Hospital Boston (D. Mass. 2016) 203 F.Supp.3d 193, 199-200; Chicago Bridge & Iron Co., N.V. v. Fairbanks Joint Crafts Council, AFL-CIO, 2019 WL 2579627 (D. Alaska); and Kinzer v. Whole Foods Market, Inc. No. 1:20-cv-11358-ADB (D. Mass. Dec. 17, 2021) Respondents also point to conflicting decisions by NLRA Administrative Law Judges on this issue. Finally, Respondents note the Second Circuit decision in Leslie relied on by Claimant expressly states the district did not abuse its discretion when it rejected this very claim of privilege in the discovery dispute subject to review.

The scant authority offered by Claimant does not provide a basis for asserting the requested discovery is privileged given both the applicable state and federal statutory and case law.

Consideration has been given to Claimant's contention of retaliation. However, the factual record in support of the contention is minimal. Nothing is known about the individuals apart from being employed now or at one time at Twitter; nor is anything known about Twitter's present management and/or the company representatives participating in the litigation. The litigants may wish to consider an agreement that limits the production to "attorneys' eyes only" or "redactions" but this record does not warrant an order to do so.

For the reasons stated, the requested documents are to be produced.

June 17, 2024

*[signature]*
Judge Patrick J. Mahoney (Ret.)
Arbitrator

3

EXHIBIT B



# EDWARDO GONZALEZ VS. TWITTER, INC.
## JAMS REF. NO. 1601002267

TO:      MATTHEW CARRIERI, ESQ.

           JACK BARTHOLET, ESQ.

           MATTHEW PATTON, ESQ.

           MORGAN McGREEVY, ESQ.

           KATHERINE PLASTER, ESQ.

FROM:    LUIS CARDENAS, JUDGE (RET.)

DATE:     JULY 6, 2024

## INTRODUCTION

On June 27, 2024, the parties provided a "joint letter" outlining their respective positions on a discovery dispute.

The argument between the parties is whether claimant, Eduardo Gonzalez, may withhold a discovery request from Twitter based on a "NLRA privilege."

Respondents argue that claimant is bringing a claim of promissory estoppel, alleging claimant relied on purported promises that Twitter's management made

regarding the payment of severance benefits if an employee was let go after Elon Musk completed his purchase of Twitter.

Twitter argues co-worker communications are highly and directly relevant to determine if claimant believed he was entitled to severance.

Claimant urges the arbitrator to apply the NLRA privilege because there is a NLRB precedent establishing "confidentiality" to co-worker communications.

## ANALYSIS AND OPINION OF THE ARBITRATOR

This is an arbitration, not a civil matter. In arbitrations there are very few restrictions on the admissibility of evidence. For example: Hearsay is received in arbitration hearings…the issue is weight not whether the evidence comes in or not.

While attorney client privilege and the work product doctrine are the exception to the rule stated above and are recognized as viable objections in an arbitration hearing…other claims of "privilege" or "confidentiality" must squarely fall within a legally protected orbit to be excluded as evidence.

The arbitrator carefully read the joint statement and all the attached exhibits provided for his review.

The undersigned recognizes Section 7 of the NLRB does adopt a rule that employee communications regarding their employment status and planned or ongoing litigation against a current or former employer is considered "protected."

However, the arbitrator cannot find any authority under the Federal Arbitration Act or under California law that this "privilege" is recognized or applies to communications among or between employees regarding work related disputes being heard in an arbitration forum.

The arbitrator reviewed all the authorities cited by both sides. The undersigned finds *Leslie vs. Starbucks* (2024) WL 2186232 does not support claimant's contention of privilege in an arbitration setting.

## CONCLUSION AND RULINGS

1) Respondents' request for production is granted.

2) All documents currently withheld under a claim of NLRA privilege shall be produced.

3) This includes all claimant communications with current and former employees.

4) Compliance shall be on or before July 12, 2024.

5) Production may be disseminated as provided in the "DISSEMINATION ORDER" in the Niemack matter dated April 26, 2024.

IT IS SO ORDERED THIS 6TH DAY OF JULY 2024.

_____

HON. LUIS CARDENAS, (RET.)

ARBITRATOR

EXHIBIT C

# JAMS ARBITRATION

## REFERENCE Nos. 1601002316 & 16012278

**WENDENG HU v. TWITTER,**

**AND**

**CAITLIN STAHLE v. TWITTER**

**Attorneys for Wendeng Hu**

    Claimant,

    Lichten & Liss-Riordan

        Shannon Liss-Riordan

        Thomas Fowler

        Email: sliss@llrlaw.com

**Attorneys for Twitter, Inc.**

    Respondents

    Morgan Lewis & Bockius LLP

        Kaiser Chowdhry

        Email: kaiser.chowdhry@morganlewis.com

    Quinn Emanuel

        Mari Henderson

        Email: marihenderson@quinnemanuel.com

## TENTATIVE RULING ON CERTAIN DISCOVERY ISSUES

The two separate arbitrations in the above referenced matters are part of a substantial collection of arbitrations pending with JAMS. This Arbitrator has several others where he was selected to serve as arbitrator over the next several

months. It appears that altogether, there may be approximately more than one thousand involving similar issues and the same core law firms handling the cases.











The Claimants have asserted a "privilege" described in their papers generally as an "NLRA" privilege based on an ALJ decision in *In Re Guess? Inc.* 339 NLRB 432 (2003).  The Arbitrator notes there are no cases found which indicate federal courts have accepted this ruling at least in legal issues outside the NLRA, if then. The Arbitrator is not aware that any rulings of the NLRA ALJ have legal consequence on matters pending in the courts presided over by Article Three judges. These observations are made to indicate the Arbitrator is very skeptical of the importance of this decision on issues in this case.  The ruling certainly should not

serve as basis to preclude the exchange of relevant discovery in the case. Furthermore, a valid privilege claim prevents the disclosure of relevant information from being received by a party. The establishment of a privilege is not favored, especially when there is sparse evidence of its acceptance as a legal notion. *United States v. Nixon,* 418 U.S. 683 (1974). The idea of an "NLRA privilege" falls into this bucket. The tentative is to reject this so-called privilege argument.



DATE: July 7, 2024

Hon. Robert L. Dondero (Ret.) Arbitrator