MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendant
X CORP. AS SUCCESSOR IN INTEREST TO TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EITAN ADLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TWITTER, INC. and X CORP.,<br><br>Defendants. | Case No. 3:23-CV-01788-JD<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADMINISTRATIVE
MOTION
CASE NO. 3:23-CV-01788-JD

Pursuant to Civil Local Rule 79-5(f)(3), Defendant X Corp., on its own behalf and as successor-in-interest to Twitter, Inc. ("Defendant" or "X Corp."), submits this response to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 73. As explained below, Defendant satisfies both the "good cause" and "compelling reasons" standards for sealing portions of Exhibits 4, 5, 12, 16, 18, and 19 to Plaintiff's Motion for Class Certification (the "Motion").

## I.  LEGAL STANDARD

A District Court has "broad discretion to permit sealing of court documents for, *inter alia*, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *In re Yahoo Mail Litig.*, 2015 WL 12990210, at *1 (quoting Fed. R. Civ. P. 26(c)(1)(G)). Under Ninth Circuit law, the sealing of records for non-dispositive motions requires a showing of "good cause," while the sealing of records for dispositive motions requires a showing of "compelling reasons." *See, e.g., Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010). The Ninth Circuit has yet to decide whether a motion for class certification is a dispositive or non-dispositive motion, and courts within the Northern District of California are split on this question. *Compare In re Yahoo Mail Litig.*, 2015 WL 12990210, at *1 (N.D. Cal. June 8, 2015) (finding that motions for class certification are generally considered non-dispositive and applying the good cause standard), *with Hyams v. CVS Health Corp.*, 2023 WL 2960009, at *2 (N.D. Cal. Mar. 15, 2023) (applying the "compelling reasons" standard to grant a motion to seal exhibits filed in support of a motion for class certification).

The Court should apply the "good cause" standard here because Plaintiff's class certification motion is only tangentially related to the merits of his case. *See*, *e.g.*, *Rodriguez v. Google LLC*, 2024 WL 42537, at *1 (N.D. Cal. Jan. 3, 2024) ("Districts in the Ninth Circuit generally treat motions for class certification as non-dispositive."); *Parducci v. AMCO Ins. Co.*, 2021 WL 5908379, at *16 (N.D. Cal. Dec. 14, 2021) ("Parducci's first motion to seal was filed with his motion for class certification. Because this motion is at most tangentially related to the underlying cause of action, the good cause standard applies."); *In re High-Tech Emp. Antitrust Litig.*, 2013 WL 5486230, at *2 (N.D. Cal. Sept. 30, 2013) ("As Plaintiffs' Motion for Class

1  Certification is a non-dispositive motion, the Court finds that the parties need only demonstrate
2  'good cause' in order to support their requests to seal."). Indeed, the information X seeks to seal
3  has no relevance to the Motion. *See* ECF No. 72. In support of his motion for class certification,
4  Plaintiff does not rely on or cite to this information in the Motion. *See id.* In any event, sealing is
5  warranted under either standard.

## II.   ARGUMENT

Defendant has both good cause and compelling reasons to seal the portions of Exhibits 4, 5, 12, 16, 18, and 19 that contain confidential financial information related to X's labor costs as well as information regarding competitively sensitive business strategies and planning. *See* Declaration of Walter Gilbert ("Gilbert Decl."):

- <u>Exhibits 4 and 5</u> (ECF 73-6, ECF 73-7) include details regarding the costs of salaries, commissions, benefits, and equity vesting for a proposed list of employees to be terminated in connection with X's November 4, 2022, RIF.  Gilbert Decl., ¶¶ 6-7.

- <u>Exhibit 12</u> (ECF 73-14) contains confidential business information related to X Corp. in May 2023—at which point X Corp. was a privately held company—and provides details regarding X Corp.'s employee headcount, termination, and hire figures. *Id.*, ¶ 8.

- <u>Exhibit 16</u> (ECF 73-18) is an email chain that discloses confidential financial figures. *Id.*, ¶ 9.

- <u>Exhibit 18</u> (ECF 73-20) is an email chain that contains information regarding competitively sensitive staffing figures and planning. *Id.*, ¶ 10.

