1  Shannon Liss-Riordan (SBN 310719)
   *sliss@llrlaw.com*
2  Bradley Manewith (admitted *pro hac vice*)
   *bmanewith@llrlaw.com*
3  LICHTEN & LISS-RIORDAN, P.C.
   729 Boylston Street, Suite 2000
4  Boston, MA 02116
   Tel: (617) 994-5800
5  Fax: (617) 994-5801
6
7  *Attorneys for Plaintiff Eitan Adler,*
   *on behalf of himself and all others similarly situated*
8
9           IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF CALIFORNIA
10              SAN FRANCISCO DIVISION
11
12  EITAN ADLER, on behalf of          Case No. 3:23-cv-01788-JD
    himself and all others similarly
13  situated,                          **PLAINTIFF'S RESPONSE TO
                                       DEFENDANTS' REQUEST FOR
14          Plaintiffs,                JUDICIAL NOTICE**
15      v.
16                                     Date: October 10, 2024
    TWITTER, INC. and X CORP.,         Time: 10:00 a.m.
17                                     Judge: Hon. James Donato
18          Defendants.
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This Court may take judicial notice of the documents proffered by Defendants, but Plaintiff strenuously objects to Twitter's wholly improper attempt to get the Court to take judicial notice of the facts *within* these documents.

While the Court "may take judicial notice of records and reports of administrative bodies" and other "matters of public record, such as a prior order or decision," the Court may not take judicial notice "of the facts cited therein." *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012); *Marsh v. San Diego Cnty.*, 432 F.Supp.2d 1035, 1043–44 (S.D. Cal. 2006) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689–690 (9th Cir.2001)) (taking judicial notice of the existence of petitions for writ of habeas corpus but not the facts in those petitions); *see also McGinn v. Haw. Symphony Orchestra*, 2024 WL 1348639, at *8 (D. Haw. Mar. 29, 2024) (taking judicial notice of "the fact and date" of the charge plaintiff filed with NLRB, but not "any of the allegations within the NLRB charge"); *Eclipse Grp. LLP v. Target Corp.*, 2015 WL 11642192, at *1 n.1 (S.D. Cal. Sept. 30, 2016) (taking judicial notice of the existence of documents attached to defendants' request for judicial notice "but not the truth of the facts cited therein"); *Palasi v. IQ Data Int'l, Inc.*, 2024 WL 171384, at *3 (S.D. Cal. Jan. 16, 2024) (granting judicial notice of the existence of certificate of notice regarding a bankruptcy case, copy of order for discharge, and copy of docket, "but not the truth of the facts cited therein").

Accordingly, this Court cannot give credence to Twitter's attempts at circumventing the usual evidentiary processes to tailor-make what it claims are facts from a stitchwork of sources. Thus, Twitter's efforts to cite "facts" — which are, in any event, grossly misrepresented — related to Plaintiff Adler's termination, as well as the terminations of Jesse Feinman, Emmanuel Cornet, and Yao Yue, must be disregarded by this Court, as they are based exclusively on Twitter's impermissible citation to the *contents* of documents not in evidence in this case.

While Plaintiff acknowledges that there were separate NLRB charges filed for each of these employees related to their terminations from Twitter, the results of those charges are not relevant to Plaintiff's motion.  The NLRB declined to pursue charges for Mr. Feinman and Mr. Cornet, but that is not an adjudication as to whether their terminations were lawful or not, and that choice by the NLRB certainly says nothing about whether their terminations were part of Twitter's greater reduction in force plan implemented by Elon Musk.  Similarly, the NLRB charge that was pursued for Ms. Yue turned solely on the question of whether Ms. Yue was a manager at the time of her termination (and thus whether she was protected by the NLRA at the time).  Thus, the contents of these documents are wholly irrelevant to the issue before the Court – and it is not proper for the Court to take judicial notice of the facts stated within these documents.

Similarly, although the Court may take judicial notice of the existence of proposed Exhibits 3–4 (DLSE Waiting Time Penalty FAQs and Enforcement Manual), the Court may not take judicial notice "of the facts asserted within" the FAQs or the manual. *Brum v. MarketSource, Inc.*, 2017 WL 2633414, at *1 (E.D. Cal. June 19, 2017); *see also McNeil v. Toor*, 2024 WL 21668, at *9 (E.D. Cal. Jan. 2, 2024) ("Public records downloaded from a public agency's official website . . . are subject to judicial notice" but the court "may not make disputed factual inferences from judicially noticeable facts."). Thus, Twitter mischaracterized the type of notice the Court may take of all seventeen proposed Exhibits. While the Court may take judicial notice of the *existence* of the proposed Exhibits, the Court may not take judicial notice of the *content* of those Exhibits.

PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR CLASS CERTIFICATION
Case No. 3:23-cv-01788-JD

1
2
3
4
5
6
7
8
9

Moreover, the DLSE Waiting Time Penalty FAQs and Enforcement Manual is not relevant to the pending motion.  Twitter is requesting judicial notice presumably in order to argue that Plaintiff's claim for late-reimbursed expenses is not actionable.  However, that question addresses the merits of the claim, not whether a class is certifiable.  As noted in Plaintiff's reply, a recent decision by the California Supreme Court, *Naranjo v. Spectrum Sec. Servs., Inc.*, 13 Cal. 5th 93, 110 (2022), supports Plaintiff's argument that this claim is actionable (regardless of whether the DLSE has updated its materials to reflect recent caselaw – and which may not have yet been adjudicated in any event).

10
11
12
13
14
15
16
17
18
19
20
21
22

Respectfully submitted,

EITAN ADLER, on behalf of himself and all others similarly situated,

By his attorneys,

 /s/ Shannon Liss-Riordan

Shannon Liss-Riordan (SBN 310719)
*sliss@llrlaw.com*
Bradley Manewith (*pro hac vice*)
*bmanewith@llrlaw.com*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel: (617) 994-5800
Fax: (617) 994-5801

23

Dated:  August 5, 2024

24
25
26
27
28

PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR CLASS CERTIFICATION
Case No. 3:23-cv-01788-JD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of this document was served on counsel for Defendants Twitter, Inc. and X Corp. via the CM/ECF system on August 5, 2024.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan

PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR CLASS CERTIFICATION
Case No. 3:23-cv-01788-JD