MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:    +1.415.442.1000
Fax:   +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:    +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Defendant
X CORP. f/k/a TWITTER, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EITAN ADLER, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC. and X CORP.,<br><br>Defendants | Case No. 3:23-cv-01788-JD<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF ON CLASS CERTIFICATION (RESPONDING TO ECF 89)**<br><br>Judge:   Hon. James Donato |

**INTRODUCTION**

In its October 10, 2024 minute order (the "Order," ECF 89), the Court ordered Plaintiff to "file a supplemental brief re certification, not to exceed 8 pages, that states the classwide method and proof plaintiff intends to present with respect to establishing certification for the putative classes." In response, Plaintiff waived the white flag.

Plaintiff filed a half-page "Response to Court Order" ("Response," ECF 92) that abandons his putative federal and California WARN Act class claims and ignores the Court's order to provide substantive supplemental briefing on his putative class claim for late reimbursement of expenses.[1] On this record, the Court should not hesitate to deny Plaintiff's Motion for Certification. Indeed, his failure to address the Court's concerns is nothing short of a concession that he has failed to satisfy Rule 23. *Cf. Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc."); *Chavez v. Spearman*, 2020 WL 3073295, at *21 (E.D. Cal. June 10, 2020), report and recommendation adopted, 2020 WL 7056026 (E.D. Cal. Dec. 2, 2020) ("The jury reasonably could have found that defendant's failure to immediately deny the allegations constituted an adoptive admission of their truth.").

But even if the Court were to consider Plaintiff's "prior briefing" anew, it would not help Plaintiff because his Motion fails to demonstrate any class-wide method and proof with respect to his expense reimbursement claim, which is presumably why the Court ordered him to provide supplemental briefing in the first place. As discussed below and in Defendant's Opposition: (1) late expense reimbursement claims are not cognizable under Labor Code Section 203 as a matter of law, negating any classwide claim; (2) even if such a claim were cognizable (which it's not), Plaintiff fails to show that his expenses were reimbursed late, and thus he lacks Article III standing

---

[1] Plaintiff's Motion for Class Certification ("Motion," ECF 72) initially sought to certify a purported class of "All individuals who were employed by Twitter in California who did not receive their full final pay, benefits, and expense reimbursements on the day they were terminated." Mot. at 5. Faced with Defendant's Opposition to his Motion ("Opposition," ECF 81), at the oral argument before the Court Plaintiff "narrowed that to just expense reimbursements [that] were not paid upon their termination as required under California law." Oct. 10, 2024 Hearing Transcript ("Hr'g Tr."), at 5:9-11; Pl. Cert. Reply ("Reply," ECF 83) at 1.

to assert a class claim or advocate any "classwide method and proof"; (3) he provides no "classwide method and proof" for establishing late post-termination reimbursements across the putative class; it is clear that any adjudication of liability would instead require numerous mini-trials; and (4) even if the putative class had received late reimbursements, he offers no "classwide method and proof" for surmounting the many individualized inquiries needed to determine "willfulness," which determines liability.

**LEGAL ARGUMENT**

**I.   Late Expense Reimbursement Claims are Not Actionable Under Labor Code § 203**

Plaintiff has no viable "classwide method and proof" because, as detailed in Defendant's Opposition (at 19-20), there is no such thing as a claim for late expense reimbursements. Indeed, courts and the California Division of Labor Standards Enforcement ("DLSE") have held that "expense reimbursements are not 'amounts for labor performed'… and are not appropriately part of the calculation" for waiting time penalties under Labor Code Section 203. *Drumm v. Morningstar, Inc.*, 695 F. Supp. 2d 1014, 1021 (N.D. Cal. 2010); *Paycom Payroll, LLC v. Read*, 2020 WL 13505041 at *14 (S.D. Cal. Feb. 12, 2020) (same); *see* Request for Judicial Notice ("RJN," ECF 82),[2] Ex. 3 (DLSE, Waiting Time Penalty FAQs ("[T]he reimbursement for business expenses is not wages, [and] the waiting time penalty does not apply to your situation")); *id.* at Ex. 4 (DLSE Enf. Man. § 4.3.4 (revised Dec. 2019) (same). Plaintiff and the class thus have no cognizable "injury-in-fact," which he admits they must have to proceed on a classwide basis. Reply at 12 ("it is true that this Court must always assure itself that Article III standing exists as to all claims"); *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 594 (9th Cir. 2012) ("No class may be certified that contains members lacking Article III standing.").

