1   SHANNON LISS-RIORDAN (SBN 310719)
    (sliss@llrlaw.com)
2   BRADLEY MANEWITH (*pro hac vice*)
    (bmanewith@llrlaw.com)
3   LICHTEN & LISS-RIORDAN, P.C.
    729 Boylston Street, Suite 2000
4   Boston, MA 02116
    Telephone:    (617) 994-5800
5   Facsimile:    (617) 994-5801
6
7   *Attorneys for Plaintiff Eitan Adler*
8
9                **UNITED STATES DISTRICT COURT**
             **NORTHERN DISTRICT OF CALIFORNIA**
10                **SAN FRANCISCO DIVISION**
11
12                                          Case No. 3:23-cv-01788-JD
    EITAN ADLER,
13
                        Plaintiff,
14                                          **PLAINTIFF'S MOTION FOR LEAVE TO**
                                            **FILE SECOND AMENDED COMPLAINT**
15           v.
                                            Hearing:
16  TWITTER, INC. AND X CORP.              Date:      May 8, 2025
                                            Time:      10:00 AM
17                      Defendants          Place:     Courtroom
                                            Judge:     Hon. James Donato
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiff Eitan Adler will, and hereby does move this Court pursuant to Fed. R. Civ. P. 15, to file the Second Amended Complaint attached hereto as Exhibit A.

This motion is brought pursuant to Rule 15 of the Federal Rules of Civil Procedure on the ground that the interests of justice require amendment, Plaintiff has not unduly delayed in bringing this motion, and Defendant will not be prejudiced by allowing this amendment. This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the papers on file in this case, any oral argument that may be heard by the Court, and any other matters that the Court deems appropriate.

1

## TABLE OF AUTHORITIES

**Cases**

AmerisourceBergen Corp. v. Dialysist West, Inc.
    465 F.3d 949 (9th Cir. 2006).................................................................. 3

Duling v. Gristede's Operating Corp.
    265 F.R.D. 91 (S.D.N.Y. 2010) .............................................................. 4

Eminence Cap., LLC v. Aspeon, Inc.
    316 F.3d 1048 (9th Cir. 2003).................................................................. 4

Forman v. Davis
    371 U.S. 178 (1962)................................................................................ 4

Howey v. United States
    481 F.2d 1187 (9th Cir. 1973).................................................................. 4

Osakan v. Apple Am. Grp.
    2010 WL 1838701 (N.D. Ca. May 5, 2010) ............................................ 3

United Union of Roofers, Waterproofers, & Allied Trades No. 40 v. Ins. Corp. of Am.
    919 F.2d 1398 (9th Cir. 1990).................................................................. 3

**Rules**

Fed. R. Civ. P. 15 ....................................................................................... 3

This case is now an individual case asserting claims of the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act"), and the California WARN Act, Cal. Lab. Code § 1400 *et seq.* (the "California WARN Act"). Plaintiff contends that he was terminated as part of a mass layoff following Elon Musk's purchase of Twitter in October 2022 but that he did not receive the 60 days notice required for mass layoffs, or pay in lieu of notice.[1]

Pursuant to Fed. R. Civ. P. 15(a), Plaintiff seeks leave to amend the operative complaint to add two other claims related to his termination from Twitter, including breach of contract and promissory estoppel, for Twitter's not providing him with severance pay he was promised in the event he was terminated after Elon Musk acquired the company. A copy of the [Proposed] Second Amended Complaint is attached here as Exhibit A.

While this case has been pending for some time, Twitter will not be prejudiced by this amendment, as discovery is still underway in this case and no trial date is currently set.[2]

Notably, as well, Plaintiff's counsel are currently representing more than 2,000 former Twitter employees in individual arbitration, raising the same claims for breach of contract and promissory estoppel that Plaintiff seeks to add here to his complaint. Plaintiff's counsel have thus already conducted the vast majority of discovery that Plaintiff will need to pursue these

---

[1]    Plaintiff originally filed this case as a class action under the federal and California WARN Acts but agreed to dismiss these class claims after Twitter was ordered to provide information regarding the other employees who may have such WARN Act claims, including information regarding whether those employees were bound by arbitration agreements and whether they had already brought their own claims. (Dkts. 89, 92.)
    Plaintiff also included a class and PAGA claim for expenses, which he contended were not paid as required upon termination. The Court has not yet ruled on his remaining motion for class certification of this claim (Dkt. 72), but he is willing to forgo it should this amendment be permitted.

[2]    Trial was earlier set in this case for March 24, 2025 (Dkt. 59), but on October 10, 2024, the Court vacated all deadlines (Dkt. 89), and no new trial date has been set.

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

additional claims.[3]  The bulk of discovery that will be needed for this amended complaint will be discovery that Twitter would take of Plaintiff.  Because Plaintiff has already produced much of the discovery that he expects Twitter would request based on these additional claims (and he can supplement that discovery, if any further documents are needed), there will be no prejudice to Twitter.[4]

Given that Twitter has also defended these same claims against Plaintiff's counsel many times over in arbitration (in nearly 100 arbitration hearings that have been held to date), there will further be no prejudice to Twitter in defending against these same claims.  Indeed, Twitter has been conducting discovery for the thousands of employees who are going through arbitration over the course of just a few weeks each at most, which means that Twitter would have plenty of time to complete the discovery it would need to defend against these same claims Plaintiff wishes to add here before a trial date.

