# EXHIBIT A

SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
BRADLEY MANEWITH (*pro hac vice*)
(bmanewith@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801

*Attorneys for Plaintiff Eitan Adler*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| EITAN ADLER,<br><br>  Plaintiff,<br><br>  v.<br><br>TWITTER, INC. AND X CORP.<br><br>  Defendants | Case No. 23-cv-01788-JD<br><br>**SECOND AMENDED COMPLAINT AND JURY DEMAND**<br><br>1. VIOLATION OF WARN ACT (29 U.S.C. §§ 2101 *ET SEQ.*)<br>2. VIOLATION OF CALIFORNIA WARN ACT (CAL. LAB. CODE §§ 1400 *ET SEQ.*)<br>3. BREACH OF CONTRACT<br>4. PROMISSORY ESTOPPEL |

## I. INTRODUCTION

1. Plaintiff Eitan Adler files this Complaint against Defendants Twitter, Inc. and X Corp. (collectively "Twitter"), challenging the company's violation of the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act"), and the California WARN Act, Cal. Lab. Code § 1400 *et seq.* (the "California WARN Act"), as well as for claims of breach of contract and promissory estoppel.

2. In October 2022, multi-billionaire Elon Musk purchased Twitter and immediately began laying off 80% of its workforce over the course of several months, beginning with layoffs of 50% of its workforce in the first week of November 2022 and more than 1,000 additional employees later that month. Twitter used a number of means to lay off its workers, including traditional layoffs, pretextual terminations that it claimed were "for cause", and laying off employees who it claimed voluntarily resigned. Plaintiff was terminated on November 15, 2022, for allegedly "violating company policy." However, Twitter did not inform Plaintiff what policy he violated. Although Twitter provided notice under the federal and California WARN Acts to many employees it was laying off, it did not provide notice to a number of others, including Plaintiff.

3. Plaintiff also brings claims challenging the company's breach of contract for not providing him with severance pay he was promised in the event he was terminated after Mr. Musk acquired Twitter, as well as for promissory estoppel.

## II. PARTIES

4. Plaintiff Eitan Adler is an adult resident of San Francisco, California, where he worked for Twitter from June 29, 2015, until his layoff on November 15, 2022.

5. Defendant Twitter, Inc. ("Twitter") is a Delaware corporation, headquartered in San Francisco, California.

6. Defendant X Corp. is a Nevada corporation, headquartered in San Francisco, California.

7. In or about March 2023, Twitter merged with X Corp., and as a result Twitter and X Corp. are a single entity. X Corp. has successor liability for Twitter's unlawful acts.

## III. JURISDICTION

8. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

9. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims, because those claims derive from a common nucleus of operative facts with Plaintiff's federal claims.

10. This Court has personal jurisdiction over Twitter, as it is headquartered in this District and conducts substantial business operations in this District.

## IV.   STATEMENT OF FACTS

11. Twitter is a social media company that employs thousands of people across the United States.

12. In April 2022, it was announced that multi-billionaire Elon Musk would be purchasing the company.

13. Following the purchase of the company by Elon Musk in late October 2022, Musk immediately began mass layoffs that ultimately affected about 80% of Twitter's workforce. In the first week of November alone, half of the workforce was notified that it was being laid off. Later that month, more than 1,000 additional employees were laid off. See Kate Conger, Ryan Mac, and Mike Isaac, Confusion and Frustration Reign as Elon Musk Cuts Half of Twitter's Staff, NEW YORK TIMES (November 4, 2022), https://www.nytimes.com/2022/11/04/technology/elon-musk-twitter-layoffs.html; Sheila Dang, Paresh Dave and Hyunjoo Jin, After Elon Musk's ultimatum, Twitter employees start exiting, Reuters (November 18, 2022), https://www.reuters.com/technology/after-elon-musks-ultimatum-twitter-employees-start-exiting-2022-11-18/.

14. Plaintiff lost his job as a part of these layoffs. He was terminated on November 15, 2022, purportedly for violating a company policy. However, Twitter did not inform Plaintiff what policy he had violated.

15. Although Plaintiff fell victim to Twitter's mass layoff, he was not provided with 60 days' advance written notice required by the federal WARN Act and the California WARN Act. Nor did he receive pay in lieu of notice.

16. In addition, Twitter breached a contract made with Plaintiff when, following his termination, he was not paid the severance that he had previously been promised.

17. Following the announcement in April 2022 that Elon Musk would be purchasing Twitter, many employees raised concerns regarding the company's policies following this anticipated acquisition, as well as concerns about potential mass layoffs.

18. In order to allay employees' concerns and try to prevent them from leaving Twitter to work at other companies, Twitter made various promises to employees.

19. One of the promises was that continuing employees would retain the same wages and benefits for a year after Musk's acquisition of the company.

20. Another of the promises was that employees who were terminated within one year of Mr. Musk's acquisition of the company would receive severance pay at least as favorable as the severance pay that Twitter previously provided to employees.

21. Under Twitter's pre-acquisition severance policy, laid off employees received at least two months' pay (or more, depending on the employee's length of service and position at the company), bonus plan compensation at target, cash value of equity that would have vested within three months from the separation date (or more, for more senior level employees), and a cash contribution for health care continuation.

22. These promises were communicated to employees orally and in writing by Twitter's management, including its former CEO, human resources personnel, and others. The written promise that benefits and severance would stay the same for a year was distributed to employees throughout the company in a Frequently Asked Questions (FAQs) document.

23. Plaintiff, like other employees, reasonably relied on these promises and maintained his employment at Twitter, rather than seeking job opportunities elsewhere. He did so to his detriment.

24. However, following the purchase of the company by Elon Musk in late October 2022, Twitter openly reneged on these promises.

25. Following his layoff, Plaintiff did not receive the severance pay that he (along with other Twitter employees) had been promised to be paid if he were terminated within a year of Musk's acquisition of the company.

## COUNT I

### Federal WARN Act

Plaintiff has been entitled to the rights, protections, and benefits provided under the federal WARN Act, 29 U.S.C. § 2101 et. seq. 24. Twitter was, and is, subject to the notice and back pay requirements of the federal WARN Act because Twitter is a business enterprise that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(1)(A) and(B). Plaintiff was terminated by Twitter as part of a mass layoff, but he did not receive the required notice, or pay in lieu of notice, under the federal WARN Act.

## COUNT II

### California WARN Act

Plaintiff has been entitled to the rights, protections, and benefits provided under the California WARN Act, Cal. Lab. Code § 1400 *et seq.* Twitter was, and is, subject to the notice and back pay requirements of the California WARN Act because Twitter is a business enterprise that employed 75 or more employees, as defined in the California WARN Act, Cal. Lab. Code §

1400(a). Plaintiff was terminated by Twitter as part of a mass layoff, but he did not receive the required notice, or pay in lieu of notice, under the California WARN Act.

## COUNT III

### Breach of Contract

As set forth above, from approximately April 2022 through October 2022, Twitter repeatedly informed Plaintiff (along with other employees), in consideration for their continued willingness to work for Twitter, that they would receive the same severance pay following Elon Musk's purchase of the company, that were no less favorable than what Twitter employees previously received, should they be terminated within a year of the acquisition.  However, following Musk's purchase of the company, Twitter breached that contract.  Following his termination, Plaintiff did not receive the severance package that had been promised to him, for continuing to work for Twitter through the acquisition.

## COUNT IV

### Promissory Estoppel

As set forth above, from approximately April 2022 through October 2022, Twitter repeatedly informed Plaintiff (along with other employees), in consideration for their continued willingness to work for Twitter, that they would receive the same severance pay following Elon Musk's purchase of the company, that were no less favorable than what Twitter employees previously received, should they be terminated within a year of the acquisition.  However, following Musk's purchase of the company, Twitter breached that contract.  In reasonable reliance on this promise, Plaintiff continued to work for Twitter, rather than looking for and accepting another job opportunity.  However, following Musk's purchase of the company, Twitter reneged on this promise.  Plaintiff did not receive the severance package that had been promised to him, for continuing to work for Twitter through the acquisition.  Plaintiff was

harmed by his reliance on this promise, including having lost the opportunity to obtain other employment, when the job market was more favorable.

### JURY DEMAND

Plaintiff requests a trial by jury on his claims.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

a. Declare and find that the Defendants have violated the federal WARN Act, 29 U.S.C. § 2101 *et seq.* and the California WARN Act, Cal. Lab. Code §§ 1400 *et seq.*

b. Declare and find that the Defendants have violated the California Labor code §§ 201, 203, and 227.3;

c. Award Plaintiff the pay he is owed under the federal and California WARN Acts;

d. Declare and find that Twitter is liable to Plaintiff as the result of its breach of its contract described above;

e. Declare and find that Twitter is liable to Plaintiff under the doctrine of promissory estoppel;

f. Award Plaintiff with the severance payment he was promised;

g. Award Plaintiff damages he suffered as a result of his detrimental reliance on Twitter's promise of severance;

h. Award compensatory damages, in an amount according to proof;

i. Award pre- and post-judgment interest;

j. Award reasonable attorneys' fees, costs, and expenses; and

k. Award any other relief to which the Plaintiff a may be entitled.

Respectfully submitted,

EITAN ADLER,

By his attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
Bradley Manewith (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com; bmanewith@llrlaw.com

Dated:            March 26, 2025