MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000
Fax: +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendant
X CORP. f/k/a TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EITAN ADLER,<br><br>              Plaintiff,<br><br>       vs.<br><br>TWITTER, INC. and X CORP.,<br><br>              Defendants. | Case No. 3:23-cv-01788-JD<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT X CORP.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date:   May 8, 2025<br>Time:   10:00 a.m.<br>Place:  Courtroom<br>Judge:  Hon. James Donato |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S REQUEST
FOR JUDICIAL NOTICE
Case No. 3:23-CV-01788-JD

**REQUEST FOR JUDICIAL NOTICE**

In accordance with Federal Rule of Evidence 201, Defendant X. Corp. respectfully requests that this Court take judicial notice of Exhibits 1 through 13 attached to this Request for Judicial Notice in connection with Defendant X. Corp.'s ("Defendant" or "X") Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint (the "Motion").

Rule 201 allows a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("Courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). The Court "must take judicial notice if a party request it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Public records taken from official websites whose accuracy cannot reasonably be questioned are subject to judicial notice. *See Paralyzed Veterans of Am. v. McPherson*, No. C064670SBA, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2009) (citing *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web."); *see also Yuksel v. Twitter, Inc.*, No. 22-CV-05415-TSH, 2022 WL 16748612, at *2-3 (N.D. Cal. Nov. 7, 2022) (finding that publicly available webpages and their contents are not subject to reasonable dispute and thus appropriate for judicial notice); *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("In general, websites and their contents may be judicially noticed.").

This Court can take judicial notice of Exhibits 1 through 13 because court orders and case filings are the type of documents that are properly noticed under Rule 201. *See Reyn's Pasta Bella,*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

-1-

DEFENDANT'S REQUEST
FOR JUDICIAL NOTICE
Case No. 3:23-cv-01788-JD

*LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice "of several other pleadings, memoranda, expert reports, etc." from related litigation because they are "matters of public record"); *see also Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (recognizing district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1112-14 (C.D. Cal. 2003) (granting judicial notice of court orders and civil minutes, including the "existence and legal effect of the documents.").

Accordingly, Defendant hereby requests that this Court take judicial notice of the following documents:

1. **Exhibit 1** is a true and correct copy of the Complaint (ECF No. 1) filed on November 3, 2022, in the matter entitled *Emmanuel Cornet, et al. v. Twitter, Inc.*, Case No. 3:22-cv-06857-JD, in the United States District Court for the Northern District of California.

2. **Exhibit 2** is a true and correct copy of the First Amended Complaint (ECF No. 6) filed on November 8, 2022, in *Emmanuel Cornet, et al. v. Twitter, Inc.*, Case No. 3:22-cv-06857-JD, in the United States District Court for the Northern District of California.

3. **Exhibit 3** is a true and correct copy of Twitter's Notice of Motion and Motion to Transfer Venue and/or Motion to Dismiss (ECF No. 45) filed on December 23, 2022, in *Emmanuel Cornet, et al. v. Twitter, Inc.*, Case No. 3:22-cv-06857-JD, in the United States District Court for the Northern District of California.

4. **Exhibit 4** is a true and correct copy of Plaintiffs' Opposition to Twitter's Motion to Transfer Venue and/or Motion to Dismiss (ECF No. 56) filed on January 20, 2023, in *Emmanuel Cornet, et al. v. Twitter, Inc.*, Case No. 3:22-cv-06857-JD, in the United States District Court for the Northern District of California.

5. **Exhibit 5** is a true and correct copy of the Joint Case Management Statement (ECF No. 58) filed on February 2, 2023, in *Emmanuel Cornet, et al. v. Twitter, Inc.*, Case No. 3:22-cv-06857-JD, in the United States District Court for the Northern District of California.

6. **Exhibit 6** is a true and correct copy of Plaintiffs' Notice Regarding Twitter's Motion to Transfer Venue and/or Motion to Dismiss (ECF No. 65) filed on April 13, 2023, in

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

-2-

DEFENDANT'S REQUEST
FOR JUDICIAL NOTICE
Case No. 3:23-cv-01788-JD

*Emmanuel Cornet, et al. v. Twitter, Inc.*, Case No. 3:22-cv-06857-JD, in the United States District Court for the Northern District of California.

7. **Exhibit 7** is a true and correct copy of the April 19, 2023 Order Granting Twitter's Motion to Transfer (ECF No. 66) in the matter entitled *Emmanuel Cornet, et al. v. Twitter, Inc.*, Case No. 3:22-cv-06857-JD, in the United States District Court for the Northern District of California.

8. **Exhibit 8** is a true and correct copy of the Second Amended Class Action Complaint and Jury Demand (ECF No. 40) filed on December 9, 2022, in the matter entitled *Emmanuel Cornet, et al. v. Twitter, Inc.*, Case No. 3:22-cv-06857-JD, filed in the United States District Court for the Northern District of California.

9. **Exhibit 9** is a true and correct copy of Plaintiff's Motion for Leave To File Fourth Amended Complaint (ECF No. 98) filed on March 13, 2025, in the matter entitled *Borodaenko v. Twitter, Inc., et al.*, No. 3:22-cv-07226-AMO, in the United States District Court for the Northern District of California.

10. **Exhibit 10** is a true and correct copy of Plaintiff's Motion for Leave To File Second Amended Complaint (ECF No. 112) filed on March 26, 2025, in the matter entitled *Zeman v. Twitter, Inc., et al.,* No. 3:23-cv-1786-SI, in the United States District Court for the Northern District of California.

11. **Exhibit 11** is a true and correct copy of the August 15, 2023 Order Denying Consolidation (ECF No. 58) in the matter entitled *Borodaenko v. Twitter, Inc., et al.*, No. 3:22-cv-07226-AMO, in the United States District Court for the Northern District of California.

12. **Exhibit 12** is a true and correct copy of Plaintiffs' Administrative Motion to Relate Cases (ECF No. 38) filed on May 16, 2023, in the matter entitled *Borodaenko v. Twitter, Inc., et al.*, No. 3:22-cv-07226-AMO, in the United States District Court for the Northern District of California.

13. **Exhibit 13** is a true and correct copy of Plaintiffs' Motion to Consolidate Cases (ECF No. 46) filed on June 6, 2023, in the matter entitled *Borodaenko v. Twitter, Inc., et al.*, No.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

-3-

DEFENDANT'S REQUEST
FOR JUDICIAL NOTICE
Case No. 3:23-cv-01788-JD

1  3:22-cv-07226-AMO, filed in the United States District Court for the Northern District of
2  California.

3  Dated: April 10, 2025                           MORGAN, LEWIS & BOCKIUS LLP

5                                                  By  /s/ Eric Meckley
                                                       Eric Meckley
                                                       Brian D. Berry
6                                                      Ashlee N. Cherry

7                                                      Attorneys for Defendant
                                                       X. Corp. f/k/a TWITTER, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

-4-

DEFENDANT'S REQUEST
FOR JUDICIAL NOTICE
Case No. 3:23-cv-01788-JD