MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:   +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:    +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Defendant
X CORP. f/k/a TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EITAN ADLER,<br><br>                Plaintiff,<br><br>vs.<br><br>TWITTER, INC. and X CORP.,<br><br>                Defendants. | Case No. 3:23-cv-01788-JD<br><br>**DEFENDANT X CORP.'S STATEMENT OF RECENT DECISION IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S STATEMENT OF RECENT
DECISION
Case No. 3:23-CV-01788-JD

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on April 15, 2025, the United States District Court for the Northern District of California filed its opinion in *John Zeman v. Twitter, Inc., et al.*, Case No. 3:23-cv-01786-SI (Westlaw citation not yet available). Pursuant to Local Rule 7-3(d)(2), Defendant X Corp. f/k/a Twitter, Inc. respectfully submits this Statement of Recent Decision in support of Defendant's Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint. A true and correct copy of the Court's decision in *Zeman* is attached hereto as **Exhibit 1**.

Dated: April 16, 2025            MORGAN, LEWIS & BOCKIUS LLP

                                 By     */s/ Eric Meckley*
                                     Eric Meckley
                                     Brian D. Berry
                                     Ashlee N. Cherry
                                     Attorneys for Defendant
                                     X CORP. f/k/a TWITTER, INC.

# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ZEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>TWITTER, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-01786-SI<br><br>**ORDER DENYING LEAVE TO AMEND COMPLAINT**<br><br>Re: Dkt. No. 112 |

Plaintiff requested leave to file a second amended complaint. Dkt. No. 112. Defendants oppose. Dkt. No. 114.[1] Pursuant to Civil Local Rule 7-1(b), the Court determines that the motion is suitable for resolution without oral argument.

Plaintiff seeks to add causes of action for breach of contract and promissory estoppel. Dkt. No. 112 at 1. Plaintiff notes that these same claims are at issue in a potential class action suit where plaintiff is a putative class member. *Id.* at 2 (referring to *Cornet v. Twitter*, Case No. 1:23-cv-00441-TMH (D. Del.)).[2] Plaintiff's counsel is co-counsel in *Cornet*. Plaintiff wants to add the claims here seemingly for two reasons. First, a trial has been scheduled in this case for October 14, 2025 while *Cornet* "will not be tried any time soon." *Id.* at 2 n.2. Second, plaintiff expresses concern that he may somehow be precluded from the class in *Cornet* because he omitted these claims in his individual litigation. *Id.* at 2.

---

[1] Plaintiff indicated in a joint statement filed on April 11, 2025 that he "intends to promptly submit a reply in support of his motion." Dkt. No. 117 at 6. The deadline for filing reply briefs is seven days after the opposition was due. Civil L.R. 7-3(c). In this case, the opposition brief was due April 7, 2025, making the reply brief due April 14, 2025. No reply was filed.

[2] Defendant requests judicial notice of certain filings in *Cornet* and other similar cases involving defendant and plaintiff's counsel. Dkt. No. 115. The Court grants the request.

Neither of these reasons merit leave to amend at this stage of the proceedings. Plaintiff filed his first amended complaint on January 31, 2024, the deadline set by the Court for an amended pleading after resolution of defendant's motion to dismiss. Dkt. Nos. 48, 50. On February 10, 2025, after plaintiff's attempt to create a class here faltered, the Court discussed the remaining case calendar with the parties, set discovery deadlines, and scheduled a trial for October 14, 2025. Dkt. Nos. 104, 105. Defendant scheduled to take plaintiff's deposition on April 23, 2025 and fact discovery closes on May 9, 2025. With these deadlines looming, inserting additional claims into the litigation would be unfair and unnecessary when the claims remain live in a separate lawsuit. Further, to the extent that plaintiff is concerned his own lawsuit precludes his class participation in *Cornet*, defendant indicated it will stipulate that it "will not raise the prior adjudication of this Action as a basis to exclude Plaintiff from any certified class in *Cornet*." Dkt. No. 114 at 6.

Accordingly, the Court DENIES plaintiff's motion for leave to amend.

**IT IS SO ORDERED**.

Dated: April 15, 2025

_____
SUSAN ILLSTON
United States District Judge

2