SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
BRADLEY MANEWITH (*pro hac vice*)
(bmanewith@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

*Attorneys for Plaintiff Eitan Adler*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| EITAN ADLER,<br><br>                Plaintiff,<br><br>   v.<br><br>TWITTER, INC. AND X CORP.<br><br>                Defendants | Case No. 3:23-cv-01788-JD<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Hearing:<br>Date:    May 8, 2025<br>Time:   10:00 a.m.<br>Place:   Courtroom 11<br>Judge:  Hon. James Donato |

This case was filed two years ago (on April 13, 2023). There is no trial date pending, nor any summary judgment motions, nor any current deadlines for filing a summary judgment motion. Meanwhile, the case of *Cornet v. Twitter*, originally filed in this Court as C.A. No. 3:22-cv-06857-JD (N.D. Cal.), transferred to 23-cv-441 (D. Del.), for which Plaintiff is a putative class member, is even further away from trial. The court in that case has not yet ruled on Twitter's initial motion to dismiss (which was filed nearly two years ago – on May 17, 2023). While Plaintiff was earlier willing to be an absent class member in that case, and pursue separate claims in this case, he had no way to know two years ago when he filed this case that the class action case would not have moved forward at all at this point – two years hence.

Plaintiff is ready to move forward to trial and looks forward to this Court setting a new trial date. But now that it is clear that it will be quite some time before the *Cornet* case could possibly be ready for trial (as the court in *Cornet* has not ruled on an initial motion to dismiss, much less entertained briefing yet on a motion for class certification), justice would allow him being able to add to his own case here the claims for breach of contract and promissory estoppel (seeking the severance pay that was promised to Twitter employees, but not paid after Elon Musk bought the company and laid off 80% of the workforce) that are languishing in *Cornet*.

Twitter spends 15 dense pages arguing why Plaintiff should not be permitted to make this simple amendment and then move forward to trial on his claims. It is curious why Twitter is so concerned about allowing one case to move forward to trial in public on these claims. To date, Plaintiffs' counsel (who represent more than 2,000 individual former Twitter employees on these same claims in arbitration) have arbitrated approximately *120 cases* raising the claims that Plaintiff seeks to add to this complaint. There would be no burden whatsoever on Twitter to defend itself against these same claims in this *one* case. In arbitration, because the discovery on these claims has been done, counsel for the parties have gotten through these 120 hearings, typically devoting a few weeks (if that) to individual discovery for each case (consisting of document production and a deposition of the claimant). Twitter argues so strenuously against

allowing an individual plaintiff to go forward in a public trial on these claims because it does not want these claims to be aired publicly. But that is not a reason not to allow Plaintiff to move forward now with all of his claims, now that it is clear that he would have to wait far longer to have his claims for breach of contract and promissory estoppel vindicated through the *Cornet* class action than to simply be able to take these claims to trial individually in his own case.[1]

Notably, Twitter also asserts in its opposition, that should Plaintiff attempt to file a separate individual case raising these claims for breach of contract and promissory estoppel, he will be precluded from doing so based on res judicata (for not having brought the claims in *this* case). In other words, Twitter is now saying that, for example, if a class were certified in *Cornet* but Plaintiff chose to opt out of the class and pursue his own individual case, or if a class were not certified in *Cornet*, Plaintiff would be precluded for all time from pursuing his own claim for breach of contract and promissory estoppel. There is no reason that Plaintiff's only avenue for pursuing his breach of contract and promissory estoppel claims (which are still timely, even if newly filed now) would be as a class member in *Cornet* – which it is now clear (though it was not so clear two years ago) will take a very very long time.[2]

---

[1]   Twitter argues that Plaintiff's counsel have engaged in gamesmanship through these constellation of Twitter cases. That is the epitome of the pot calling the kettle black. It is Twitter that has engaged in the most audacious forms of gamesmanship. As this Court may recall, Twitter moved to compel arbitration, beginning in the *Cornet* case when it was before this Court. As a result, former Twitter employees filed individual arbitrations, and Plaintiff's counsel now represent more than 2,000 former Twitter employees in individual arbitration. However, not being happy to lie in the bed it made, Twitter then stopped cooperating with arbitration and has refused to pay arbitration fees it has been ordered to pay by JAMS and AAA in many of these cases – leading Plaintiffs' counsel to have to file *a petition to compel arbitration against Twitter*. See Ma v. Twitter, C.A. No. 23-cv-3301-JT. Even after Judge Tigar ruled in that case that Twitter was bound to pay the fees it had been ordered to pay by JAMS and AAA, Twitter continued to refuse to pay those fees – and has now itself brought *a motion to compel arbitration against more than 30 former Twitter employees* that Plaintiffs' counsel *have been trying to arbitrate against Twitter* for two years, but for which Twitter has not allowed the cases to move forward in arbitration! See X Corp. v. Adusei, C.A. No. 25-cv-02926-JT. Twitter has proven itself to be the consummate game-player in these cases – while accusing Plaintiffs' counsel of gamesmanship simply because of various attempts they made to streamline and consolidate these cases.

Plaintiff recognizes that Judge Illston recently denied a similar request to amend another case (that is also now a single plaintiff case), <u>Zeman v. Twitter</u>, C.A. No. 23-cv-01786-SI, to add the breach of contract and promissory estoppel claims that Plaintiff seeks to add here. But in that case, a trial is set for October 14, 2025. Twitter protested that it could not be prepared to try those claims in a trial scheduled six months from now (even though it tries these very same claims every day in ongoing arbitrations against former employees represented by Plaintiff's counsel). In contrast, there is no trial date in this case. There is thus no similar reason for declining Plaintiff's request here to add these claims. Twitter can easily reopen Plaintiff's deposition to question him further about the promises made to him regarding severance he would receive in the event that he was terminated by Twitter following Elon Musk's acquisition of the company. Plaintiff will even bear the cost for the reopening of his deposition for this purpose.

Plaintiff respectfully requests that the Court permit him to add these claims and set a schedule to allow them to be tried. Under Rule 15 (which does apply here, to a motion to amend, notwithstanding Twitter's argument to the contrary), leave to amend is to be allowed where justice so requires. Here, justice so requires.

---

[2] Twitter also appears to contend in its opposition that the breach of contract and promissory estoppel claims that he seeks to add would need to be transferred to Delaware, just as this Court transferred the *Cornet* case to Delaware. This argument ignores the fact that, unlike the *Cornet* complaint, the proposed Second Amended Complaint in this case makes no mention at all of the "merger agreement" that contained the choice of forum clause that led this Court to transfer the *Cornet* case to Delaware. There is no forum selection clause in any contract alleged to have been violated in the proposed amended complaint here.

3
REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT

Respectfully submitted,

EITAN ADLER,

By his attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
Bradley Manewith (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Dated: April 17, 2025                  Email:  sliss@llrlaw.com; bmanewith@llrlaw.com

## CERTIFICATE OF SERVICE

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of this document was served on counsel for Defendant Twitter, Inc. via the CM/ECF system.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan

REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT