MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Defendant
X CORP. f/k/a TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EITAN ADLER, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC., and X CORP.<br><br>Defendants. | Case No. 3:23-cv-01788-JD<br><br>**DEFENDANT X CORP.'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   August 21, 2025<br>Time:   10:00 a.m.<br>Judge:   Honorable James Donato |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S DEMAND FOR
JURY TRIAL
CASE NO. 3:23-CV-01788

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 21, 2025, at 10:00 a.m. or as soon thereafter as may be heard in Courtroom 11 of this Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant X Corp. formerly known as Twitter, Inc. (hereinafter "Defendant"), will and hereby does move this Court for an Order striking Plaintiff Eitan Adler's demand for a jury trial.

Plaintiff asserts claims under the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 and the California Worker Adjustment and Retraining Act ("Cal-WARN"), Cal. Lab. Code §§ 1400 *et seq*., and has requested his claims be resolved by a jury. *See* ECF No. 3 at 6 ("Plaintiff requests a trial by jury on these claims."). However, as the remedies the Plaintiff seeks under both the federal and California WARN Act are equitable in nature, he has no right to a jury trial under either statute, and thus the Court should strike the request for jury trial for the reasons explained in the accompanying Memorandum in Support of this Motion, which is incorporated herein by reference.

This Motion is based on this Notice of Motion and Motion, and the accompanying Memorandum of Points and Authorities, the evidence to which the Court may take judicial notice, the record in this action, and any other evidence as may be presented by Twitter at or before the hearing on this Motion.

Dated: July 14, 2025

MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Eric Meckley*
    Eric Meckley

Attorneys for Defendant
X CORP. f/k/a TWITTER, INC..

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1

II. RELEVANT FACTUAL BACKGROUND ..................................................................... 1

III. ARGUMENT ..................................................................................................................... 1

    A. THE SEVENTH AMENDMENT DOES NOT PROVIDE FOR THE RIGHT TO A JURY WHEN THE REMEDY SOUGHT IS EQUITABLE IN NATURE ............................................................................................................. 1

    B. THE WARN ACT DOES NOT PROVIDE THE RIGHT TO A JURY TRIAL ................................................................................................................. 3

    C. THE NINTH CIRCUIT'S PRECEDENT ALIGNS WITH THE FIFTH AND SIXTH CIRCUIT'S HOLDINGS THAT PLAINTIFF ADLER IS NOT ENTITLED TO A JURY TRIAL UNDER THE FEDERAL WARN ACT ..................................................................................................................... 6

    D. PLAINTIFF IS NOT ENTITLED TO A JURY TRIAL UNDER CAL-WARN ............................................................................................................. 7

IV. CONCLUSION .................................................................................................................. 9

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Albemarle Paper Co. v. Moody*,
   422 U.S. 405 (1975) .................................................................................................... 4, 6

*Alcantara v. United Furniture Indus., Inc.*,
   No. 522-CV-02110-MCS-AFM, 2023 WL 3407154 (C.D. Cal. Apr. 21, 2023) ................ 5

*Benach v. County of Los Angeles*,
   57 Cal.Rptr.3d 363 (Cal. App. 2007) ................................................................................ 7

*Bledsoe v. Emery Worldwide Airlines*,
   258 F. Supp. 2d 780 (S.D. Ohio 2003), *aff'd sub nom. Bledsoe v. Emery
   Worldwide Airlines, Inc.*, 635 F.3d 836 (6th Cir. 2011) .................................................... 4

*Bledsoe v. Emery Worldwide Airlines, Inc.*,
   635 F.3d 836 (6th Cir. 2011) ............................................................................... 3, 4, 5, 6

*C & K Eng'g Contractors v. Amber Steel Co.*,
   587 P.2d 1136 (Cal. 1978) ................................................................................................ 7

*Carlberg v. Guam Indus. Servs.*,
   No. CV 14-00002, 2017 WL 4381667 (D. Guam Sept. 30, 2017) ................................... 6

*Cent. Laborers' Pension Fund v. McAfee, Inc.*,
   225 Cal. Rptr. 3d 249 (Cal. App. 2017) ............................................................................ 7

*Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*,
   494 U.S. 558 (1990) .......................................................................................................... 4

*Curtis v. Loether*,
   415 U.S. 189 (1974) .......................................................................................................... 2

*Day v. Trucking Servs., Inc.*,
   No. 09-CV-00031 SWW, 2014 WL 2718188 (E.D. Ark. June 16, 2014), *aff'd
   sub nom. Day v. Celadon Trucking Servs., Inc.*, 827 F.3d 817 (8th Cir. 2016) ................ 5

*DiPirro v. Bondo Corp.*,
   62 Cal. Rptr. 3d 722 (Cal. App. 2007), *as modified* (Aug. 8, 2007) ................................ 7

*Fleming v. Bayou Steel BD Holdings II L.L.C.*,
   83 F.4th 278 (5th Cir. 2023) ......................................................................................... 3, 4

*Granite Rock Co. v. Int'l Bhd. of Teamsters*,
   No. C 04-02767 JW, 2006 WL 8446856 (N.D. Cal. Oct. 5, 2006) ................................... 1

ii

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S DEMAND FOR A JURY
CASE NO. 3:23-CV-01788

*Interactive Multimedia Artists, Inc. v. Superior Court*,
    73 Cal.Rptr.2d 462 (Cal. App. 1998) .......................................................................... 7

*Jogani v. Superior Ct.*,
    81 Cal. Rptr. 3d 503 (Cal. App. 2008) ........................................................................ 7

*Kane v. PaCap Aviation Fin., LLC*,
    No. CV 19-00574 ........................................................................................................ 6

*Kane v. PaCap Aviation Fin., LLC*,
    No. CV 19-00574 JAO-RT, 2023 WL 5499994, at *4 (D. Haw. Aug. 25, 2023) ............... 5, 6

*Loc. Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*,
    244 F.3d 1152 (9th Cir. 2001) .................................................................................... 6

*Lutz v. Glendale Union High Sch.*,
    403 F.3d 1061 (9th Cir. 2005) .................................................................................... 6

*Morris v. Moon Ridge Foods, LLC*,
    No. 18-CV-03219-SRB, 2019 WL 7593902 (W.D. Mo. Aug. 14, 2019) ................... 5

*Nationwide Biweekly Admin., Inc. v. Superior Ct.*,
    462 P.3d 461 (Cal. 2020) ............................................................................................ 7

*Parsons v. Bedford, Breedlove & Robeson*,
    28 U.S. 433 (1830) ...................................................................................................... 2

*Roberts v. Genting New York LLC*,
    68 F.4th 81 (2d Cir. 2023) .......................................................................................... 3

*Sakamoto v. Duty Free Shoppers, Ltd.*,
    764 F.2d 1285 (9th Cir. 1985) .................................................................................... 6

*Southern Pac. Transportation Co. v. Superior Court*,
    129 Cal.Rptr. 912 (Cal. App. 1976) ............................................................................ 7

*Thomas v. Oregon Fruit Prods. Co.*,
    228 F.3d 991 (9th Cir. 2000) ...................................................................................... 5

*Tull v. United States*,
    481 U.S. 412 (1987) ........................................................................................... 2, 3, 4

*ZF Micro Sols., Inc. v. TAT Cap. Partners, Ltd.*,
    2022 WL 4090879 (Cal. Ct. App. Aug. 8, 2022) ........................................................ 7

**Statutes**

Cal. Lab. Code §§ 1400 *et seq.* ............................................................................................ 3

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S DEMAND FOR A JURY
CASE NO. 3:23-CV-01788

Federal Rules of Civil Procedure Rule 39(a)(2) .......................................................................... 1, 2

29 U.S.C.A. § 2104(a)(1)(B) ............................................................................................................ 5

29 U.S.C. §§ 2101-2109 ................................................................................................................... 3

iv

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DEMAND FOR A JURY
CASE NO. 3:23-CV-01788

## I. INTRODUCTION

Pursuant to Rule 39(a)(2) of the Federal Rules of Civil Procedure, Defendant X Corp., as successor in interest to Defendant Twitter, Inc. in the above-captioned matter (hereinafter "Defendant"), moves to strike Plaintiff's request for a jury trial. Plaintiff is not entitled to a jury trial in connection with his claims under the federal Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §§ 2101–2109, or the California Worker Adjustment and Retraining Act ("Cal-WARN"), Cal. Lab. Code §§ 1400 *et seq.*, because the remedies he seeks under these statutes are equitable in nature. As these are the only claims remaining in this action, the trial should proceed before the Court, not a jury.

## II. RELEVANT FACTUAL BACKGROUND

On April 13, 2023, Plaintiff commenced this action against Defendant. *See* ECF No. 1. Plaintiff contemporaneously asserted claims under various provisions of the California Labor Code in addition to his WARN Act and Cal-WARN claims. *See* ECF No. 3. However, on May 8, 2025, during a hearing before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint (which the Court denied), Plaintiff confirmed on the record that he was pursuing only the WARN Act and Cal-WARN claims and doing so on an individual basis. *See* ECF Nos. 95, 101, 103.

On June 24, 2025, the Court issued an Ordered setting trial for September 17, 2025, and stating that trial would be by jury. *See* ECF No. 106.

## III. ARGUMENT

### A. The Seventh Amendment Does Not Provide for the Right to a Jury When the Remedy Sought is Equitable in Nature.

Rule 39(a)(2) provides that a bench trial will result despite a jury trial demand where the Court determines that no statutory or constitutional right to a jury trial exists on the claims for which a jury trial is demanded, with a Court authorized to make such a finding upon a party's motion. *Granite Rock Co. v. Int'l Bhd. of Teamsters*, No. C 04-02767 JW, 2006 WL 8446856, at *4 (N.D. Cal. Oct. 5, 2006) ("Federal Rule of Civil Procedure 39(a)(2) provides that a trial by jury

shall occur for each issue for which a valid demand is made, unless 'the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States.'" (quoting F.R.C.P. 39(a)(2))).

Defendant's present Motion seeks to strike Plaintiff's request for a jury trial and modify the Court's Order (ECF No. 106) setting a jury trial. Defendant's motion is timely. *See Migliore v. Dental Fix Rx, LLC*, No. CV1504257BROSSX, 2016 WL 7655768, at *4 (C.D. Cal. July 22, 2016) ("Rule 39 does not impose a time restriction [on] motions to strike.") (citing *Century 21 Real Estate LLC v. All Prof'l Realty, Inc.*, No. 2:10–2751 WBS GGH, 2012 WL 2682761, at *2 (E.D. Cal. July 6, 2012)).

As to whether a right to a jury trial exists for a federal statutory claim, courts must first consider whether the statute at issue provides such a right based on the "language" or "legislative history" of such law. *See Tull v. United States,* 481 U.S. 412, 417, n. 3 (1987) ("Before initiating the inquiry into the applicability of the Seventh Amendment, '[w]e recognize, of course, the 'cardinal principle that this Court will first ascertain whether a construction of the statute is fairly possible by which the [constitutional] question may be avoided.'" (quoting *Curtis v. Loether*, 415 U.S. 189, 192, n. 6 (1974))). Where the relevant statute is silent as to the availability of a jury trial, courts then consider whether the Seventh Amendment confers a right to a jury trial for the statute in question. *Id.* ("Given this statutory silence, we must answer the constitutional question presented.")

Under the Seventh Amendment, a party is guaranteed a right to a jury trial only "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. amend. VII. As the U.S. Supreme Court explained, the Seventh Amendment confers a right to a jury trial to claims that are analogous to "common law." *Tull,* 481 U.S. at 417. To determine whether a statutory claim is equivalent or analogous to a "common law" cause of action, the U.S. Supreme Court has adopted a two-part test. *Id.* at 417-18.

First, courts must "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Id.* at 417. If a right to a jury trial

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S DEMAND FOR A JURY
CASE NO. 3:23-CV-01788

did not exist for the statute at issue, or an analogous cause of action, before adoption of the Seventh Amendment, there is no right to a jury trial. *Id.* ("Prior to the Amendment's adoption, a jury trial was customary in suits brought in the English law courts. In contrast, those actions that are analogous to 18th-century cases tried in courts of equity or admiralty do not require a jury trial.") (citing *Parsons v. Bedford, Breedlove & Robeson*, 28 U.S. 433 (1830)). Second, courts "examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* at 417-18.

### B. The WARN Act Does Not Provide the Right to a Jury Trial.

Here, the statutory language and legislative history of the federal WARN Act do not provide for a right to a jury trial. *Bledsoe v. Emery Worldwide Airlines, Inc.*, 635 F.3d 836, 841 (6th Cir. 2011) ("The WARN Act neither speaks directly to the question of whether there is a right to jury trial nor otherwise makes clear an intention in this regard. Nor does the legislative history traced by the district court reveal clear legislative intent on the issue.") (internal citations omitted). Therefore, Plaintiff is entitled to a jury trial on his federal WARN Act claim only if mandated by the Seventh Amendment according to the two-part *Tull* test. "'Few courts have decided whether there is a right to a jury trial under the WARN Act,' but the majority view is that there is ***not*** such a right because, *inter alia*, remedies under the Act are equitable rather than legal in nature." *Roberts v. Genting New York LLC*, 68 F.4th 81, 93 (2d Cir. 2023) (internal citation omitted) (emphasis added).

In *Bledsoe*, the Sixth Circuit Court of Appeals applied the Supreme Court's two-part test to a WARN Act claim and affirmed the district court's grant of the defendant's motion to strike the plaintiff's jury demand related to the WARN Act, finding that the WARN Act resolves equitable rights and thus does not provide for a right to a jury trial. 635 F.3d 836, 841-45 (6th Cir. 2011). Similarly, the Fifth Circuit Court of Appeals considered the Supreme Court's two-part test and the *Bledsoe* decision and held that "[b]ecause the remedy provided is equitable in nature, Plaintiffs are not entitled to a jury trial of their WARN Act claims." *Fleming v. Bayou Steel BD Holdings II L.L.C.*, 83 F.4th 278, 293 (5th Cir. 2023).

///

3

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S DEMAND FOR A JURY
CASE NO. 3:23-CV-01788

Regarding the first portion of the two-part test, both the Fifth and Sixth Circuits found there was no equivalent to the WARN Act during 18-century England. *Bledsoe,* 635 F.3d at 841 ("It is undisputed that no action for failing to give advance notice of an employment loss was known to 18th-century England."); *Fleming*, 83 F.4th at 289 ("There was no cause of action for failing to give prior notice of termination of employment in 18th-century England."). In searching for an analogous cause of action, the appellate courts concluded the WARN Act was akin to a "'breach of an employer's fiduciary duty,' historically an equitable cause of action." *Fleming*, 83 F.4th at 290 (quoting *Bledsoe,* 635 F.3d at 842). As explained by the *Bledsoe* district court, in the aforementioned analogy, the "fiduciary duty" of the employer under the WARN Act is to "safeguard the welfare of its employees by giving them at least 60 days' notice of any impending mass layoff or plant closing, or, in the absence thereof, remuneration for the number of working days for which it should have given advance notice, but did not." *Bledsoe v. Emery Worldwide Airlines*, 258 F. Supp. 2d 780, 793 (S.D. Ohio 2003), *aff'd sub nom. Bledsoe v. Emery Worldwide Airlines, Inc.*, 635 F.3d 836 (6th Cir. 2011). In other words, the WARN Act's notice requirement creates a statutory duty to act in the best interest of an employee that is akin to a trustee's obligation to act in the best interest of a beneficiary. *Id.* ("[T]he employer might be seen as a trustee, and the relief sought, that being back pay and benefits for a limited, definite time period, might be viewed as funds wrongly managed or withheld by the trustee."). "Viewing the WARN action through historical analogues then, it appears to be equitable and not legal in nature." *Fleming* , 83 F.4th at 291.

As to "the second and more important question of whether the remedy is legal or equitable in nature," as the Sixth Circuit noted, "monetary relief is not necessarily legal in nature" if "analogous to equitable restitutionary relief[.]" *Bledsoe*, 635 F.3d at 842 (citing *Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*, 494 U.S. 558, 570 (1990)). After review of the remedies provided by the WARN Act, namely "liability for back pay and benefits[,]" the Sixth Circuit concluded that the remedies constituted "equitable restitutionary relief" because the WARN Act's remedies "are tailored to restoring the pay and benefits that the employer should have

provided to its aggrieved employees" during the sixty-day notice period, and are "not compensation for discriminatory or otherwise wrongful termination or layoff." *Id.* at 842-43.  The Fifth Circuit similarly held that "damages available under the WARN Act seek to extract proper compensation for impacted employees rather than punish their employer. They are restitutionary." *Fleming*, 83 F.4th at 292 (citing *Tull*, 481 U.S. at 422).  Both appellate courts also found that the WARN Act's preservation of judicial discretion as to the amount of an employer's liability under the statute supported the notion that the remedies available under the WARN Act are equitable. *Bledsoe*, 635 F.3d at 844 ("[T]he WARN Act places the entire amount of the liability in the district court's discretion. This reinforces our view that the WARN Act remedies at issue are equitable in nature."); *Fleming*, 83 F.4th at 291-92 ("Where 'the [d]istrict [c]ourt retains substantial discretion whether or not to award backpay . . . the nature of the jurisdiction which the court exercises is equitable.'" (quoting *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 443 (1975))); *see also* 29 U.S.C. § 2104(a)(4) ("If an employer which has violated this chapter proves to the satisfaction of the court that the act or omission that violated this chapter was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of this chapter the court may, in its discretion, reduce the amount of the liability or penalty provided for in this section.").

Most of the courts, within and outside of the Fifth and Sixth Circuits, that have addressed the issue of whether the Seventh Amendment provides a right to a jury trial for claims asserted under the WARN Act have similarly concluded that plaintiffs bringing WARN Act claims are not entitled to a jury trial, including two courts within the Ninth Circuit. *See Alcantara v. United Furniture Indus., Inc.*, No. 522-CV-02110-MCS-AFM, 2023 WL 3407154, at *3 (C.D. Cal. Apr. 21, 2023) ("No party has demanded a jury, and a jury trial appears unavailable for Plaintiffs' WARN Act claim[.]") (internal citation omitted); *Kane v. PaCap Aviation Fin., LLC*, No. CV 19-00574 JAO-RT, 2023 WL 5499994, at *4-7, 9 (D. Haw. Aug. 25, 2023) ("[T]his Court will follow the overwhelming weight of caselaw that characterizes the WARN Act and its remedial provisions as restitutionary and thus equitable in nature. It is convinced by the *Bledsoe* court's approach . . .

1  and so the Court will decide this claim"); *see also Day v. Trucking Servs., Inc.,* No. 09-CV-00031
2  SWW, 2014 WL 2718188, at *11 (E.D. Ark. June 16, 2014), *aff'd sub nom. Day v. Celadon*
3  *Trucking Servs., Inc.,* 827 F.3d 817 (8th Cir. 2016) ("This Court agrees with the Sixth Circuit's
4  reasoning and finds that WARN Act damages are restitutionary in nature."); *Morris v. Moon Ridge*
5  *Foods, LLC*, No. 18-CV-03219-SRB, 2019 WL 7593902, at *2 (W.D. Mo. Aug. 14, 2019) ("The
6  Court finds that for Seventh Amendment purposes a WARN Act claim is more comparable to an
7  action for breach of an employer's fiduciary duty and that the remedies available under the WARN
8  Act are equitable in nature.").

### C. The Ninth Circuit's Precedent Aligns with the Fifth and Sixth Circuits' Holdings That Plaintiff Adler is Not Entitled to a Jury Trial under the Federal WARN Act.

The Ninth Circuit Court of Appeals has not yet addressed whether the remedies provided under the WARN Act are equitable or legal in nature. However, the Ninth Circuit has applied the Supreme Court's two-part test to claims for benefits brought under the Employee Retirement Income Security Act ("ERISA"), a remedy available under the WARN Act, and found "that the remedies available to a participant or beneficiary under ERISA are equitable in nature and the Seventh Amendment does not require that a jury trial be afforded for claims made by participants or beneficiaries." *Thomas v. Oregon Fruit Prods. Co.*, 228 F.3d 991, 997 (9th Cir. 2000); *see also* 29 U.S.C.A. § 2104(a)(1)(B) (noting that employers are liable under the WARN Act to aggrieved employees for "benefits under an employee benefit plan" under ERISA). The Ninth Circuit also has held that claims for back pay under certain federal employment statutes, including Title VII and the Americans with Disabilities Act, over which the court retains discretionary authority, are equitable in nature. *See Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1069 (9th Cir. 2005) ("[W]e hold that there is no right to have a jury determine the appropriate amount of back pay under Title VII, and thus the ADA, even after the Civil Rights Act of 1991. Instead, back pay remains an equitable remedy to be awarded by the district court in its discretion.") (citing *Albemarle Paper Co.*, 422 U.S. 405, 415–16 (1975)).

/ / /

As previously noted, most courts have adopted *Bledsoe*'s reasoning. However, in *Carlberg v. Guam Industrial Services*, the U.S. District of Guam declined to follow *Bledsoe* in part due to the *Carlberg* court's characterization of the WARN Act's remedies as "[c]ompensatory damages . . . a classic legal remedy[.]" *Carlberg v. Guam Indus. Servs.*, No. CV 14-00002, 2017 WL 4381667, at *7 (D. Guam Sept. 30, 2017) (citing *Loc. Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1159 (9th Cir. 2001). "*Carlberg* purports to base its conclusions on Ninth Circuit WARN Act precedent[.]" *Kane*, 2023 WL 5499994, at *4 (D. Haw. Aug. 25, 2023). However, as the district court in *Kane* noted, "despite characterizing the WARN Act as 'compensatory,' [the Ninth Circuit's opinion in] *Las Vegas Sands* described the back-pay remedy as 'traditionally [ ] understood to mean a sum equal to what [workers] normally would have earned had the violation not occurred' —in other words, a restitutionary measure." *Id.* at *6 (quoting *Las Vegas Sands, Inc.*, 244 F.3d at 1159). Put differently, the WARN Act's structure for damages is distinguishable from traditional compensatory damages because the WARN Act does *not* require proof of specific, individualized harm. Rather, it ties damages to a fixed notice period of 60 days. The *Kane* court further refuted the *Carlberg* court's citation of cases that had permitted jury trials for WARN Act claims, finding such case law as non-precedential, with the decisions reflecting "'unstated assumptions on non-litigated issues'" or having a more limited analysis than that of *Bledsoe*. *Id.* at 7 (quoting *Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir. 1985)).

Although the Ninth Circuit has not yet addressed the right to jury on a claim brought under the WARN Act, the appellate court's review and conclusions regarding similar remedies are in accord with the findings of the majority of courts that have considered the issue, as the district court concluded in *Kane*.

**D. Plaintiff is Not Entitled to a Jury Trial Under Cal-WARN.**

As with the federal WARN Act, Cal-WARN does not expressly allow for a right to a jury trial. While the "right to a jury trial is guaranteed by" the California Constitution, "the right so guaranteed, however, is the right as it existed at common law in 1850, when the [state] Constitution

was first adopted." *C & K Eng'g Contractors v. Amber Steel Co.*, 587 P.2d 1136, 1139 (Cal. 1978) (citing *People v. One 1941 Chevrolet* Coupe, 231 P.2d 832, 835 (Cal. 1951). Like under federal law, "[a]s a general proposition, '[t]he jury trial is a matter of right in a civil action at law, but not in equity.'" *Id.* (quoting *Southern Pac. Transportation Co. v. Superior Court*, 129 Cal.Rptr. 912 (Cal. App. 1976); *ZF Micro Sols., Inc. v. TAT Cap. Partners, Ltd.*, 2022 WL 4090879, at *2 (Cal. Ct. App. Aug. 8, 2022). In other words, "the California Constitution affords a right to a jury trial in common law actions at law that were triable by a jury in 1850, but not in suits in equity that were not triable by a jury in 1850." *Nationwide Biweekly Admin., Inc. v. Superior Ct.,* 462 P.3d 461, 480 (Cal. 2020).

Accordingly, when determining whether a right to a jury trial exists under California law, California courts must consider whether the "gist of the action" is legal or equitable in nature. *C & K Eng'g Contractors,* 587 P.2d at 1137; *see also Jogani v. Superior Ct.,* 81 Cal. Rptr. 3d 503, 509 (Cal. App. 2008) ("*C & K Engineering*'s references to the 'gist' of the action merely express the rule that '[i]n classifying a given action as legal or equitable, the court looks to its substance, viz., the nature of the rights at issue and the remedy sought. The label attached to a complaint or cause of action does not control.'") (quoting *Benach v. County of Los Angeles*, 57 Cal.Rptr.3d 363 (Cal. App. 2007)). Therefore, the "foremost consideration" for courts is whether the "*remedies sought through an enforcement action under the Act are equitable in nature.*" *DiPirro v. Bondo Corp.*, 62 Cal. Rptr. 3d 722, 745 (Cal. App. 2007), *as modified* (Aug. 8, 2007).

Here, as explained *supra*, a claim under the WARN Act is analogous to a breach of fiduciary duty claim, and California courts have recognized breach of fiduciary duty claims as purely equitable actions. *See Cent. Laborers' Pension Fund v. McAfee, Inc.,* 225 Cal. Rptr. 3d 249, 296 (Cal. App. 2017) ("The court observed that '[t]rust relationships are premised on equitable principles'") (quoting *Interactive Multimedia Artists, Inc. v. Superior Court,* 73 Cal.Rptr.2d 462, 468 (Cal. App. 1998)). Similarly, when evaluating other statutory remedies that are equitable in nature, California courts have determined that there is no right to a jury trial. *See, e.g., Nationwide Biweekly Administration, Inc. v. Superior Court*, 9 Cal.5th 279, 297-305 (2020) (characterizing

1  relief under Business and Professions Code § 17200 as equitable in nature and thus 17200 claims
2  are "to be tried by the court rather than by a jury."); *LaFace v. Ralphs Grocery Co.*, 75 Cal.App.5th
3  388, 402 (2022) (concluding that there is no right to a jury trial under the California Private
4  Attorneys General Act in part due to the "equitable nature of the penalties permitted by PAGA").

For the same reasons that Plaintiff Adler is not entitled to a right to a jury trial under the federal WARN Act, he similarly has no right to a jury trial for his claim under Cal-WARN because of its equitable nature.

### IV.   CONCLUSION

For the foregoing reasons, the Court should order that the trial set for September 17, 2025, go forward before the Court, and not a jury.

Dated: July 14, 2025

MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Eric Meckley*
    Eric Meckley
    Brian D. Berry
    Ashlee N. Cherry

    Attorneys for Defendant
    X CORP. f/k/a TWITTER, INC.