SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
BRADLEY MANEWITH
(*pro hac vice*)
(bmanewith@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:   (617) 994-5800
Facsimile:   (617) 994-5801

*Attorneys for Plaintiff Eitan Adler,
on behalf of himself and all others
similarly situated*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EITAN ADLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC., and X CORP.<br><br>Defendants. | Case No. 3:23-cv-01788-JD<br><br>**MOTION FOR SHORTENING OF TIME TO HEAR PLAINTIFF'S MOTION FOR ORDER COMPELLING ELON MUSK TO APPEAR AND TESTIFY AT TRIAL; MOTION FOR ORDER COMPELLING ELON MUSK TO APPEAR AND TESTIFY AT TRIAL** |

1
MOTION FOR SHORTENING OF TIME TO HEAR PLAINTIFF'S MOTION FOR ORDER COMPELLING
ELON MUSK TO APPEAR AND TESTIFY AT TRIAL; MOTION FOR ORDER COMPELLING ELON MUSK
TO APPEAR AND TESTIFY AT TRIAL

**MOTION TO SHORTEN TIME**

Plaintiff moves this Court in compliance with Civil L.R. 6-3 for an Order allowing a shortening of time for Plaintiff's Motion for Order Compelling Elon Musk to Appear and Testify at Trial. Good cause exists for shortening this time period as the issue will become moot if it is not decided promptly. Moreover, the parties will be appearing later this month at the hearing for Twitter's motion for summary judgment, so it would make sense for this motion to be argued at the same time (given that the trial is set for September 17, 2025).[1]

In support of this request, Plaintiff states the following. On August 5, 2025, counsel for Twitter, Inc. and X Corp. ("Twitter") represented to Plaintiff (in response to counsel's inquiry) that Twitter will not be producing Elon Musk to testify at the upcoming trial. *See* Declaration of Shannon Liss-Riordan ("Liss Riordan Decl.") ¶ 2. On August 7, 2025, Plaintiff's counsel asked if Twitter's counsel would accept a subpoena for Elon Musk to appear at trial. *Id.* ¶ 3. Plaintiff's counsel further indicated that, unless Twitter's counsel agreed to do so, Plaintiff intended to file immediately a motion to compel Mr. Musk's appearance, which could be heard together with Twitter's summary judgment motion. *Id.* ¶ 4. Twitter's counsel replied that they are not authorized to accept a trial subpoena for Mr. Musk in this matter. *Id.* ¶ 5. Because trial is next month and time is of the essence (and because Twitter has stated that it will not produce Mr. Musk for trial), Plaintiff requests that his motion to compel Mr. Musk to appear and testify at trial be heard on an expedited basis.

Civil L.R. 7-3(a) requires that motions must be filed, served, and noticed on the motion calendar not less than 35 days after filing of the motion. Because trial is scheduled for September 17, 2025, adopting the typical timeline for a response, reply, and a hearing would result in a decision being rendered on this important issue shortly before trial, which may prejudice the parties' ability to adequately prepare. Indeed, this motion is akin to a motion in limine, which would typically be heard on an expedited basis prior to trial.

---

[1] The summary judgment hearing is currently scheduled for August 21, 2025, but the parties are requesting that it be rescheduled for a date after that in August.

The requested time modification will permit the Court to issue a ruling in sufficient time to allow Mr. Musk to arrange to attend the trial (if the Court grants the motion) (or alternatively for Plaintiff to take his trial deposition, if the Court does not grant the motion). The requested time modification will also promote efficiency, because the Court can conduct a hearing on Twitter's motion for summary judgement and this motion together.

### MOTION FOR ORDER COMPELLING ELON MUSK TO APPEAR AND TESTIFY AT TRIAL

Twitter has represented to Plaintiff that it will not be producing Elon Musk to testify at trial. Because Mr. Musk is a corporate officer of Twitter (who personally facilitated and oversaw the mass layoffs that resulted in Plaintiff's termination in November 2022 – and indeed made the decision to terminate Plaintiff), Mr. Musk is effectively a party to this litigation (even though he is not named individually as a defendant). Accordingly, Federal Rule of Civil Procedure 45's subpoena requirement (for nonparty witnesses) does not apply to Mr. Musk, and the Court may compel him to appear and testify at trial. *See Fausto v. Credigy Servs. Corp.*, 2009 WL 701012, at *1 (N.D. Cal. Mar. 11, 2009) ("In this case, Williams is a party to this litigation, as he is a corporate officer of Credigy Solutions, Inc. . . . . Thus, the Court finds that the subpoena requirement of Rule 45 does not apply to Williams."); *Cadent Ltd. V. 3M Unitek Corp.*, 232 F.R.D. 625, 628 n.1 (C.D. Cal. 2005) (recognizing "[i]t is not necessary to subpoena" an officer of a party corporation).

As Plaintiff explained in his letter brief requesting that the Court compel Mr. Musk to be deposed (Dkt. No. 45), it is clear from discovery (and publicly available information) that Mr. Musk has firsthand knowledge of the relevant facts that underlie the claim at issue in this case.[2] Following his purchase of Twitter in October 2022, Mr. Musk was immediately focused on cutting the company's expenses and ultimately reduced the company's headcount by more than 75%. Twitter used several means to lay off its workers, including traditional acknowledged layoffs and what Plaintiff contends were pretextual terminations (including his own) that were fashioned as "for cause." A number of those pretextual terminations were the result of Mr. Musk ordering the dismissal of all employees who were "disloyal" to him. Plaintiff contends that Mr. Musk ordered these terminations as part of the mass layoffs that he implemented at Twitter shortly after purchasing the company—and thus those employees should have received

---

[2] Plaintiff's counsel did ultimately depose Mr. Musk, though not through an order by this Court.

4
MOTION FOR SHORTENING OF TIME TO HEAR PLAINTIFF'S MOTION FOR ORDER COMPELLING ELON MUSK TO APPEAR AND TESTIFY AT TRIAL; MOTION FOR ORDER COMPELLING ELON MUSK TO APPEAR AND TESTIFY AT TRIAL

WARN Act notice[3] – while Twitter contends that these terminations were "for cause" and thus exempt from the WARN Act.[4]

Mr. Musk played a direct and crucial role in setting and implementing the Company's policies and strategies regarding cost-cutting and employee layoffs and terminations following his acquisition of Twitter. Thus, Mr. Musk clearly has first-hand knowledge of the relevant facts that underlie the claims at issue in this case. The importance of live trial testimony from key decisionmakers "cannot be forgotten." *See* Fed. R. Civ. P. 43(a), Advisory Committee Notes to the 1996 Amendments (describing the importance of the ceremony of trial in compelling "truthtelling").

Twitter cannot hide behind the "apex doctrine" to insulate Mr. Musk from testifying at trial. The apex doctrine (which usually applies to *depositions*), requires the Court to consider: (1) whether the individual whose testimony is sought " has unique first-hand, non-repetitive knowledge of the facts at issue in the case"; and (2) whether the party seeking testimony " has exhausted other less intrusive discovery methods." *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (footnotes and citations omitted). That said, a party seeking testimony need not prove conclusively that an apex witness definitely has unique knowledge, rather, where a witness "may have *any* first-hand knowledge of relevant facts, the deposition [or testimony] should be allowed." *Hunt v. Cont'l Cas. Co.*, 2015 WL 1518067, at *2 (N.D. Cal. Apr. 3, 2015) (emphasis in original) (citations omitted); *Opperman v. Path, Inc.*, 2015 WL 5852962, at *1 (N.D. Cal. Oct. 8, 2015) ("[W]hen an apex witness has personal knowledge of fact relevant to the lawsuit—even if that witness is a corporate president or CEO—she is subject

---

[3]    The federal Worker Adjustment and Retraining Notification Act (the "WARN Act") and, for employees who worked out of California, the California WARN Act, require 60 days advance written notice of mass layoffs.

[4]    As described in Plaintiff's opposition to Twitter's motion for summary judgment, the fact that a termination is "for cause" is not a defense to liability under the California WARN Act. Dkt. No. 111 at 9–10.

to a deposition."). Likewise, a party is not required to completely exhaust all other potential methods of discovery before seeking this testimony. *Hunt*, 2015 WL 1518067, at *2.[5]

As noted above, Mr. Musk, who personally oversaw the mass layoff process, including the decision to terminate Plaintiff, clearly has firsthand knowledge of the facts of this case that cannot be replicated. As Plaintiff explained in his opposition to Twitter's motion for summary judgment, Twitter claims that Plaintiff was terminated "for cause" after making a short post on Twitter's "social water cooler" Slack channel that was clearly a harmless joke (though that Twitter incredulously claims posed a security risk). *See* Dkt. No. 111 at 14–15. But, as Plaintiff intends to show at trial, Elon Musk himself frequently made "jokes" online and in communications to employees (including jokes that disparaged Twitter and its employees). Mr. Musk is thus a crucial witness in this case. And Plaintiff would like to question Mr. Musk himself, before the finder of fact, regarding what online speech constituted a fireable offense at Twitter (particularly after Mr. Musk very publicly bought Twitter for the asserted reason of promoting free speech).

Moreover, Mr. Musk's testimony cannot be replicated by other witnesses. During their depositions, witnesses James Musk, Andrew Musk, Steve Davis, and Ross Nordeen generally

---

[5] For example, in *Apple*, 282 F.R.D. at 264–65, the court granted plaintiff's motion to compel the deposition of defendant's chief executive officer because there was evidence that he was at the head of defendant's strategic decisions and policies which formed the basis of plaintiff's claims. Similarly, in *Opperman*, 2015 WL 5852962, at *2, the court granted plaintiff's motion to compel defendant's chief executive officer because he had personal knowledge of relevant facts, and a reasonable inference could be drawn that he personally participated in the decisions at issue in the case. *See also Boston Retirement Sys. v. Uber Techs., Inc.*, 2023 WL 6132961, at *2–3 (N.D. Cal. Sept. 19, 2023) (ordering depositions of sixteen apex witnesses including the defendant's CEO and chairman of the board of directors); *In re Apple iPhone Antitrust Litig.*, 2021 WL 485709, at *3–4 (N.D. Cal. Jan. 26, 2021) (granting a seven-hour deposition of Apple's CEO); *LivePerson, Inc. v. [24]7.AI, Inc.*, 2018 WL 1319424, at *2 (N.D. Cal. Mar. 14, 2018) (finding deposition of former CFO was appropriate because he had first-hand knowledge of the company's financial analysis and strategy); *Finisar Corp. v. Nistica Corp.*, 2015 WL 3988132, at *2-3 (N.D. Cal. Jun. 30, 2015) (granting deposition of defendant's CEO because he had first-hand knowledge of relevant facts and other witnesses were unable to testify about asked topics); *Hunt*, 2015 WL 1518067, at *2–3 (ordering deposition of chairman and CEO because he may have first-hand knowledge of relevant facts as a percipient witness).

denied knowledge concerning the layoffs and specifically could not answer: (1) whether Elon Musk had plans prior to the closing of the acquisition to lay off employees; (2) the intended size or scope of any layoffs; (3) who made the ultimate decision on which employees to terminate or how the final determination was made (whether as part of an acknowledged RIF or for alleged cause due to supposed insubordination or poor performance); and (4) whether terminated employees were offered severance.  While James Musk is expected to testify that he was involved in the review of which employees to terminate when Plaintiff was terminated, those recommendations were made to Elon Musk, who had ultimate authority, and thus it is Elon Musk who Plaintiff wishes to question at trial.

In short Mr. Musk is a percipient witness, with firsthand, non-redundant knowledge of the relevant facts. To ensure a fair, informed trial, he should be compelled to testify.

Respectfully submitted,

EITAN ADLER,

By his attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
Bradley Manewith (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com; bmanewith@llrlaw.com

Dated:         August 7, 2025

**CERTIFICATE OF SERVICE**

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of this document was served on counsel for Defendants via the CM/ECF system on August 7, 2025.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan