MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Defendant
X CORP. f/k/a TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EITAN ADLER,<br><br>                  Plaintiff,<br><br>        vs.<br><br>TWITTER, INC. and X CORP.,<br><br>                  Defendants. | Case No. 3:23-cv-01788-JD<br><br>**DEFENDANT X CORP.'S OPPOSITION TO MOTION FOR SHORTENING OF TIME TO HEAR PLAINTIFF'S MOTION FOR ORDER COMPELLING ELON MUSK TO APPEAR AND TESTIFY AT TRIAL** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S OPP. TO MOTION FOR
ORDER SHORTENING TIME
Case No. 3:23-cv-01788-JD

I. **INTRODUCTION**

The Court should deny Plaintiff Eitan Adler's Motion for Shortening of Time to Hear Plaintiff's Motion for Order Compelling Elon Musk to Appear and Testify at Trial ("Motion to Shorten Time").

Plaintiff made no pre-filing effort to meet and confer with Defendant regarding an expedited briefing and hearing schedule, in violation of Civil Local Rule 6-3(a)(2). On August 7, 2025, Plaintiff asked Defendant if it would produce Elon Musk at trial, stating he would file a motion to compel if Defendant did not so. Plaintiff then filed his Motion to Shorten Time later the same day without ever mentioning an expedited briefing or hearing schedule on the Motion to Compel. The Court should deny the Motion to Shorten Time for that reason alone.

The Court should also deny the Motion to Shorten Time on the merits because there is no risk of substantial harm or prejudice to Plaintiff absent shortened time. Plaintiff argues that his Motion to Compel must be heard on shortened time given the September 17, 2025 trial date. However, under the Local Rules, Plaintiff's Motion will be heard on September 11, 2025—the same date as the Parties' pre-trial conference. *See* L.R. 7-2(a); *see also* ECF No. 106. Plaintiff's Motion to Compel will therefore be heard in advance of trial, and Plaintiff will not suffer any prejudice or substantial harm. The only party that stands to suffer any prejudice from Plaintiff's proposal is Defendant. Indeed, the Motion to Shorten Time requests that the Court hear Plaintiff's underlying Motion to Compel on August 21, 2025 (i.e., on the hearing date for Defendant's Motion for Summary Judgment).[1] But August 21, 2025 is the deadline for Defendant to oppose Plaintiff's Motion to Compel under Local Rule 7-3. Plaintiff does not propose an expedited briefing schedule in his Motion to Shorten Time. Thus, Plaintiff apparently seeks to deprive Defendant of the ability to oppose his Motion to Compel entirely, which is an obvious due process violation.

Briefing on Plaintiff's Motion to Compel should be scheduled in accordance with Civil Local Rule 7-3, and the Court should hear Plaintiff's Motion to Compel on September 11, 2025, the same date as the Parties' pre-trial conference.

---

[1] The Parties have stipulated to continue the hearing date on Defendant's Motion for Summary Judgment to August 22, 25, or 27, at Plaintiff's request. *See* ECF No. 116. As of the date of this Opposition, the Court has not entered an Order on the Parties' stipulation.

## II. ARGUMENT

Setting aside the deficiencies in Plaintiff's underlying Motion to Compel (which will be addressed in full in Defendant's forthcoming Opposition), the Court should deny Plaintiff's Motion to Shorten Time because (1) Plaintiff never made any effort to meet and confer with Defendant to obtain a stipulation, in violation of Civil Local Rule 6-3(a)(2); and (2) Plaintiff has not articulated any risk of substantial harm or prejudice that he would incur if the Court did not shorten time, in violation of Civil Local Rule 6-3(a)(3).

### 1. Plaintiff Made No Effort to Meet and Confer with Defendant Regarding a Briefing Schedule, in Violation of Local Rule 6-3(a)(2).

Local Rule 6-3 requires counsel to meet and confer *before* asking the Court to shorten time. *See* L.R. 6-3(a)(2) (requiring a supporting declaration that "[d]escribes the efforts the party has made to obtain a stipulation to the time change"). Here, Plaintiff made no effort whatsoever to satisfy this basic procedural requirement. Instead, on Thursday, August 7, 2025, Plaintiff asked Defendant whether it would produce Elon Musk to testify at trial and represented that if it would not, Plaintiff intended to file a motion to compel. *See* ECF No. 117-1, ¶¶ 3-4. In this same correspondence, Plaintiff noted that his Motion to Compel "could" be heard on the same day as Defendant's Motion for Summary Judgment. *Id.* at ¶ 4. That same day, Defendant informed Plaintiff that it was not authorized to accept a trial subpoena for Mr. Musk. *Id.* at ¶ 5. Plaintiff then filed his Motion to Shorten Time later the same day—August 7. Because Plaintiff made no attempt to confer with Defendant regarding a hearing date on his Motion to Compel or an expedited briefing schedule, the Motion to Shorten time violates Civil Local Rule 6-3. The Court should deny the Motion accordingly.

### 2. Plaintiffs Failed to Articulate Any Substantial Harm or Prejudice that Would Occur Absent Shortened Time, as Required Under Local Rule 6-3(a)(3).

In his Motion, Plaintiff argues that "[g]ood cause exists for shortening this time period as the issue will become moot if it is not decided promptly." ECF No. 117 at 2. That is not true. If his Motion to Compel proceeds on the regular schedule, it may be heard on September 11, 2025— the same date as the Parties' pre-trial conference. *See* ECF No. 106. Plaintiff's Motion to Compel

1  will therefore be decided in advance of the September 17, 2025 trial date, which negates the putative
2  basis for expediting the hearing.

3  Plaintiff also argues that "it would make sense for [the Motion to Compel] to be argued at
4  the same time" as Defendant's Motion for Summary Judgment. ECF No. 117 at 2. Not so.
5  Defendant's Motion for Summary Judgment is currently set to be heard on August 21, 2025—the
6  deadline for Defendant to file its Opposition to the underlying Motion to Compel. Thus, if
7  Plaintiff's Motion to Compel is heard on August 21, 2025, Defendant will suffer significant
8  prejudice because it will either be deprived of an opportunity to oppose Plaintiff's Motion to
9  Compel entirely or be deprived of an adequate opportunity to do so.

10  Finally, Plaintiff argues that "[t]he requested time modification will permit the Court to
11  issue a ruling in sufficient time to allow Mr. Musk to arrange to attend the trial (if the Court grants
12  the motion) (or alternatively for Plaintiff to take his trial deposition, if the Court does not grant the
13  motion)." ECF No. 117 at 3. Both rationales fail. As to the former, arranging Mr. Musk's schedule
14  is not a legitimate basis to have Plaintiff's Motion to Compel heard on shortened time. As to the
15  latter, Plaintiff conveniently omits that he has already taken Mr. Musk's deposition and has
16  questioned him on issues relating to this case. Pursuant to the Parties' discovery-sharing agreement,
17  Plaintiff cannot depose Mr. Musk again absent a showing of extraordinary circumstances, which
18  Plaintiff cannot show and has not shown here. Declaration of Brian D. Berry, ¶¶ 2-3; ECF No. 47,
19  ¶ 12.4. Thus, Plaintiff's purported justifications do not support an order shortening time on the
20  Motion to Compel.

21  Because Plaintiff cannot show any substantial harm or prejudice absent an order shortening
22  time, his Motion should be denied.

23  **III.   CONCLUSION**

24  For the foregoing reasons, the Court should deny Plaintiff's Motion to Shorten Time, set a
25  hearing date of September 11, 2025 (i.e., the date of the pre-trial conference), and allow the parties
26  to brief the motion on the regular cadence set by Local Rule 7-3 (i.e., 14 days for Opposition and 7
27  days for Reply).

28

MORGAN, LEWIS &  
BOCKIUS LLP  
ATTORNEYS AT LAW  
SAN FRANCISCO

-3-

DEFENDANT'S OPP. TO MOTION FOR  
ORDER SHORTENING TIME  
Case No. 3:23-cv-01788-JD

Dated: August 11, 2025  MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Brian D. Berry*
Eric Meckley
Brian D. Berry
Ashlee Cherry
Attorneys for Defendant
X CORP. f/k/a TWITTER, INC.