# EXHIBIT 6

Page 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

EITAN ADLER, on behalf of himself
and all other similarly situated,

Plaintiff,

vs.                          Case No.:  3:23-cv-01788-JD

TWITTER, INC., and X CORP.,

Defendants.
------------------------------------/

CONFIDENTIAL
30(b)(6)
VIDEO-RECORDED DEPOSITION OF LAUREN WEGMAN
TAKEN WEDNESDAY, APRIL 17, 2024
SAN FRANCISCO, CALIFORNIA

MAGNA LEGAL SERVICES
(866) 624-6221
www.MagnaLS.com

Reported by Lorrie L. Marchant, CSR No. 10523
RMR, CRR, CCRR, CLR

Job No. 1130902



```
                                                              Page 2
 1            UNITED STATES DISTRICT COURT
 2            NORTHERN DISTRICT OF CALIFORNIA
 3               SAN FRANCISCO DIVISION
 4
 5  EITAN ADLER, on behalf of himself
    and all other similarly situated,
 6
                  Plaintiff,
 7
    vs.                              Case No.:  3:23-cv-01788-JD
 8
    TWITTER, INC., and X CORP.,
 9
                  Defendants.
10  ------------------------------------/
11
12
13         Video-recorded deposition of LAUREN
14  WEGMAN, taken on behalf of the Plaintiff, at 10:08
15  a.m. PDT, Wednesday, April 17, 2024, at Morgan Lewis
16  & Bockius, LLP, 1 Market Street, Spear Street Tower,
17  28th Floor, San Francisco, California, before Lorrie
18  L. Marchant, CSR No. 10523, RMR, CRR, CCRR, CLR,
19  pursuant to Notice.
20
21
22
23
24
25
```



```
                                                              Page 3
 1                      APPEARANCES OF COUNSEL
 2
 3   FOR PLAINTIFF:
 4          LICHTEN & LISS-RIORDAN, P.C.
            BY:  SHANNON LISS-RIORDAN, ESQ.
 5               BRADLEY MANEWITH, ESQ. (via Zoom)
            729 Boylston Street, Suite 2000
 6          Boston, MA 02116
            (617) 994-5800
 7          sliss@llrlaw.com
 8   FOR DEFENDANTS:
 9          QUINN EMANUEL URQUHART & SULLIVAN, LLP
            BY:  VICKI PARKER, ESQ.
10          50 California Street, 22nd Floor
            San Francisco, Ca 94111
11          (415) 875-6503
            vickiparker@quinnemanuel.com
12   and
            MORGAN LEWIS & BOCKIUS, LLP
13          BY:  BRIAN D. BERRY, ESQ.
            One Market, Spear Street Tower
14          San Francisco, CA 94105
            (415) 442-1176
15          brian.berry@morganlewis.com
16   ALSO PRESENT:
17          Adam Mehes, Twitter in-house counsel
18          Mary Hansbury, Twitter in-house counsel
19          Frank Quirarte, Videographer
20                        ---oOo---
21
22
23
24
25
```



```
                                                          Page 4
 1                       I N D E X
 2                   INDEX OF EXAMINATION
 3   EXAMINATION BY                                          PAGE
 4    MS. LISS-RIORDAN                                          6
 5                        ---oOo---
 6     INDEX OF EXHIBITS MARKED FOR IDENTIFICATION
 7    EXHIBIT         DESCRIPTION                            PAGE
 8    Exhibit 1       Notice of Deposition                      8
 9    Exhibit 2       Slack conversation                       39
                      (X-ARBS_000055206 -
10                    X-ARBS_000055208)
11    Exhibit 3       Direct messages between Katie           76
                      Marcotte and Ross Nordeen on
12                    2022-11-15 (X_ARBS_LLR_000000347
                      - X_ARBS_LLR_000000352)
13
      Exhibit 4       Appendix 1                              124
14                    (LLR_TWITTER_GEN000251 -
                      LLR_TWITTER_GEN000254)
15
16                        ---oOo---
17   QUESTIONS THE WITNESS WAS INSTRUCTED NOT TO ANSWER:
18               Page              Line
19                51                25
                  88                12
20
21                        ---oOo---
22
23
24
25
```



Page 5

```
 1                SAN FRANCISCO, CALIFORNIA
 2                WEDNESDAY, APRIL 17, 2024
 3           THE VIDEOGRAPHER:  Good morning, ladies and
 4   gentlemen.  We're on video record.  The time is
 5   approximately 10:07 a.m.  This is the beginning of
 6   Media No. 1 in the deposition of Lauren Wegman.
 7   It's in the matter of Eitan Adler, et al., versus
 8   Twitter, Inc., and X Corp.  Being held in the
 9   United States District Court for the Northern
10   District of California, San Francisco Division.
11           Today's date is April 17, 2024.
12           This deposition is taking place at
13   One Market Plaza, Spear Street Tower in
14   San Francisco, California.
15           My name is Frank Quirarte.  I'm your legal
16   video specialist today from Magna Legal Services.
17   And our court reporter is Lorrie Marchant also in
18   association with Magna Legal Services.
19           At this time will counsel and all present
20   please identify yourselves for the record?
21           MS. LISS-RIORDAN:  Good morning.  I'm
22   Shannon Liss-Riordan.  With me is Bradley Manewith
23   who is observing on Zoom.  We're from Lichten &
24   Liss-Riordan, and we represent the plaintiff in this
25   matter.
```



Page 6

1        MS. PARKER:  Vicki Parker of Quinn Emanuel
2   on behalf of respondents.
3        MR. BERRY:  Brian Berry from Morgan Lewis,
4   also on behalf of respondents and defendants.
5        MS. HANSBURY:  Mary Hansbury for X Corp.
6        THE VIDEOGRAPHER:  Madam Court Reporter,
7   will you please swear in the witness?
8                    LAUREN WEGMAN,
9    FIRST DULY SWORN/AFFIRMED, TESTIFIED AS FOLLOWS:
10            EXAMINATION BY MS. LISS-RIORDAN
11        BY MS. LISS-RIORDAN:
12   Q.    Good morning, Ms. Wegman.
13   A.    Good morning.
14   Q.    My name is Shannon Liss-Riordan.  I'm going
15   to be asking you questions today, first about the
16   matter of Eitan Adler versus Twitter and X Corp. and
17   then later today in your personal capacity.
18        Do you understand that you've been
19   designated by X as a person with knowledge to answer
20   questions regarding the Adler versus Twitter case?
21   A.    Yes.
22   Q.    All right.  And let me start by asking you
23   to state your name for the record, please.
24   A.    Lauren Wegman.
25   Q.    And where do you reside, Ms. Wegman, not



```
                                                         Page 65
1      Q.   All right.  Who made those decisions?
2      A.   Again, I -- it would be an individual.  I'd
3  have to -- I'd have to -- I'd have to take a look at
4  their individual cases to be able to understand what
5  each is about.
6      Q.   Was there some group of people who were
7  looking at employees and determining who should be
8  terminated for cause?
9      A.   Can you rephrase that?
10     Q.   Is there some person or group of people who
11 were tasked with making decisions about employees
12 who would be terminated for cause in November or
13 December of 2022 and thus did not receive WARN Act
14 notice?
15          MS. PARKER:  I'll object as outside the
16 scope to the extent it's asking about who made
17 decisions regarding terminations for cause.
18          THE WITNESS:  I don't know who made
19 decisions regarding termination for cause.
20          BY MS. LISS-RIORDAN:
21     Q.   Okay.  Well, let's talk about Eitan Adler
22 who's the named plaintiff in this case.
23          Are you familiar with him in any way?
24     A.   Not -- no.
25     Q.   Are you aware of whether he was terminated
```



```
 1   by Twitter?
 2        A.   He was terminated.
 3        Q.   Who made the decision to terminate him?
 4        A.   I don't have that information.
 5        Q.   Why was he terminated?
 6        A.   He was terminated for cause.
 7        Q.   Why?
 8        A.   I would have to look at his record to
 9   verify, but I believe it was misconduct.
10        Q.   What was his misconduct?
11             MS. PARKER:  Objection.  This is all
12   outside the scope of the 30(b)(6).
13             THE WITNESS:  I'm -- I'm not -- I'm not
14   sure.
15             BY MS. LISS-RIORDAN:
16        Q.   All right.  So, again, Topic No. 2 on
17   Schedule A is (as read):
18             "Defendants' decisions regarding
19             which Twitter employees would not be
20             provided notice, or pay in lieu of
21             notice, under the WARN Act."
22             So I think the decision about -- regarding
23   Eitan Adler, the named plaintiff in this case, the
24   decision not to provide him notice under the
25   WARN Act squarely falls within this topic.
```



```
                                                              Page 84
 1   of the topics and calls for speculation just sitting
 2   here.
 3            THE WITNESS:  I -- I would need to -- I
 4   would need to take a look at our internal documents.
 5   I don't know off the top of my head.
 6            BY MS. LISS-RIORDAN:
 7       Q.   What was the last layoff at Twitter or X
 8   when employees received X notice -- I'm sorry, when
 9   employees received WARN notice?
10       A.   I don't -- I don't recall off the top of my
11   head.
12       Q.   Did Eitan Adler receive WARN Act notice?
13            MS. PARKER:  Objection.
14            Again, this is not a memory test.  If you
15   have a document that you want to ask her about, you
16   can do that.
17            THE WITNESS:  Can you please repeat the
18   question?
19            (Record read as follows:  "Did Eitan Adler
20             receive WARN Act notice?")
21            THE WITNESS:  He was a term for cause.  He
22   did not receive WARN notice.
23            BY MS. LISS-RIORDAN:
24       Q.   So when you changed your mind and decided
25   you did want to stay employed with the company after
```



```
                                                       Page 129
 1              STENOGRAPHER'S CERTIFICATE
 2              I, LORRIE L. MARCHANT, Certified Shorthand
 3   Reporter, Certificate No. 10523, for the State of
 4   California, hereby certify that LAUREN WEGMAN  was
 5   by me duly sworn/affirmed to testify to the truth,
 6   the whole truth and nothing but the truth in the
 7   within-entitled cause; that said deposition was
 8   taken at the time and place herein named; that the
 9   deposition is a true record of the witness's
10   testimony as reported to the best of my ability by
11   me, a duly certified shorthand reporter and a
12   disinterested person, and was thereafter transcribed
13   under my direction into typewriting by computer;
14   that request [  ] was [ X ] was not made to read and
15   correct said deposition.
16              I further certify that I am not interested
17   in the outcome of said action, nor connected with,
18   nor related to any of the parties in said action,
19   nor to their respective counsel.
20              IN WITNESS WHEREOF, I have hereunto set my
21   hand this 22nd day of April, 2024
22
23
24        _____LORRIE L. MARCHANT_____
             LORRIE L. MARCHANT, RMR, CRR, CCRR, CRC
25        Stenographic Certified Shorthand Reporter #10523
```