- <u>Exhibit 19</u> (ECF 73-21) is a copy of internal notes that reflect competitively sensitive business strategies and planning. *Id.*, ¶ 11.

These documents contain precisely the type of sensitive information that, if published, could cause "unfair advantage and irreparably harm [d]efendant" because it could be used by a competitor to gain competitive advantage. Gilbert Decl. ¶¶ 12-13. The financial and headcount figures contained in Exhibits 4, 5, 12, 16, and 18 are confidential and non-public. *Id.*, ¶ 12. Public disclosure of these figures may cause competitive harm to X, and place it at a disadvantage in the market. For example, X's competitors could use the information to ascertain the average

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADMINISTRATIVE MOTION
CASE NO. 3:23-CV-01788-JD

compensation that X provides to its employees, including the salaries and commissions it offers, and the value of its equity and benefits packages, and use this information to negatively impact X, including its ability to hire and retain talent. *Id.* In addition, Exhibits 12 and 19 contain sensitive and non-public business information related to X's financial and strategic planning. *Id.*, ¶ 13. Public disclosure of this information, too, may harm X because third-party vendors could use this information to gain an advantage in negotiating with X for services and X's competitors could use it to gain a competitive advantage on the market. *Id.* The Court therefore has good cause to maintain them under seal. *See, e.g., Hart v. U.S. Bank NA*, 2013 WL 5965637, at *10 (D. Ariz. Nov. 8, 2013) (finding good cause to seal an "internal policy and guideline unique to [d]efendant and not public knowledge" because, if made public, the document "could provide competitors with an unfair advantage and irreparably harm [d]efendant in terms of lost competitive advantage" (alterations and citation omitted)).

Courts also routinely seal this type of information under the "compelling reasons" standard that applies to dispositive motions. *See, e.g., Fed. Trade Comm'n v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) ("[T]o the extent that the instant motion seeks to seal information that, if published, may harm [defendant] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets, the Court agrees with the parties that compelling reasons exist to seal this information."); *Baird v. BlackRock Institutional Tr. Co.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. Sept. 3, 2019) (recognizing "[c]ourts have found that 'confidential business information' in the form of . . . **financial terms**, details of confidential licensing negotiations, and **business strategies** satisfies the compelling reasons standard" (internal quotations omitted)) (emphasis added); *Milliner v. Bock Evans Fin. Counsel, Ltd.*, 2020 WL 1492692, at *2 (N.D. Cal. Mar. 27, 2020) (sealing "highly negotiated agreement" that would "expose [litigant] to competitive harm" if publicly disclosed); *In re Elec. Arts Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (reversing lower court's failure to seal financial terms of 2006 licensing agreement because court has power to insure records are not used "as source of business information that might harm a litigant's competitive strategy"); *Optronic Technologies, Inc. v. Ningbo Sunny Elec. Co., Ltd.,* 2018 WL 6592784, *3-4 (N.D. Cal. Dec. 14, 2018) (sealing email

chain that discloses pricing details and "reveals business . . . strategies," which, "if disclosed, could cause [] competitive harm," and where also email's "contents (as opposed to the date of its production) are not particularly pertinent to the matters raised in Orion's motion").

### III. CONCLUSION

For these reasons, the Court should maintain under seal the portions of Exhibits 4, 5, 12, 16, 18, and 19 identified in this motion and the Gilbert Declaration. With the Court's permission, X will file more narrowly redacted copies of Exhibits 4, 5, 12, 16, 18, and 19 that redact only the sensitive business information identified in this motion to seal and the supporting Gilbert Declaration.

Dated: July 22, 2024                MORGAN, LEWIS & BOCKIUS LLP

                                    By  /s/ Brian D. Berry
                                        Eric Meckley
                                        Ashlee N. Cherry
                                        Kassia Stephenson
                                        Attorneys for Defendant
                                        X CORP. AS SUCCESSOR IN INTEREST TO
                                        TWITTER, INC.

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

5

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADMINISTRATIVE MOTION
CASE NO. 3:23-CV-01788-JD