*Naranjo v. Spectrum Security Services, Inc.*, 13 Cal. 5th 93 (2022), which Plaintiff cited and

---

[2] Plaintiff's Response to Defendant's RJN ("RJN Opp.," ECF 84) is immaterial. He admits that "the Court may take judicial notice of the existence of proposed Exhibits 3–4 (DLSE Waiting Time Penalty FAQs and Enforcement Manual)," and merely states that "the Court may not take judicial notice 'of the facts asserted within' the FAQs or the manual." RJN Opp. at 3. Defendant cites these materials for the DLSE's legal conclusion that expense reimbursements are not wages covered by Labor Code Section 203, not for any supposed "facts asserted" therein. *See Nelson v. Dollar Tree Stores, Inc.*, 2011 WL 3568498, at *3-*5 (E.D. Cal. Aug. 15, 2011) (citing DLSE Enf. Manual and FAQs in holding that reimbursements are not wages under Labor Code § 203).

1  relied upon in his Reply, did not involve expense reimbursements at all, as he concedes.  Reply at
2  12.  Rather, the Court held that statutory "premium pay for missed or noncompliant meal and rest
3  breaks" constituted "wages" within Labor Code Section 203 "precisely because [the employee's
4  entitlement to such premium pay arises where] she was *required to work* when she should have
5  been relieved of duty[.]"  *Naranjo*, 13 Cal. 5th at 106-07 (emphasis added).  By contrast, courts and
6  the DLSE recognize that expense reimbursements are *not* pay for labor performed.  *See supra*.
7  *Takacs v. A.G. Edwards & Sons, Inc.*, 444 F. Supp. 2d 1100, 1125 (S.D. Cal. 2006), also cited by
8  Plaintiff, does *not* support his position, as another California federal court recognized.  *See Nelson*,
9  2011 WL 3568498, at *4-*5 (stating that *Takacs* "did not hold, contrary to Plaintiff's
10 characterization, that failure to reimburse employees for expenses triggered the Section 203
11 penalties," and that "Plaintiff fail[ed] to provide persuasive authority that business expenses are
12 considered wages under Section 200").  Even if *Takacs* were on point, it conflicts with the great
13 weight of authority as discussed in Defendant's Opposition and *supra*.

14 **II.  Plaintiff Lacks Standing to Bring Class Claims as He Suffered No Late Reimbursement**

15       Even if Plaintiff's claims were cognizable under Labor Code Section 203 (which they are
16 not), he still has failed to identify any "classwide method and proof" because he has not shown that
17 *his own* expense reimbursements were delayed.  At his deposition, he chose to "defer to [his]
18 attorneys on the details" and did not "know whether [his reimbursement requests] were *submitted*
19 late or not," a critical fact that obviously would explain any delay in receiving reimbursement.  Pl.
20 Mot. Ex. 27 at 187:5-21 (emphasis added).  Plaintiff has no *class-wide* proof of injury when he
21 even lacks proof that he personally suffered an injury.  Not only is that a failure of class-wide proof,
22 it also constitutes a failure to demonstrate that Plaintiff is a typical member of the class or that he
23 suffered an injury-in-fact.  These flaws preclude certification: "[I]f none of the named plaintiffs
24 purporting to represent a class establishes the requisite of a case or controversy with the defendants,
25 none may seek relief on behalf of himself or any other member of the class."  *O'Shea v. Littleton*,
26 414 U.S. 488, 494 (1974); *Mays v. Wal-Mart Stores, Inc.*, 804 F. App'x 641, 643 (9th Cir. 2020)
27 (holding class was certified in error where plaintiff "failed to demonstrate Article III standing[.]");
28 *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) ("The test of typicality 'is whether

other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'") (citation omitted).

**III. Plaintiff Offers No Classwide Proof or Method for Showing Late Class Reimbursements**

As supposed "common proof" of class-wide injury, Plaintiff asserts that "Twitter itself admitted (Ex. 6 – 30(b)(6) Wegman Dep. at 112), [that] Twitter did not reimburse employees for their expenses *immediately upon termination*." Reply at 10-11 (emphasis added). This is simply false. The witness testified only that there may have been "some delay" in expense reimbursements, but that it **"depended on the – the individual and the situation"** – the exact opposite of a "classwide method and proof". Mot. Ex. 6 (L. Wegman Dep.) at 112:22-113:3 (emphasis added).

Furthermore, a "delay" in reimbursing expenses is not proof that any expenses were reimbursed *post-termination*, let alone that there was any common or uniform practice of doing so. To the contrary, it is undisputed that all laid off employees received 60 (or more) days' advance WARN Act notice prior to their termination dates, during which notice period they were *not* actively working or incurring new expenses, and per Twitter's policy were required to timely submit any expense reimbursement requests. *See* Pl. Mot. Ex. 6 at 105:5-18; *id.* at Ex. 13 at 1, 4 (Separation "FAQs" informing laid off employees that they "will remain an employee of the company but on a Non-Working Notice period through your separation date," and that they were to submit outstanding business expenses "within 30 days" after receiving the FAQs).

**IV. Plaintiff Offers No Classwide Proof or Method of Assessing Willfulness Under Labor Code § 203**

Plaintiff would have no "classwide method and proof" of liability, including through the Concur records or "payroll records" he references in his Reply (at 11), even if all putative class members had been reimbursed after their (many different) termination dates. As detailed in Defendant's Opposition, proving a violation of Labor Code Section 203 would require many highly individualized employee mini-trials, including to determine *what* expenses had been incurred, *whether* and *when* they were reimbursed, and, if not reimbursed, *whether* they were subject to a "good faith dispute." Expenses are simply not wages, as the law described *supra* makes clear. But

1   to the extent Plaintiff asserts entitlement to penalties under Section 203, a good faith dispute, based
2   in fact or law, as to whether wages were due at termination precludes a finding of liability
3   "regardless of whether the defense is ultimately successful." *Cleveland v. Groceryworks.com, LLC*,
4   200 F.Supp.3d 924, 959 (N.D. Cal. 2016); *see Naranjo v. Spectrum Security Services, Inc.*, 15 Cal.
5   5th 1056, 1077-1079 (2024); *Nordstrom Comm. Cases*, 186 Cal. App. 4th 576, 584 (2010); Opp.
6   at 21-23.

7        Again, Plaintiff's own circumstances illustrate his inability to provide any "classwide
8   method and proof." Adler did not "know whether [his reimbursement requests] were *submitted*
9   late or not," which clearly is pertinent to the timing of his reimbursement and any potential liability
10  under Labor Code Section 203. Pl. Mot. Ex. 27 at 187:5-21 (emphasis added). Other employees'
11  claims would turn on the specific facts of their own expenses and reimbursement requests and
12  Defendant's responses to those requests. For example, the court in *In re Taco Bell Wage and Hour*
13  *Actions* rejected the plaintiffs' argument that waiting time penalties could be proven on a classwide
14  basis through "[a]n analysis of Defendant's wage records," and held instead that "[w]illfulness
15  raises an inherently fact intensive inquiry focusing on state of mind and surrounding circumstances.
16  If a final pay subclass is certified, mini-trials would be required for each class member to determine
17  whether waiting time penalties should be imposed, including whether an employer acted willfully
18  and whether there is a good faith dispute that wages are due." 2011 WL 4479730 at *3, *5 (E.D.
19  Cal. Sept. 26, 2011) (internal quotation marks omitted); *see also Delgado v. Marketsource, Inc.*,
20  2018 WL 6706041, at *7 (N.D. Cal. Dec. 20, 2018) (same); *Gonzalez v. Millard Mall Serv., Inc.*,
21  281 F.R.D. 455, 465 (S.D. Cal. 2012) (same, finding "that the small sampling of termination data
22  [late payments to 23 of 84 employees] does not show commonality that most or all employees were
23  not paid their wages timely after termination.")).

24       Plaintiff's Reply misleadingly cites to *Edwards v. First American Corp.*, 798 F.3d 1172
25  (9th Cir. 2015), suggesting that, as a matter of law, raising a defense to "willfulness" cannot defeat
26  class certification. *Edwards* says no such thing and did not even involve a Labor Code Section 203
27  claim. Plaintiff also conveniently omits this final sentence from his cited quote of *Edwards*: "But
28  ***if an alleged defense is invalid as a matter of law***, the defense will not give rise to individual issues

and thus cannot be a valid basis for denying class certification." 798 F.3d at 1184 (emphasis added). This is all that the Ninth Circuit concluded on this point in *Edwards* – that "[n]o individual inquiries" as to various defenses were "necessary" *in that case* including because the defenses were legally invalid. Numerous cases, including many decided after *Edwards*, hold that individualized defenses that may be valid can defeat certification of Labor Code Section 203 and other claims. *See supra* at 4-5 (citing cases); *Macedonia Distrib., Inc. v. S-L Distrib. Co., LLC*, 2020 WL 610702, at *4 (C.D. Cal. Feb. 7, 2020) ("It is well established that the Court may engage in a merits-based analysis of either party's claims *or defenses* if it is necessary to determine the propriety of certification.") (emphasis added) (*citing Edwards* and *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013)).[3]

### V. **Plaintiff's Arguments About Premature "Merits" Inquiries and Discovery Are Baseless**

To dodge the infirmities with his Motion, Plaintiff makes the well-worn argument that X seeks to litigate the "merits" prematurely, and that he can meet his Rule 23 burden simply by making "allegations." *See* Reply at 13-14. But this ignores the stringent requirements of Rule 23, which "does not set forth a mere pleading standard." *Dukes*, 564 U.S. at 350. Rather, the Court "must conduct a 'rigorous analysis' to determine whether the party seeking certification has met the prerequisites of Rule 23." *Mazza*, 666 F.3d at 588. "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped." *Dukes*, 564 U.S. at 351 (citations omitted).

These Rule 23 standards remain fatal to Plaintiff's certification Motion. For example, he claims to have met his burden simply because he "has alleged that Twitter's refusal to provide timely payments were similarly part of a concerted, centralized policy to effectuate Elon Musk's mandate to immediately cut expenses as rapidly as possible." Reply at 14. But, as discussed above and in Defendant's Opposition, Plaintiff fails to cite evidence, much less "significant proof," to support this sweeping assertion. *See Dukes*, 564 U.S. at 353 (requiring "significant proof" that defendant operated under a general unlawful policy (there, discrimination) to support certification).

---

[3] Defendant's Opposition also demonstrated why Plaintiff's citation to *Leyva v. Medline Industries Inc.*, 716 F.3d 510 (9th Cir. 2013), in his initial Motion was inapposite. Opp. at 23. Plaintiff's Reply did not refute or otherwise address Defendant's arguments regarding *Leyva*.

1  Neither Plaintiff's Motion nor his Reply cites specific evidence of a common plan by Musk or
2  anyone else to cut costs not just by controlling expenses, but by uniformly refusing to reimburse
3  legitimate expenses properly incurred and timely submitted.  To the contrary, Plaintiff's own
4  evidence shows that X *encouraged* employees to submit their reimbursable expenses, and provided
5  a means for them to do so.  Pl. Mot. Ex. 13 at 4 (Separation FAQs); *id.* at Ex. 6 at 112:10-16
6  (describing submission protocol).

7  Nor can Plaintiff hide behind his baseless complaints about discovery, which he rehashes
8  in his Reply.  Setting aside that Plaintiff mispresents the discovery record (as explained in
9  Defendant's Opposition), his claim to need discovery of individual expense reimbursements across
10 the putative class demonstrates once again that he *cannot* prove his class claims via a "common
11 method and proof."  *See* Opp. § VII; *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985), as
12 amended (Aug. 27, 1985) (to determine whether classwide discovery is appropriate, "the plaintiff
13 bears the burden of advancing a prima facie showing that the class action requirements of
14 Fed.R.Civ.P. 23 are satisfied or that discovery is likely to produce substantiation of the class
15 allegations.").  Plaintiff also is estopped by his own inaction.  When the parties met and conferred
16 regarding discovery issues for approximately four hours on August 20, 2024 per this Court's order
17 (ECF 71), Plaintiff's counsel did not raise any discovery issues concerning the late expense
18 reimbursement claim.  Likewise, at the October 10, 2024 hearing on Plaintiff's Motion, this Court
19 invited Plaintiff's counsel: "once you get this, you can talk with your colleague here and see if
20 there's anything else you want to ask for and need, and see what you can do."  Hr'g Tr., at 28:18-
21 21.  Thereafter, Plaintiff made no such request to Defendant's counsel, either as to information
22 concerning his WARN Act claims or his late expense reimbursement claims.

23 **V.  Other Grounds Compel the Denial of Class Certification As Well.**

24  Per the Court's Order, Defendant has focused this Response on Plaintiff's failure to provide
25 a viable "classwide method and proof."  However, his Motion remains deficient for the other
26 reasons discussed in Defendant's Opposition.  These include, without limitation, his failure to meet
27 Rule 23's adequacy and typicality requirements given that Plaintiff, unlike most other putative class
28 members, is *not* bound by a Dispute Resolution Agreement ("DRA") with a class action waiver

provision that required arbitration of any disputes on an individual basis.  *See* Fenelon Decl. ¶¶ 2-6 (ECF 81-1); Pl. Mot. at 14-15, 14 n.7 & Ex. 22 ¶¶ 1, 8; *see* Oct. 10, 2024 Hr'g Tr., at 10:23-25 (Court stating: "There is no question that if anybody who's in – any putative class member is bound by an arbitration agreement, they can't be here.  They cannot be part of the class.").  For the same reason, Plaintiff fails to prove that numerosity plausibly exists across the unspecified number of people who purportedly received late reimbursements: "Mere speculation as to satisfaction of th[e] numerosity requirement does not satisfy Rule 23(a)(1)." *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 681 (S.D. Cal. 1999); *Anderson v. Central Refrig. Serv., LLC*, 2017 WL 11635450, at *3 (C.D. Cal. July 6, 2017) ("[c]onclusory and unsupported allegations are insufficient to establish numerosity").  These additional deficiencies compel the denial of certification on his alleged "late" expense reimbursement claim.

## CONCLUSION

Because Plaintiff offers no "classwide method and proof" demonstrating how his late expense reimbursement claims are legally viable and could be adjudicated on a classwide basis consistent with Rule 23, his Motion should be denied in its entirety.

Dated: December 23, 2024

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Brian D. Berry*
Eric Meckley
Brian D. Berry
Ashlee Cherry
Kassia Stephenson

Attorneys for Defendant
X CORP. f/k/a TWITTER, INC.