Now that this case is a single plaintiff case, Plaintiff wishes to add his other claims he has against Twitter related to his failure to receive promised severance after his termination, as well as WARN Act notice.  There is good reason for Plaintiff to seek to add these claims, now that this is a single plaintiff case.  Plaintiff has been a putative class member in another case raising the breach of contract and promissory estoppel claims he seeks to add here, namely <u>Cornet v. Twitter</u>, originally filed with this Court as C.A. No. 3:22-cv-06857-JD (N.D. Cal.), transferred to 23-cv-441 (D. Del.).[5]  However, Plaintiff is concerned that, should he not add these claims to this

---

[3]    Counsel for the parties have reached an agreement that discovery that Plaintiff's counsel have obtained in these cases may be used across all of their cases raising these similar claims, both in court and in arbitration.  Thus, there will not be a need for Plaintiff's counsel to retake the discovery they have already obtained from Twitter.

[4]    Twitter already deposed Plaintiff, but discovery is still ongoing, and Plaintiff would agree to have his deposition reopened so that Twitter could question him on these additional claims if needed.

[5]    This Court transferred the <u>Cornet</u> case to Delaware, because that case had an additional claim for breach of contract that was based on the Merger Agreement through which Mr. Musk purchased Twitter, and that contract had a Delaware choice of forum provision.  C.A. No. 3:22-cv-06857-JD (Dkt. 66).  Here, however, Mr. Adler is not seeking to add a claim for breach of

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

case (now that this is a single plaintiff case), he may be precluded from recovering on them as a class member in <u>Cornet</u>.[6]

Discovery is not closed in this case, since the Court vacated all deadlines (Dkt. 89) and has not set a deadline for discovery to close, nor has it set a new trial date.

When ruling on a motion to amend a complaint, a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Denial is proper only when amendment would be clearly frivolous, unduly prejudicial, cause undue delay or a finding of bad faith is made." <u>United Union of Roofers, Waterproofers, & Allied Trades No. 40 v. Ins. Corp. of Am.</u>, 919 F.2d 1398, 1402 (9th Cir. 1990). Here, the proposed amendment is plainly justified and will not result in prejudice or undue delay.

Federal Rule of Civil Procedure 15 admonishes the court that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" <u>AmerisourceBergen Corp. v. Dialysist West, Inc.</u>, 465 F.3d 949, 951 (9th Cir. 2006); <u>Osakan v. Apple Am. Grp.</u>, 2010 WL 1838701, *3 (N.D. Ca. May 5, 2010) ("Generally, leave to amend is to be granted with extreme liberality.") (internal citation omitted). Courts have recognized that "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" <u>Forman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>see also</u> <u>Duling v. Gristede's Operating Corp.</u>, 265 F.R.D. 91, 96 (S.D.N.Y. 2010) (internal quotation omitted) ("Leave to amend a pleading should be freely granted when justice so requires" and may be denied only "if the amendment (1) has been delayed unduly, (2) is sought for dilatory

---

contract pursuant to the Merger Agreement, nor does his proposed amendment make any reference to or stem from the Merger Agreement. Thus, there is no choice of forum provision in the contract which he seeks to enforce and no basis for transfer of this case.

[6]  Also, as <u>Cornet</u> is a putative class case, it will not be tried any time soon, very likely not before Plaintiff's individual case here would be tried.

purposes or is made in bad faith, (3) would prejudice the opposing party ... or (4) would be futile.").

"Not all of the factors merit weight, [and] it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); see also Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973) (of the factors courts consider when evaluating a motion to amend, "the crucial factor is the resulting prejudice to the opposing party."). Here, there are no reasons for the Court to deny Plaintiff's request for leave to file the proposed amended Complaint.

First, there is no undue delay, bad faith, or dilatory motive on the part of the Plaintiff. While this case has been pending for some time, discovery is not yet complete, no new trial date has yet been set, and no motions for summary judgment are pending. Moreover, Plaintiff's request for leave to file a further amended complaint to add his claims related to the promised severance he did not receive stems in part from his concern that, because he now has an individual WARN Act case pending here, which presumably will be tried before the Cornet case, and so he is concerned he may not be able to recover on his breach of contract and promissory estoppel claims as a class member in Cornet.

In short, given the liberal policy favoring amendment, the Court should allow the filing of the attached proposed Fourth Amended Complaint. The amendment is not in bad faith, dilatory, or futile, but rather is in the interests of justice and should be allowed.[7]

---

[7]    Notably, if this amendment were not permitted, Plaintiff could simply file a new complaint to raise the breach of contract and promissory estoppel claims (and that complaint would likely be related to this case). It would be more efficient for the claims to be part of the same case and tried together.

Respectfully submitted,

EITAN ADLER,

By his attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
Bradley Manewith (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com; bmanewith@llrlaw.com

Dated:        March 26, 2025

## CERTIFICATE OF CONFERENCE

I, Shannon Liss-Riordan, hereby certify that I conferred with counsel for Twitter regarding the subject matter of this motion, and Twitter did not consent to the requested amendment.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan

## CERTIFICATE OF SERVICE

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of this document was served on counsel for Defendant Twitter, Inc. via the CM/ECF system.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT